**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID BAILEY, MARVIN RAY YATES, KEITH COLE, and NICHOLAS DIAZ, individually and on behalf of those similarly situated, Plaintiffs, | § § § § § § | |
| v. | § § | No. 4:14-cv-1698 |
| BRAD LIVINGSTON, in his official capacity, ROBERTO HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Defendants. | § § § § § § § | |

**DEFENDANTS' ORIGINAL ANSWER**
**TO PLAINTIFFS'**
**CLASS ACTION COMPLAINT**

NOW COME Brad Livingston in his Official Capacity as the Executive Director, Robert Herrera in his Official Capacity as the Warden of Pack Unit, and the Texas Department of Criminal Justice and submit the following Answer to Plaintiffs' Class Action Complaint.

## I.       DESCRIPTION OF THE PACK UNIT

The TDCJ established the single-story Pack Unit in 1983 as part of the TDCJ's Region VI located in Navasota, Grimes County, Texas, co-located with the Luther Unit on approximately 7002 acres.[1] The Pack Unit has been accredited by the American Correctional Association since January 2007. It is a Type I geriatric facility with medical capabilities of ambulatory medical, dental, and mental health services with 60 wheelchair accommodated cells and a 12-bed air conditioned infirmary staffed 24 hours a day, seven days a week by University

---

[1] Defendants ask the court to take Judicial notice of the Pack Unit description located on TDCJ's public website at http://www.tdcj.state.tx.us/unit_directory/p1.html.  The facts contained in this paragraph are derived from the cited webpage.

of Texas Medical Branch ("UTMB").  Digital medical services, electronic specialty clinics, chronic care clinics, assisted disability services, and accessible showers are available to the prisoners.  The Pack Unit has a maximum capacity of 1157 offenders plus a 321 offender trusty camp.  Qualified offenders are offered literacy classes, pre-release programs, cognitive intervention counseling, and career and technology programs in construction carpentry, hospitality and tourism.  There is a faith based dormitory, administrative segregation protective custody, and other programs and services.

The evidence will show the Pack Unit consists of three main areas: Main Building, Expansion Dorm and a Trusty Camp. The Education Classroom, Law Library, Medical, Administrative Offices, Administrative Segregation, Trusty Camp Command, Contact and Non-Contact Visitation, and Inmate Barber Shop are conditioned with refrigerated air.  The dorms within the main building have three exhaust fans and one return fresh air fan with windows that open and are covered with wire mesh screens in each of the dorms. The Trusty Camp consists of three single story metal buildings in which each Trusty Camp dorm has five exhaust fans and seasonal louvers that are opened in the summer. Each of these dorms also has windows that can be opened and are secured with wire mesh screens. The Expansion Dorm consists of four dorms inside a two-story building. Dorm nos. 17 and 20 are two stories with seasonal fresh air intake fans, as well as 1 "Big Ass Fan" and seasonal louvers to allow air circulation. Dorms 18 and 19 are two stories with seasonal fresh air intake fans. Both dorms have 2 "Big Ass Fans" and seasonal louvers to allow air circulation. There are windows that are sealed within the expansion dorm but, these windows were provided as a light source and not for ventilation purposes as this building has a very extensive ventilation system that does not require the use of windows.

The Pack Unit does not have refrigerated air conditioning supplied to the dorm areas. The buildings are constructed metal buildings with insulation which reflect the radiant heat and allow a constant airflow within the facility. The radiant heat reflection when combined with insulation, constant airflow and air-changes within the building is a type of "conditioned" air but is not "refrigerated" air.  This type of conditioned air system also could be defined as a type of climate control technology because the space is being "conditioned" with constant air changes.

## II.  GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b) and for the express purpose of requiring Plaintiffs to meet their burden of proof herein, Defendants deny each and every allegation contained in Plaintiffs' Class Action Complaint except those expressly admitted herein.

## III. DEFENDANTS' ANSWER TO
## PLAINTIFFS' CLASS ACTION COMPLAINT

1.      Defendants admit Plaintiffs bring this lawsuit but deny the remainder of the allegations set forth in ¶1 of Plaintiffs' Class Action Complaint.

2.      Defendants admit the TDCJ operates the Pack Unit.  Defendants deny that the Pack Unit is a "medical" prison but admit it is a Type I Geriatric facility.  Defendants deny the remainder of the allegations set forth in ¶2 of Plaintiffs' Class Action Complaint.

3.      Defendants deny the allegations set forth in ¶3 of Plaintiffs' Class Action Complaint.

4.      Defendants admit that they are aware of summer heat conditions and that the TDCJ has policies, procedures, and practices related to summer heat conditions.  Defendants deny the remainder of the allegations set forth in ¶4 of Plaintiffs' Class Action Complaint.

5.      Defendants deny the allegations set forth in paragraph 5 of Plaintiffs' Class Action Complaint and ask the Court to deny the Plaintiffs' requested relief.

## JURISDICTION AND VENUE

6.     Defendants admit that this Court has federal question jurisdiction.  Defendants assert Eleventh Amendment Immunity to all applicable claims.  Defendants deny that the facts and circumstances of this case give rise to the relief requested.

7.     Defendants admit that venue is proper in this Court.

8.     Defendants deny Plaintiff David Bailey is 51 years old, because Bailey is 52 years old. Defendants admit Baily is incarcerated at the Pack Unit. Defendants admit Bailey was convicted of a drug offense. Defendants can neither admit nor deny that Bailey is not expected to be released from custody until 2020 because he has a mandatory eligibility date of May 3, 2020 with a maximum date of December 27, 2040.

9.     Defendants admit that Plaintiff Marvin Ray Yates is 69 years old. Defendants admit that Yates is incarcerated at the Pack Unit. Defendants admit that Yates was convicted of driving while intoxicated.  Defendants can neither admit nor deny that Yates is not expected to be released from custody until 2019 because he has a mandatory eligibility date of May 16, 2019 with a maximum date of October 28, 2033.

10.     Defendants admit that Plaintiff Keith Cole is a 60-year-old prisoner. Defendants admit that Cole is incarcerated at the Pack Unit.  Defendants can neither admit nor deny whether he is not expected to be released from custody.

11.     Defendants admit that Plaintiff Nicholas Diaz is a 26-year-old prisoner incarcerated at the Pack Unit. Defendants admit that Diaz uses a wheelchair. Defendants admit that Diaz was convicted of a drug offense. Defendants can neither admit nor deny that Diaz is expected to be released from custody until 2016 because he has a mandatory eligibility date of September 2, 2016 with a maximum date of June 6, 2022.

- 4 -

12.     Defendants admit that Brad Livingston is the executive director of the TDCJ. Defendants deny that Livingston is the "commanding officer." Defendants admit that under TEX. GOV'T CODE §493.006, the executive director is responsible for the administration and enforcement of all laws relating to the department including rules, implemented by the department; but, the executive director may delegate those responsibilities as permitted by board rule or general law. Defendants admit that Livingston is sued in his official capacity for declaratory and injunctive relief.

13.     Defendants admit Defendant Robert Herrera is the Warden of the Pack Unit. Defendants admit that Plaintiff sues Herrera in his official capacity for declaratory and injunctive relief.

14.     Defendants admit that the TDCJ is an agency of the State of Texas. The TDCJ admits it operates the Pack Unit and receives federal funds.  Defendants deny that the Pack Unit is a public facility. Defendants are unable to admit or deny at this time what programs and services Plaintiffs and other prisoners with disabilities were "otherwise qualified for." Defendants deny all remaining allegations contained in ¶14 of Plaintiffs' Class Action Complaint.

### DEFENDANTS' ANSWERS TO PLAINTIFFS' FACT ALLEGATIONS

15.     Defendants admit that the Pack Unit is a TDCJ prison located in Navasota, Texas, in Grimes County.

16.     Defendants object to the term "minimum custody" as ambiguous, and admit that usually the prisoners assigned to Pack Unit must have a custody level of G-1, G-2, or G-3.

17.     Defendants admit the Pack Unit began operating in September 1983. Defendants admit the Pack Unit has the capacity to house 1,478 inmates. Defendants admit that as of May 31, 2014 the Pack Unit housed a total of 1459 inmates.

18.     Defendants object to the statement that the prison population at Pack Unit is "fluid" but admit that there are some new prisoners who arrive and some who leave.  Similarly, the TDCJ admits that prisoners are transferred among the TDCJ prisons for reasons related to prison management.

19.     Defendants deny that the Pack Unit is a medical facility; it is a Type I Geriatric facility. Defendants admit that the Pack Unit houses some geriatric patients. Defendants admit that the Pack Unit houses some prisoners with disabilities and that it is wheel-chair accessible. Defendants admit that the Pack Unit houses some prisoners with chronic medical problems.

20.     Defendants admit that, as of May 31, 2014, 188 inmates in the Pack Unit were over the age of 65 and that as of May 31, 2014, 717 inmates in the Pack unit were over the age of 50. Defendants, therefore, deny that "over half the men at the Pack Unit or over the age of 50" as of May 31, 2014.

21.     Defendants admit the majority of prisoners at the Pack Unit are housed in inmate dormitories. Defendants deny the remainder of the allegations set forth ¶ 21 of Plaintiff's Class Action Complaint, please see "Pack Unit Description" set forth above.

22.     Defendants deny the allegations contained in ¶22 of Plaintiff's Class Action Complaint.

23.     Defendant Livingston admits ¶23 of Plaintiff's Class Action Complaint.

24.     Defendants admit that the exterior walls are made of metal and are insulated, please see unit description set forth above.  Defendants object to the lack of specific dates and

locations on the unit Plaintiffs allege that the unit's walls were "hot to the touch."  Defendants, lacking sufficient information regarding the place and dates the Plaintiffs' allege the "walls" were hot to their touch, therefore, deny the allegation pending further investigation. Defendants deny the remaining allegations contained in ¶24 of Plaintiff's Class Action Complaint.

25.     Defendants object to the lack of specific dates and locations on the unit where Plaintiffs allege stainless steel tables in the inmate dormitories became hot to the touch such that prisoners have to lay towels on the tables.  Defendants, therefore, deny the allegation pending further investigation.  Defendants deny the remaining allegations contained in ¶25 of Plaintiff's Class Action Complaint.

26.     Defendants object to the lack of specific dates and locations on the unit where Plaintiffs allege their steel bunks are too hot to lie upon.  Defendants, therefore, deny the allegation pending further investigation.  Defendants deny the remaining allegations contained in ¶26 of Plaintiff's Class Action Complaint.

27.     Defendants admit that windows in the expansion dorm are sealed shut, please see unit description set forth above regarding the windows and ventilation of the expansion dorm.

28.     Defendants deny the allegations contained in ¶28 of Plaintiff's Class Action Complaint, please see unit description set forth above.

29.     Defendants object to the lack of specific dates and locations on the unit where Plaintiffs allege "there is little difference between the indoor and outdoor temperatures" and "indoor temperatures actually feel hotter than the outdoor temperatures."  Defendants lack knowledge of offenders' specific perceptions of temperatures.  Defendants, therefore, deny the allegation pending further investigation.  Defendants deny the remaining allegations contained in ¶29 of Plaintiff's Class Action Complaint.

Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

30.     Defendants object to the multiple allegations in this paragraph.   Please see Defendants' unit description set forth above.   Defendants affirmatively state that the prisoners have access to the air conditioned unit infirmary 24 hour per day, 7 days per week. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

31.     Please see Defendants' objection and answer to ¶30 of Plaintiffs' Class Action Complaint.

32.     Defendants admit the Education Classroom, Law Library, Medical, Administrative Offices, Administrative Segregation, Trusty Camp Command, Contact and Non-Contact Visitation, and Inmate Barber Shop receive refrigerated air.

33.     Defendants object to allegations being directed to them that require the specific knowledge and experience of the TDCJ's prisoner medical providers, UTMB and Texas Tech. Defendants admit that there are approximately 150,000 prisoners at the TDCJ system-wide. Defendants admit that there is a limited number of refrigerated air conditioned prisoner beds available system-wide.  After a reasonable inquiry, Defendants lack knowledge and information sufficient to admit or deny that TDCJ's medical providers have testified before the Texas Legislature and, therefore, deny same and urge that these allegations should be stricken as not properly directed to Defendants. Defendants deny the remaining allegations to the extent any of the remaining allegations are properly directed to Defendants in ¶33 of Plaintiff's Class Action Complaint. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

- 8 -

34.     Defendants object to allegations being directed to them that require the specific knowledge and experience of the TDCJ's prisoner medical providers, UTMB and Texas Tech. TDCJ lacks knowledge whether any medical providers have testified with regard to Pack Unit; therefore, this allegation which is not related to the Pack Unit should be stricken. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

35.     Defendants admit that based on the transcript from the deposition in question, Dr. Adams' testimony was as follows:

Q.     So that Utilization Review Committee is, really, performing some sort of triage situation; is that right?

A.     Pretty much. That's a fair description.

Q.     Okay. So you've got - - do you know how many of those triage beds or cells you're talking about?

A.     How many there are?

Q.     Yeah.

A.     Absolutely, four-hundred-and - - well, there were 471 at the time. We now have 481.

Q.     Okay. Well, do you think that's enough to protect the offenders who are susceptible to extreme heat or especially vulnerable to extreme heat?

A.     No, but it's all we have.

Q.     Okay. And I understand that. And what you're telling me, just so I understand, is "Look, this is an impossible situation. We have to evaluate really serious conditions on down and perform almost like a MASH unit would in war to determine who gets these 481 beds," right?

A.     Essentially, yes.

Oral & Videotaped Dep. of Glenda M. Adams, M.D., 272-73, March 7, 2014.

36.     TDCJ lacks knowledge whether the Texas prison systems' medical providers have testified regarding conditions at Pack Unit; therefore, this allegation which is not related to the

Pack Unit should be stricken. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

37.     Defendants deny the allegations contained in ¶ 37 of Plaintiff's Class Action Complaint, please see Defendants' unit description set forth above.

38.     This allegation which is not related to the Pack Unit should be stricken. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.  In other litigation, TDCJ has admitted it "knows of the high temperatures within its prisons and regard[s] it as a potential risk to the health and safety" of prisoners.

39.     In other litigation, Livingston responded "admit" to a request for admission which stated: "You knew in 2011 TDCJ had no written *administrative directive* to address high temperatures in housing areas." (emphasis added)   Defendant Livingston objects the term "administrative directive," (a specific type of policy at TDCJ) being replaced by Plaintiffs with the term "policy."

40.     Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.  Defendants admit that county jails are regulated under a different statute. Defendants deny the remainder of ¶40 of Plaintiff's Class Action Complaint.

41.     The portions of this allegation which are not related to the Pack Unit should be stricken. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.  Please see Defendants' unit description set forth above.  Defendants admit the allegations contained in ¶41 of Plaintiff's Class Action Complaint.

42.     Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶42 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

43.     Defendants deny that Pack Unit is in violation of applicable, mandatory ACA standards regarding air flow, please see Defendants' unit description set forth above.

44.     Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.  Please see Defendants' unit description set forth above: the air is "conditioned," but, not "refrigerated" in the dorm areas of the unit. Defendants deny that the Pack Unit is properly characterized as a building meant for the "public."  Rather, the Pack Unit is a prison which has met or exceeded mandatory ACA accreditation standards for air-flow and ventilation since 2007.  Defendants deny the remainder of the allegation.

45.     Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.  Please see Defendants' unit description set forth above: the air is "conditioned," but, not "refrigerated" in the dorm areas of the unit.  The Pack Unit has met or exceeded mandatory ACA accreditation standards for air-flow and ventilation since 2007.

46.     Defendants deny the allegations contained in ¶46 of Plaintiff's Class Action complaint.  Please see Defendants' unit description set forth above.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

47.     Defendants admit that the employees at the Pack Unit routinely record the outdoor temperatures at the Pack Unit.  Defendants object to the term "outdoor apparent temperatures" as vague and unanswerable in the manner alleged. After a reasonable inquiry, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in ¶47 of Plaintiff's Class Action Complaint because the chart set forth is a summation of data compiled by Plaintiffs. Please see Defendants' unit description set forth above.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

48.     Paragraph 48 of Plaintiffs' Class Action Complaint contains conclusory and opinion allegations which are not capable of answer. Defendants, therefore, move to strike, deny same and demand strict proof thereof.

49.     Defendants admit that outdoor temperature readings are taken. Defendants object to the use of the terms "apparent temperatures" and "dangerous" as being vague and based upon opinion. Please see Defendants' unit description set forth above.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

50.     This allegation which is not related to the Pack Unit should be stricken. Nor does the allegation set forth specific information as to place, time, and location within the Pack Unit that Plaintiffs allege temperatures are hazardous.  Defendants further object to the terms "apparent temperatures" and "hazardous" as being vague and argumentative; and, as such do not require an answer.  Please see Defendants' unit description set forth above.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

51.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶51 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

52.     The portion of the allegations which are not related to the Pack Unit should be stricken. Nor the does the allegation set forth specific information as to place, time, and location within the Pack Unit that Plaintiffs allege indoor temperatures are just as high as outdoor temperatures. Please see Defendants' unit description set forth above.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

53.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶53 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

54.      This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶54 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

55.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of

entities or persons who are not parties to this case.  The allegation is over-inclusive. Defendants, therefore, move to strike the allegations in ¶55 of Plaintiff's Class Action Complaint. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

56.    This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  The allegation is over-inclusive. Defendants, therefore, move to strike the allegations in ¶56 of Plaintiff's Class Action Complaint. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

57.    Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  The allegation is over-inclusive thereby making it incapable of answer. Defendants, therefore, move to strike the allegations in ¶57 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

58.    This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  The allegation is over-inclusive. Defendants, therefore, move to strike the allegations in ¶58 of Plaintiff's Class Action Complaint. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

59.    This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of

entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶59 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

60.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶60 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

61.     Although, the information in this allegation is from a third party, Defendants admit that the information is contained in the TDCJ's policies.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

62.     Defendants deny the allegation that "heat cramps are extremely painful" as over-inclusive in that they can be minor or just uncomfortable for brief periods.  Defendants admit that the remainder of the allegation contains quotes from TDCJ's policies.

63.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶63 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

64.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in

¶64 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

65.     Defendants admit that TDCJ policies and procedures recognize heat stroke as a serious condition.

66.     Defendants deny the allegations in ¶66 of Plaintiff's Class Action Complaint and demand strict proof thereof.

67.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶67 of Plaintiff's Class Action Complaint.  After reasonable inquiry, Defendants lack knowledge and information sufficient to admit or deny the allegations in ¶67 of Plaintiff's Class Action Complaint.  Defendants, therefore, deny same and demand strict proof thereof.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

68.     Defendants admit that TDCJ policy recognizes that some prisoners with certain "underlying medical condition[s] … place them at increased risk," including: "cardiovascular disease, cirrhosis of the liver, chronic obstructive pulmonary disease, asthma, cystic fibrosis, diabetes, psychiatric conditions, Sjogren's syndrome, sweat gland dysfunction, [and] thyroid dysfunction." TDCJ admits that for some prisoners, heat tolerance weakens, and the risk of heat-related illness increases, for people who suffer from these conditions.  TDCJ also admits that its policies, procedures, and practices do recognize that some prisoners with these conditions are at greater risk of heat-related illness, injury, and death.  Defendants deny that the conditions,

services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

69.     Defendants admit the allegations contained in ¶69 of Plaintiff's Class Action Complaint.

70.     Defendants admit the allegations contained in ¶70 of Plaintiff's Class Action Complaint.

71.     Defendants admit the allegations contained in ¶71 of Plaintiff's Class Action Complaint.

72.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶72 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

73.     Defendants lack sufficient knowledge or information to admit or deny that "numerous" prisoners have the conditions alleged and demand strict proof thereof.  Defendants also lack sufficient knowledge or information with which to admit or deny that every prisoner on such medications or with such conditions are actually at increased risk of heat-related illness, injury, or death because the reaction is very individual and depends upon numerous circumstances.  Defendants, therefore, demand strict proof of the allegations contained in ¶73 of Plaintiff's Class Action Complaint.

74.     Defendants deny the figures alleged in ¶73.  Defendants lack sufficient information as to what groups Plaintiffs included in the figures alleged.  Defendants object to the vagueness and ambiguity of the final allegation; Defendants, therefore, deny that greater

"numbers" of these prisoners are housed at Pack Unit as compared to other TDCJ prisons. Defendants deny that the Pack Unit is a medical and geriatric facility; it is a Type I Geriatric facility.

75.     Defendants admit that TDCJ houses inmates with disabilities. Defendants deny that the need for accommodation is obvious. Defendants object to the use of the terms "well-aware" and "apparent temperatures" as they are vague.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

76.     Defendants deny the allegations contained in ¶76 of Plaintiff's Class Action Complaint.

77.     After a reasonable inquiry Defendants lack knowledge or information sufficient to admit or deny the allegations contained in ¶77 of Plaintiff's Class Action Complaint. Defendants, therefore, deny same and demand strict proof thereof.

78.     Defendants admit that records show that the prisoners listed on Plaintiffs' chart died while in custody.  Since the chart was prepared by Plaintiffs and contains incomplete information, Defendants have insufficient knowledge or information to admit or deny all the information on the chart. Defendants, therefore, deny the remainder of ¶78 of Plaintiff's Class Action Complaint.

79.     Defendants deny that it can be demonstrated that the characteristics alleged would put every individual at "much greater risk" of the conditions alleged.  Defendants do admit, however, that some of the underlying medical conditions alleged might place certain individuals, under certain conditions, at greater risk for heat related illness or injury. Defendants deny the remainder of the allegations contained in ¶79 of Plaintiff's Class Action Complaint.

80.     The Plaintiffs and their medical records would have to be evaluated by a medical expert which is beyond the scope of Defendants' knowledge at this time; therefore, Defendants lack sufficient knowledge or information with which to admit or deny that "Plaintiffs also suffer from these same heat-sensitive medical conditions"  and demand strict proof thereof.

81.     After a reasonable inquiry Defendants lack knowledge or information sufficient to admit or deny the allegations contained in ¶81 of Plaintiff's Class Action Complaint.

82.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶72 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

83.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶72 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

84.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶72 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

85.     This allegation which is not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of

entities or persons who are not parties to this case.  Defendants move to strike the allegations in ¶85 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

86.     These allegations which are not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  The statement "as all Texans know, however, it is not just the temperature but also the humidity that contributes to heat," contains conclusory, opinionated, and overbroad allegations which are not capable of answer. After a reasonable inquiry, Defendants lack sufficient knowledge to admit or deny whether the heat index is a measure of "apparent temperature," based on ambient temperature and humidity, which the NWS says closely approximates how air temperature is "felt" in the human body. Defendants admit that the NWS publishes a chart. Defendants admit the chart shows heat index.  The Defendants, therefore, lack sufficient knowledge to admit or deny the remaining allegations contained in ¶ 86 of Plaintiff's Class Action Complaint.

87.     These allegations which are not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  The allegations require an interpretation of a chart which was not prepared by the Defendants; and, therefore, it is improper and incapable of answer. Defendants admit that the NWS publishes a chart. Defendants admit the chart shows heat index.  The Defendants, therefore, lack sufficient knowledge to admit or deny the remaining allegations contained in ¶ 87 of Plaintiff's Class Action Complaint

88.     These allegations which are not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of

entities or persons who are not parties to this case.  The allegations require an interpretation of information which was not prepared by the Defendants; and, therefore, it is improper and incapable of answer.   The Defendants, therefore, lack sufficient knowledge to admit or deny the remaining allegations contained in ¶ 88 of Plaintiff's Class Action Complaint.

89.     Defendants admit this chart is used in TDCJ documents that are not related to inmate housing and a version of the chart is incorporated into TDCJ training materials.

90.     These allegations which are not related to the Pack Unit should be stricken. Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  These allegations require an interpretation of information which was not prepared by the Defendants; and, therefore, it is improper and incapable of answer.   The Defendants, therefore, lack sufficient knowledge to admit or deny the remaining allegations contained in ¶90 of Plaintiff's Class Action Complaint.

91.     Defendants deny the allegations contained in ¶91 of Plaintiff's Class Action Complaint.

92.     Defendants deny the allegations contained in ¶92 of Plaintiff's Class Action Complaint.

93.     Defendants admit there is no Policy Directive or Administrative Directive related to extreme temperatures in offender housing areas but deny the remainder of the allegations contained in ¶93 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

94.     Defendants deny the allegations contained in ¶94 of Plaintiff's Class Action Complaint.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

95.     Defendants admit that Dr. Adams wrote an email which contained the language set forth in ¶95 of Plaintiff's Class Action Complaint.

95-2.   Defendants admit that on occasion offenders have sought medical treatment for heat conditions at the unit infirmary at Pack Unit.  Defendants lack sufficient information or knowledge as to whether this has happened "every summer" or how many have sought treatment from the infirmary "every summer."  Since the offenders received medical attention at the unit infirmary, Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

96.     Defendants admit that in discovery productions in the other cases, emails have been provided to Plaintiffs.  The allegation in ¶96, however, fails to identify the specific emails referred to and without such identification of the specific email, Defendants lack knowledge or information sufficient to admit or deny whether there are emails containing the specific alleged content.  The Defendants, therefore, deny the allegations set forth in ¶96 of Plaintiff's Class Action Complaint, subject to further investigation.

97.     Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  These allegations require an interpretation of information which was not prepared by the Defendants and is incomplete; and, therefore, it is improper and incapable of answer. Defendants admit that that on occasion offenders have sought medical treatment for heat conditions at the unit infirmary at Pack Unit. Since the offenders received medical attention, Defendants deny that the conditions, services,

and programs within the Pack Unit violate the Constitution or the laws of the United States. The Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in ¶97 of Plaintiff's Class Action Complaint and, therefore, deny same and demand strict proof thereof.

98.     After a reasonable inquiry Defendants lack knowledge or information sufficient to admit or deny the allegations contained in ¶98 of Plaintiff's Class Action Complaint. Defendants, therefore, deny same and demand strict proof thereof.

99.     After a reasonable inquiry Defendants lack knowledge or information sufficient to admit or deny the allegations contained in ¶99 of Plaintiff's Class Action Complaint. Defendants, therefore, deny same and demand strict proof thereof.

100.    Defendants admit that on occasion offenders have sought medical treatment for heat conditions at the unit infirmary at Pack Unit.  Defendants lack sufficient information or knowledge as to whether this has happened "each summer" or how many have sought treatment from the infirmary "each summer."  Since the offenders received medical attention at the unit infirmary, Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

101.    The allegation is based upon pure speculation and opinion and, therefore, does not require an answer.  Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

102.    Defendants admit that correctional officers sweat but deny that "correctional officers" as a group "routinely" suffer heat-related injuries.

103.    At the time of the filing of this Answer, Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in ¶103. The Defendants,

therefore, deny the allegations set forth in ¶103 of Plaintiff's Class Action Complaint, subject to further investigation.

104.    Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  These allegations require an interpretation of information which was not prepared by the Defendants and is incomplete; and, therefore, it is improper and incapable of answer.   Defendants admit that the correctional officers' union has supported refrigerated air conditioning. Defendants deny the remaining allegations of ¶104 of Plaintiff's Class Action Complaint.

105.    Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  These allegations require an interpretation of information which was not prepared by the Defendants and is incomplete; and, therefore, it is improper and incapable of answer.   Defendants admit that the correctional officers' union has supported refrigerated air conditioning. Defendants deny that TDCJ routinely ignores their requests for safe working conditions. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in ¶105 of Plaintiff's Class Action Complaint.

106.    Defendants deny that TDCJ knows about and ignores hazards to prisoners and correctional officers. Defendants deny that TDCJ has no policy, procedures, or practices to protect humans. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

107 to 126:    Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.  Defendants are unable to review data within the time allowed for this Answer to determine at this early stage in the

litigation whether the Rule 23 conditions of typicality, commonality, and numerosity can be certified as a matter of law for the proposed class or sub-classes alleged by Plaintiffs. Based upon information and belief, there may be no common answer as to whether each prisoner's condition and medical risks require the requested relief of living in a refrigerated environment of 88°F. Nor is there clearly established law that requires all prisoners to be housed in a refrigerated environment of 88°F. In order to even determine whether a class action of some definition is warranted, the Defendants anticipate the Court and parties will require expert testimony on the facility, its programs and services and, likely, require expert review of the medical record, history, and status of the physical condition of every offender at Pack Unit. Even with such a costly and time-consuming review, a definition for the specific "heat related risks" for each offender and/or class or sub-class may not be ascertainable since heat and its effects, as well as many other factors, may vary widely among different individuals, even those with the same or similar medical conditions. For this reason, Defendants move the Court to allow the parties the time to test by summary judgment whether each proposed class representative actually states a claim for relief. After summary judgment on each individual proposed class representative, if the Court determines that one or more proposed class representative has a claim which survives summary judgment, the Court then may set a discovery and briefing schedule for the class certification process. Based upon information and belief, pending additional discovery by the parties, the Defendants deny that Plaintiffs' Class Action should be allowed to proceed and deny that the definition of Plaintiffs' proposed class or sub-classes comport with Federal Rule of Civil Procedure 23.

127.     Defendants deny that the Pack Unit is a medical facility; it is a Type I geriatric facility. Defendants admit that there are more than 100 prisoners in the Pack Unit who have medical conditions or disabilities.

128.     Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  These allegations require an interpretation of information which was not prepared by the Defendants and may be incomplete; and, therefore, the allegations are improper and incapable of answer.  Defendants admit they rely on the medical providers for TDCJ to advise them regarding this type of information.

129.     Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  These allegations require an interpretation of information which was not prepared by the Defendants and may be incomplete; and, therefore, the allegations are improper and incapable of answer.  Defendants admit they rely on the medical providers for TDCJ to advise them regarding this type of information.

130.     Defendants admit that it has a policy which recognizes patients taking diuretics to treat hypertension are at increased risk of heat-related illness, and "should not be allowed to work or recreate in environments where the apparent air temperature is 95 [degrees] or higher."

131.     Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  These allegations require an interpretation of information which was not prepared by the Defendants and may be incomplete; and, therefore, the allegations are improper and incapable of answer.  Defendants admit they rely on the medical providers for TDCJ to advise them regarding this type of information.

132.     Defendants object to allegations that contain information in the knowledge and experience of entities or persons who are not parties to this case.  These allegations require an

interpretation of information which was not prepared by the Defendants and may be incomplete; and, therefore, the allegations are improper and incapable of answer. Defendants admit they rely on the medical providers for TDCJ to advise them regarding this type of information and take steps to protect the offenders. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

133-158: Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States. Defendants are unable to review data within the time allowed for this Answer to determine at this early stage in the litigation whether the Rule 23 conditions of typicality, commonality, and numerosity can be certified as a matter of law for the proposed class or sub-classes alleged by Plaintiffs. Based upon information and belief, there may be no common answer as to whether each prisoner's condition and medical risks require the requested relief of living in a refrigerated environment of 88°F. Nor is there clearly established law that requires all prisoners to be housed in a refrigerated environment of 88°F. In order to even determine whether a class action of some definition is warranted, the Defendants anticipate the Court and parties will require expert testimony on the facility, its programs and services and, likely, require expert review of the medical record, history, and status of the physical condition of every offender at Pack Unit. Even with such a costly and time-consuming review, a definition for the specific "heat related risks" for each offender and/or class or sub-class may not be ascertainable since heat and its effects, as well as many other factors, may vary widely among different individuals, even those with the same or similar medical conditions. For this reason, Defendants move the Court to allow the parties the time to test by summary judgment whether each proposed class representative actually states a claim for relief. After summary judgment on each individual proposed class representative, if the Court

determines that one or more proposed class representative has a claim which survives summary judgment, the Court then may set a discovery and briefing schedule for the class certification process. Based upon information and belief, pending additional discovery by the parties, the Defendants deny that Plaintiffs' Class Action should be allowed to proceed and deny that the definition of Plaintiffs' proposed class or sub-classes comport with Federal Rule of Civil Procedure 23. Defendants further deny at this stage that the proposed Class Counsel is appropriate pending further investigation.

## CAUSES OF ACTION

I.  **EIGHT AND FOURTEENTH AMENDMENT: CONDITIONS OF CONFINEMENT**
(Against Defendants Livingston and Herrera in their Official Capacities)

159-167:    Defendants incorporate their responses set forth in paragraphs 1-158 as if alleged herein. Defendants deny that the conditions, services, and programs within the Pack Unit violate the Constitution or the laws of the United States.

### THE AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT

### (Against Defendant TDCJ)

167-2[2]: Defendants lack sufficient information at the time of this Answer to admit or deny whether the named Plaintiffs are qualified individuals regarded as having a physiological or mental impairment that substantially limits one or more of their major life activities for purposes of the ADA, ADA Amendments Act, and Rehabilitation Act and demand strict proof thereof.

168.    Defendant TDCJ denies the allegations contained in ¶168 of Plaintiff's Class Action Complaint.

---

[2] Plaintiffs have included two paragraphs labeled 167. Defendants will refer to the second paragraph labeled 167 as 167-2.

169.    Defendant TDCJ admits that internal documents indicate that people with certain disabilities (like diabetes, hypertension or cardiovascular disease), or who take certain medications to treat their disabilities (like psychotropics, antihistamines, or diuretics), may be more vulnerable to extreme temperatures.  Defendants deny the remainder of ¶169 of Plaintiff's Class Action Complaint.

170.    Defendant TDCJ lacks sufficient information at the time of this Answer to admit or deny whether the named Plaintiffs suffer from these heat-sensitive disabilities and demand strict proof thereof.

171.    Defendants admit the allegations contained in ¶ 171 of Plaintiff's Class Action Complaint.

172.    Defendant TDCJ admits that under certain circumstances, Title II of the ADA and the ADA Amendments Act apply to TDCJ, and that if they do apply, and the ADA and ADAAA have the same mandate as the Rehabilitation Act. 42 U.S.C. §12131 *et seq*.

173.    Paragraph 173 sets forth a legal conclusion which does not require an answer.  To the extent it does require an answer, Defendants deny the allegations contained in ¶173 of Plaintiff's Class Action Complaint.

174.    Defendant TDCJ admits that the Pack Unit and other TDCJ facilities, and their operation comprise a program and service for Rehabilitation Act, ADA, and ADAAA purposes. At the time of filing this answer, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in ¶174 of Plaintiff's Class Action Complaint.

175.    Defendants deny the allegations contained in ¶ 175 of Plaintiff's Class Action Complaint.

176.     Defendants deny the allegations contained in ¶176 of Plaintiff's Class Action Complaint.

177.     Defendants deny the allegations contained in ¶177 of Plaintiff's Class Action Complaint.

**Defendants' Answer to Plaintiffs' Allegations for Injunctive and Declaratory Relief**

178.     Defendants incorporate their responses set forth in ¶¶1-177.  Defendants admit that Plaintiffs seek injunctive and declaratory relief against Defendants for themselves and the class. Defendants deny the allegation that TDCJ does not provide safe housing conditions at the Pack Unit.

179.     Defendants deny the allegations contained in ¶179 of Plaintiff's Class Action Complaint.

180.     Defendants deny the allegations contained in ¶180 of Plaintiff's Class Action Complaint.

181.     Defendants deny that an injunction to enjoin Defendants to maintain a heat index of 88°F or lower inside each of the Pack Unit's housing areas is appropriate in this case or that it is established that such a temperature would eliminate all risk of heat-related illnesses or injuries about which Plaintiffs complain.  Further, such a resolution would impose an undue burden and cost on Defendant TDCJ.

182.     Defendants deny the allegations contained in ¶182 of Plaintiff's Class Action Complaint.

183.     Defendants admit that Plaintiffs do not seek damages.

**Defendants' Answer to Plaintiffs' Request for Attorneys' Fees**

184.    Defendants deny the allegations contained in ¶184 of Plaintiff's Class Action Complaint.

## IV. DEFENDANTS' OTHER DENIALS AND DEFENSES

1.    The Plaintiffs have not stated a claim upon which relief can be granted under 42 U.S.C. §12131 (ADA and ADAAA) or 29 U.S.C. §794 (RA) or under any other statute, constitutional theory, or legal authority.

2.    The Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. §1983, 42 U.S.C. §12131 or 29 U.S.C. §794 but deny that such circumstances are present in this case.

3.    The Defendant TDCJ denies that it violated any of Plaintiffs' rights under ADA, ADAAA, or RA or any other law or statute under which Plaintiffs sue or may be suing.

4.    The Defendant TDCJ denies that its employees were motivated by any discriminatory intent of any kind.

5.    The Defendants assert that actions taken relative to Plaintiff(s), concerning any claim alleged by Plaintiff(s) in this lawsuit, were based on a good faith belief that such actions were taken in accordance with agency policy, applicable law, and were taken without any discriminatory intent.

6.    The Defendants assert that each alleged challenged action, of which Plaintiffs complain in this lawsuit, was taken for valid and legitimate, non-discriminatory reasons in the context of a prison facility.

7.      The Defendants deny that Plaintiffs are entitled to injunctive, declaratory, or any other relief demanded in the Plaintiffs' Complaint and further deny that Plaintiffs are entitled to attorney's fees or costs in any amount whatsoever.

8.      Defendant TDCJ denies that Congress has abrogated Texas' sovereign immunity for purposes of the ADA, ADAAA or RA.

9.      Defendant TDCJ denies that Plaintiffs requested an accommodation under the ADA, ADAAA, or RA that defendant knew or believed any or all needed an accommodation, or that defendant denied him a reasonable accommodation.

10.     Defendant TDCJ claims that the accommodations now requested by Plaintiffs would impose an undue hardship on Defendant.

11.     Defendant TDCJ asserts that Plaintiff(s) were not a qualified individual with a disability who, by reason of such disability, was excluded from participation in or was denied the benefits of services, programs, or activities of a public entity.

12.     Defendant TDCJ denies that Plaintiffs were subjected to discrimination in violation of the ADA, ADAAA, or RA.

13.     Defendant TDCJ denies that any employee of TDCJ intentionally discriminated against Plaintiffs by reason of or solely because of their alleged disability.

14.      The Defendants assert the defenses of res judicata, statute of limitations, laches, estoppel, waiver and lack of jurisdiction to Plaintiffs' claims in this lawsuit.

15.     The Defendants assert that some, and perhaps all, of Plaintiff(s)' complaints may be barred by the applicable statute of limitations and/or by the Plaintiff(s)' failure to exhaust administrative remedies under applicable law; and, thus, the Defendants assert such defenses to the extent these defenses may be applicable.

16.     The Defendants assert entitlement to the after-acquired evidence defense.

17.     The Defendants specifically invoke entitlement to Eleventh Amendment Immunity and sovereign immunity as to any of Plaintiff's claims which are not expressly and unambiguously included within the limited waivers of sovereign immunity found in any statute under which Plaintiffs make claims.

18.     The Defendants assert, based upon and information and belief, that Plaintiff(s) failed to mitigate or avoid injury or to take advantage of the remedial measures for the conditions alleged, and that none of such alleged conditions or risk of harm, if any, have been the result of any discriminatory or unconstitutional act by the Defendants, all acts of which the Defendants deny.

19.     The Defendants assert their right to raise additional defenses that become apparent throughout the factual development of the case.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge

- 33 -

Texas Bar No. 24057611
Southern District ID No. 35273
cynthia.burton@texasattorneygeneral.gov

**BRUCE R. GARCIA**
Assistant Attorney General
Co-Counsel
Texas Bar No. 07631060
Southern District ID No. 18934
bruce.garcia@texasattorneygeneral.Gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR BRAD LIVINGSTON,
ROBERTO HERRERA, and the TEXAS
DEPARTMENT OF CRIMINAL JUSTICE**


### NOTICE OF ELECTRONIC FILING

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have

electronically submitted for a copy of the foregoing for filing in accordance with the Electronic

Case Files system of the Southern District of Texas on July 25, 2014.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General


### CERTIFICATE OF SERVICE

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have

served all counsel or *pro se* parties of record electronically or by another manner authorized by

FED. R. CIV. P. 5 (b)(2).

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General

- 34 -