UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DAVID BAILEY, MARVIN RAY YATES, KEITH COLE, and NICHOLAS DIAZ, individually and on behalf of those similarly situated,** § § § § § |  |  |
| Plaintiffs, § |  |  |
|  § |  |  |
| v.  § | No. 4:14-cv-1698 |  |
|  § |  |  |
| **BRAD LIVINGSTON, in his official capacity, ROBERTO HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE,** § § § § § |  |  |
| Defendants. § |  |  |

**DEFENDANTS' OPPOSED MOTION TO STAY ALL DISCOVERY**

NOW COME the Texas Department of Criminal Justice, Brad Livingston and Roberto Herrera ("Defendants") and move to stay all new discovery in this matter until the United States Judicial Panel on Multidistrict Litigation has decided the pending motion for consolidation.

**I. RELEVANT PROCEDURAL BACKGROUND**

This is a purported class action filed on behalf of four Texas Department of Criminal Justice offenders incarcerated at the Pack Unit seeking declaratory and injunctive relief.

The purported class action bears many similarities with several other cases filed in this Court and elsewhere in Texas on behalf of the estates of deceased offenders relating to the extreme heat in 2011 and 2012. On July 18, 2014, Defendants filed a motion to consolidate and transfer all seven of the cases to the U.S. District Court for the Southern District of Texas, Houston Division, and specifically to this Court, which has considerable experience and expertise in complex multi-district litigation and who already had the class action and two of the

other cases on his docket.[1] The MDL was accepted for filing on July 16 and a briefing schedule was set requiring Plaintiff's response by Aug. 6.[2] Notice of four potentially related actions was filed on July 23.[3] Counsel for the parties filed their appearances on July 25 and 28.[4]

On July 28, the U.S. Magistrate Judge who had set a hearing on discovery issues for Aug. 12 in the *Webb* cases, pending in the Tyler Division of the Eastern District, cancelled the hearing in light of the pendency of the MDL motion, writing that "the Court . . . finds it appropriate to take the hearing in the *Webb* cases off-calendar and continue it until after the MDL Panel's determination, and then decide whether it is appropriate to conduct a Hearing or address the stay at all."[5]

An amended certificate of service was filed on July 31.[6] Lead counsel for all of the Plaintiffs in the proposed MDL filed a response in support of the motion to consolidate and transfer on Aug. 5.[7] On Aug. 19, the Panel set a hearing on the motion for Oct. 2, 2014, in Louisville, KY.[8]

## II. ARGUMENT AND AUTHORITIES

United States Judicial Panel on Multidistrict Litigation was created to "consolidate cases to prevent duplication of discovery, avoid inconsistent pretrial rulings and to conserve and economize judicial effort."[9] A pending transfer motion before the Panel on Multidistrict

---

[1] MDL No. 2569, D.E. 1. *See* docket attached hereto as Exhibit 1 and incorporated herein by reference. Although the UTMB Defendants did not join the motion to consolidate and transfer, they were unopposed.
[2] MDL No. 2569, D.E. 5.
[3] MDL No. 2569, D.E. 6.
[4] MDL No. 2569, D.E. 7, 8.
[5] *Webb v. Livingston*, No. 6:13-cv-711 (E.D. Texas), consolidated with *Togonidze v. Livingston*, No. 6:14-cv-93 and *Adams v. Livingston*, No. 6:13-cv-712.
[6] MDL No. 2569, D.E. 11.
[7] MDL No. 2569, D.E. 12.
[8] MDL No. 2569, D.E. 14. Each of the cases heard by the Panel in July 2014 was decided within two weeks of hearing.
[9] *Anderson v. Merck & Co., Inc.*, 2007 WL 43770, *1 (S.D. Tex. 2007), *citing Whelan v. Merrell-Dow Pharm., Inc.*, 117 F.R.D. 299, 300 (D. D.C. 1987) ("[T]he purpose of multidistrict pretrial proceedings is to consolidate cases to prevent duplication of discovery, avoid inconsistent pretrial rulings and to conserve and economize judicial effort.").

Litigation does not necessarily deprive the district court in which the action is then pending of jurisdiction over pretrial matters.[10] In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a party's motion to the MDL panel for transfer and consolidation.[11] The MDL panel has observed that "the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable," while "[a] stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and avoid inconsistent rulings."[12]

A district court has the inherent power to stay proceedings.[13] "The proponent of a stay bears the burden of establishing its need."[14] In determining whether a stay is proper, the district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.[15] The Court may also consider whether it believes a consolidation order is likely.[16] When exercising its discretion, the Court is "guided by the policies of justice and efficiency."[17]

**A.     Plaintiffs will suffer no prejudice by a short stay of new discovery.**

---

[10] *Hopple v. Prospect Mortg., LLC*, 2013 WL 5493004, *1-2 (W.D. Tex. 2013), *citing* J.P.M.L. R. PROC. 2.1(d) ("The pendency of a motion ... does not limit the pretrial jurisdiction of that [presiding] court"); *In re Air Crash Disaster at Paris, France, on Mar. 3, 1974*, 376 F.Supp. 887, 888 (J.P.M.L.1974) ("[T]he mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court....").
[11] MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) § 20.131 (2004).
[12] *In re Penn Cent. Secs. Litig.*, 333 F.Supp. 382, 384 n. 4 (J.P.M.L. 1971).
[13] *See Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163 (1936); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).
[14] *Clinton*, 520 U.S. at 708.
[15] *See La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, Civ. A. No. 09–cv–235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009).
[16] MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) § 22.35.
[17] *Boudreaux v. Metro. Life Ins. Co.*, Civ. A. No. 95–cv–138, 1995 WL 83788, at *1 (E.D. La. Feb.24, 1995).

Defendants have provided Plaintiffs thousands of pages of documents, answered hundreds of requests for admission—much of it relevant to all of the lawsuits—and produced more than a dozen fact witnesses and IT professionals for deposition on a wide range of fact issues and data storage and retention issues before the motion to consolidate and transfer was filed. Site inspections by Plaintiffs' experts of two prison units are scheduled for Aug. 26 and 27. The remaining discovery largely comprises searches of dozens of electronic databases—some of them legacy systems more than 30 years old—for e-mails that may have been written to or received by various defendants regarding heat conditions in various Texas prisons.

In addition, all but two of the cases at issue in the MDL already have stays in place or are pending dispositive motions. A stay of a hearing on Plaintiffs' emergency motion to lift a stay on discovery is in place in three cases consolidated in the Eastern District pending resolution of the MDL motion,[18] a stay is in place in the *Hinojosa* case pending the Fifth Circuit's review of the trial court's denial of a motion to dismiss on grounds of qualified immunity.[19] A motion to dismiss is pending in the *Caddell* case, which, if granted, would end the litigation.[20] The *McCollum* court has stayed the case pending its decision on the executive defendants' motion to dismiss.[21] The only cases not stayed at this time—with the exception of three *pro se* cases—are *Martone* case and the *Bailey* class action, although the motions staying *Caddell* and *McCollum* could be lifted before the MDL is decided if the motions to dismiss are decided.

In addition, inspections of certain prison units at issue in these cases by Plaintiffs' experts are scheduled for the week of Aug. 25, 2014, and the first two weeks of September and will not be affected by any stay. Finally, a stay would not prejudice Plaintiffs where there are no known

---

[18] D.E. 174, *Webb, et al. v. Livingston*, No. 6:13-cv-711.
[19] D.E. 64, *Hinojosa v. Livingston, et al.*, No. 2:13-cv-319.
[20] *Caddell v. Livingston, et al.*, No. 3:14-cv-2249
[21] D.E. 192, *McCollum, et al. v. Livingston, et al.*, No. 3:12-cv-2037.

limitations issues, where Defendants have imposed litigation holds on information discoverable in all of the cases and where there are no ongoing settlement discussions that would be impeded by a stay.

**B.   Defendants will suffer hardship and inequity if the action is not stayed for a short time.**

On the other hand, to permit Plaintiffs to continue to aggressively pursue discovery in *Martone* and *Bailey* while the remainder of the cases are stayed would prejudice the Defendants, since they could be forced to proceed in duplicative and highly expensive additional discovery—with a possibility of being subject to inconsistent rulings—if a stay is not entered. Plaintiffs' counsel has already served dozens of nearly identical and duplicative discovery requests apparently aimed not solely at the civil actions in question but at the Texas prison system in general. Counsel also has indicated they intend to depose each defendant in each case, even though the witnesses' testimony would apply to all of the cases. Although individual discovery will still have to be conducted in this case, a stay would allow Defendant to limit duplication. To permit unrestricted, uncoordinated and unguided discovery is to sentence Defendants to death by a thousand cuts. A stay is appropriate until the case is consolidated, as there is every reason to believe it will be, in a single district before a single judge.

**C.   Judicial resources would be conserved by staying discovery for a short time until a decision is made by the Panel on Multidistrict Litigation.**

The strongest argument for a stay, however, is the strong likelihood that the motion to consolidate and transfer—supported by Plaintiffs and Defendants—will be granted and that the cases will be consolidated in one court, under the superintendence of a single judge who will have authority to guide the pre-trial process, prevent duplication of discovery and provide consistent pretrial rulings. Additionally, there is a likelihood that additional class actions will be

filed in the coming days, weeks or months seeking injunctive and declaratory relief involving unknown numbers of TDCJ offenders. The principal discovery required will be substantially identical in most, if not all, of these cases. A stay would therefore promote judicial economy because the same judge should hear all discovery issues, case management and scheduling, and motions once the transfer has taken place. Because a temporary stay would promote judicial economy and efficiency by preventing any possible duplicative efforts by this Court, the judicial economy factor weighs in favor of granting the stay.

### III.  CONCLUSION

Keeping all parties on an equal footing with respect to discovery serves important case management interests in this complex litigation. The Court should enter an order staying all new discovery in this civil action pending decision by the United States Judicial Panel on Multidistrict Litigation of the pending motion for consolidation and transfer.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District ID No. 35273

cynthia.burton@texasattorneygeneral.gov

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I, **ALLAN K. COOK**, Assistant Attorney General of Texas, certify that I communicated with counsel for Plaintiffs via e-mail on Aug. 18, 2014, regarding this motion for a stay and he indicated Plaintiffs oppose this motion.

/s/ Allan K. Cook
**ALLAN K. COOK**
Assistant Attorney General

**NOTICE OF ELECTRONIC FILING**

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have electronically submitted for a copy of the foregoing for filing in accordance with the Electronic Case Files system of the Southern District of Texas on Aug. 25, 2014.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I have served all counsel or *pro se* parties of record electronically or by another manner authorized by FED. R. CIV. P. 5 (b)(2).

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General