**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID BAILEY, MARVIN RAY** | § | |
| **YATES, KEITH COLE, and** | § | |
| **NICHOLAS DIAZ, individually and** | § | |
| **on behalf of those similarly situated,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 4:14-cv-1698** |
| | § | |
| **BRAD LIVINGSTON, in his official** | § | |
| **capacity, ROBERTO HERRERA, in his** | § | |
| **official capacity, and TEXAS** | § | |
| **DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE,** | § | |
| **Defendants.** | § | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' DOC. NO. 32 CONTAINING A REQUEST FOR TEMPERATURE AND HUMIDITY DETECTION AND RECORDING DEVICES

NOW COME the Defendants, by and through their attorneys, the Office of the

Attorney General of Texas, and file their Response to Plaintiffs' Request for Temperature

and Humidity Detection and Recording Devices, and state in support that:

On Aug. 15, 2014, the Plaintiffs' filed their *Response to Defendants' Statement of*

*Issues and Legal Argument for Hearing Set on August 15, 2014 at 2:00 p.m.* which

contained a request by Plaintiffs for the Court to order the TDCJ to install temperature

and humidity detection and recording devices inside the housing areas of Pack Unit.

(Doc. No. 32, p. 3-4)[1]   Plaintiffs reiterated their belief that such devices should be

installed during their inspection of Pack Unit on Aug. 26, 2014.  At the hearing on Aug.

---

[1] Since the Plaintiffs' Response was not filed as a "motion," there is no motion docket date set on the docket sheet related to the Plaintiffs request for the Court to order a third party to install data collection devices inside the Pack Unit.  Since Plaintiffs requested a ruling on their proposal at the hearing on Aug. 15, 2014, Defendants file this "response" to provide both the Court and the Plaintiffs information on the collection of data for indoor temperatures and humidity, as well as to respond to the Plaintiffs' request in the event the request was deemed a separate motion for relief.

15, 2014, Plaintiffs' attorneys argued that the Court should order Defendant TDCJ to incur approximately $30,000 expense to install the temperature and humidity measurement devices suggested by Plaintiffs. Defendants' counsel indicated in the hearing on Aug. 15, 2014 that defense counsels' proposal for the monitoring of temperatures and humidity at Pack Unit was being considered by the TDCJ. The TDCJ approved the proposal. Trak Engineering, Inc., Defendants' construction and ventilation experts disclosed in other heat related litigation, supervised the installation of such devices at a cost of approximately $2500 per unit.

TDCJ staff, under the supervision of Trak Engineering, Inc., installed HOBO UX100 temperature and humidity data loggers at the Huntsville Unit on Aug. 26, 2014 (TDCJ prison unit related to the *Martone* case) and at the Pack Unit on Aug. 27, 2014 (TDCJ prison unit related to this case). Attached hereto as "Exhibit 1" is a true and accurate copy of the specifications for the HOBO UX100 Loggers installed. The HOBO UX100 temperature and humidity data loggers will collect indoor temperature and humidity data 24 hours per day, 7 days per week for the next 30 days. It is undersigned defense counsel's understanding that as long as the devices are not damaged or tampered with, the devices are accurate. For this reason, Defendants will refrain from disclosing the exact location of each device until the data has been collected; at which time, Defendants will supplement their initial disclosure with more detailed information. The collected data will be downloaded by Trak Engineering in approximately thirty days. Defendants will share with the Plaintiffs the collected data within a reasonable time after it has been recovered from the data loggers as well as information on the location of installation of each data logger.

Defendants, therefore, move the Court to deny Plaintiffs' request to require an independent third party to install temperature and humidity data collectors at the expense of Defendants for the much higher cost of approximately $30,000 per prison unit. Alternatively, if the Court does not consider this adequate information or briefing in order to deny the Plaintiffs' request, the Defendants request an opportunity to provide further briefing and/or participate in an evidentiary hearing.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24057611
Southern District ID No. 35273
cynthia.burton@texasattorneygeneral.gov

**BRUCE R. GARCIA**
Assistant Attorney General
Co-Counsel
Texas Bar No. 07631060
Southern District ID No. 18934
bruce.garcia@texasattorneygeneral.Gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711

(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR BRAD
LIVINGSTON, ROBERTO HERRERA,
and the TEXAS DEPARTMENT OF
CRIMINAL JUSTICE**

**NOTICE OF ELECTRONIC FILING**

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I

have electronically submitted for a copy of the foregoing for filing in accordance with the

Electronic Case Files system of the Southern District of Texas on Sept. 2, 2014.

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, certify that I

have served all counsel or *pro se* parties of record electronically or by another manner

authorized by FED. R. CIV. P. 5 (b)(2).

/s/ Cynthia L. Burton
**CYNTHIA L. BURTON**
Assistant Attorney General
