# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DAVID BAILEY, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:14-cv-01698** |
| | § | |
| **BRAD LIVINGSTON, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## MEMORANDUM AND ORDER

In this case, the Court has been asked by Plaintiffs to require improvements in prison conditions at the Wallace Pack Unit. The Court is now asked to allow intervention by twenty-six inmates at the Hutchins State Jail, three inmates at the C.T. Terrell Unit, and one inmate at the Richard P. LeBlanc Unit. All units are facilities under the direction of Defendant Texas Department of Criminal Justice ("TDCJ"). All parties in this case are opposed to the proposed interventions. Moreover, it is the opinion of the Court that the proposed interventions will unduly delay the adjudication of the original parties' rights. All pending Motions to Intervene are therefore **DENIED**. The related Motions filed by Proposed Intervenor Charles C. Taylor, Jr. and non-party Richard Jaxson are also **DENED**.

## I.    Motions to Intervene

Thirty inmates have filed one or more Motions to Intervene in this case.[1] (Collectively, "Motions to Intervene" and "Movants.") The Federal Rules of Civil Procedure allow intervention in existing litigation under Rule 24, which provides:

---

[1] Doc. Nos. 7, 20, 26, 38, 39, 43, 47, 48, 49, 50, 51, 52, 57, 65, 72, 73, 80, 83, 84, 86, 87, 88, 89, 93, 94, 95, 97, 98, 101, 102, 104, 105, 115, 123, and 137.

(a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
(b) Permissive Intervention.
(1) In General.  On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24.  Movants have not claimed an unconditional right to intervene under a federal statute, nor can they claim an interest in the subject of the action sufficient for the "intervention of right" standard under Rule 24(a)(2).  The Motions to Intervene therefore properly are considered under the guidelines for "permissive intervention" provided by Rule 24(b).

Permissive intervention is "wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."  *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir.) (en banc), *cert denied*, 469 U.S. 1019 (1984) (internal citation omitted); *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984).  In considering a request for permissive intervention, it is proper to consider whether the Movants will significantly contribute to the full development of the underlying factual interests in the suit.  *United Gas Pipe Line Co.*, 732 F.2d at 472.  Courts are also instructed to inquire whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

Movants are currently incarcerated at three different state prison facilities.  None of the Movants is incarcerated at the Wallace Pack Unit, which is the facility housing all named Plaintiffs and putative class members.  Because they do not reside in the Wallace Pack Unit, it is

2

unlikely that Movants would be able to contribute to the development of the facts at issue in this case.  The Court is also persuaded by Plaintiffs and Defendants that permitting intervention would cause undue delay and prejudice to the existing parties.  Moreover, disallowing intervention in this case has no effect on Movants' ability to bring suit in separate actions, nor will the ultimate disposition of this case affect their rights.  The Motions to Intervene pending before the Court therefore are **DENIED**.

## II.     Motion for Discovery

Proposed Intervenor Charles C. Taylor, Jr. has filed a Motion for Discovery.  (Doc. No. 37.)  Because Mr. Taylor is not a party in this case, he is not entitled to discovery and his Motion is **DENIED**.

## II.     Motion to Dismiss and Motion for Order of Instruction

Mr. Richard Jaxson has filed a Motion to Dismiss (Doc. No. 55) as well as a Motion for Order of Instruction.  (Doc. No. 145.)  Mr. Jaxson is not a party and therefore cannot move the Court to seek dismissal or other such relief in this case.  The Motion to Dismiss and Motion for Order of Instruction therefore are **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 20th day of November, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE