UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BAILEY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1698 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Defendant Robert Herrera has filed before this Court a Motion to Dismiss Pursuant to Rule 12(c). Herrera is the Senior Warden of the Wallace Pack Unit, a medical and geriatric prison unit operated by the Texas Department of Criminal Justice (TDCJ), where Plaintiffs are housed as inmates. He argues that Plaintiffs lack standing to assert their claims against him because Herrera does not have the authority to carry out the injunctive relief that Plaintiffs request. After considering the submissions of the parties and the applicable law, the Court **DENIES** Defendant Herrera's Motion to Dismiss (Doc. No. 158).

**I. BACKGROUND**

Plaintiffs are four inmates with disabilities that make them especially sensitive to extreme heat. They have brought this case on behalf of themselves and those similarly situated, claiming that TDCJ "knowingly subjects Plaintiffs and the Class to extremely hot temperatures inside prisoners' housing areas in violation of the Eighth and Fourteenth Amendments to the Constitution," and that "TDCJ refuses to make reasonable accommodations for . . . prisoners

with disabilities, in violation of the Americans with Disabilities Act and Rehabilitation Act." Compl. ¶¶ 3–4 (Doc. No. 1).

Plaintiffs allege that "sweltering temperatures inside buildings where [TDCJ] houses inmates"—including the Wallace Pack Unit—have caused at least twelve prisoners to die from heat stroke and hundreds more to suffer heat-related illnesses. Compl. 1. They allege that Defendants have done nothing to lower the temperatures inside the housing areas. *Id.* They ask the Court to "[r]emedy ongoing violations of the law and the Constitution by granting declaratory and injunctive relief, as set out in [the] Complaint, on behalf of Plaintiffs, and the class" and to "[p]ermanently enjoin Defendants to abate the risk of serious harm described above by taking steps including, but not limited to, maintaining a heat index of 88 degrees or lower inside the Pack Unit's housing areas." Compl. 35.

Defendant Herrera is the Senior Warden of the Wallace Pack Unit, and an employee of TDCJ. Herrera Aff. 2 (Doc. No. 158-1). He is sued in his official capacity for declaratory and injunctive relief. Compl. ¶ 13. Brad Livingston, who is the executive director of TDCJ, is also a defendant in his official capacity. TDCJ is a defendant as well.

In an affidavit filed along with his Motion to Dismiss, Defendant Herrera lists his official duties as the Senior Warden of the Wallace Pack Unit. Among other duties, Herrera "administer[s] policies and procedures to include custody, discipline, and welfare of offenders in the facility"; "direct[s] facility operations in the overall management and administration of staff, offenders, equipment, permanent improvements, and property of the correctional facility"; "direct[s] inspections of the living accommodations of offenders for proper sanitation and determine[s] whether improvements are necessary"; "oversee[s] the overall maintenance of

buildings and permanent improvements of the facility"; and "direct[s] and approve[s] requisitions, inventory, and issuance of supplies, materials, and equipment." Herrera Aff. 2–3.

Defendant Herrera states in his affidavit: "My duties do not include the authority to institute major structural changes to the Wallace Pack Unit. I do not have the authority to institute major policy changes within the TDCJ, or to order major equipment and structural changes to maintain a constant heat index of 88 degrees or lower inside each of of the Wallace Pack Unit's housing areas." Herrera Aff. 3. Herrera argues that, because he lacks such authority, Plaintiffs cannot establish the redressability component of Article III standing, and he therefore asks this Court to dismiss the claims against him. Mot. to Dismiss 2-3.

## II. LEGAL STANDARD

Article III restricts the federal judicial power to "Cases" and "Controversies." U.S. Const. art. III, § 2. The constitutional requirement of standing is used to identify cases and controversies that are "justiciable," that is, "those disputes which are appropriately resolved through the judicial process." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (internal quotation omitted). Under Article III, "the irreducible constitutional minimum of standing contains three elements." *Id.* These elements are "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Texas,* 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan,* 504 U.S. at 560–61). As "the party invoking federal jurisdiction," the plaintiffs "bear[ ] the burden of establishing these elements." *Lujan,* 504 U.S. at 561. They must meet this burden " 'with the manner and degree of evidence required at the successive stages of the litigation,' " which means that "on a motion to dismiss, plaintiffs must allege facts that give rise to a plausible claim of [ ] standing."

*Cornerstone Christian Schools v. Univ. Interscholastic League,* 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan,* 504 U.S. at 561).

### III. ANALYSIS

Defendant Herrera cites *Okpalobi v. Foster*, 224 F.3d 405 (5th Cir. 2001) (en banc), for the proposition that "a state official cannot be enjoined to act in any way that is beyond his authority to act in the first place." Mot. to Dismiss 2. In *Okpalobi*, plaintiffs sued Louisiana's Governor and Attorney General to challenge the constitutionality of a statute that provided a private cause of action against medical doctors performing abortions. The District Court found the statute unconstitutional and issued an injunction against the Governor and Attorney General, enjoining enforcement of the statute. The Fifth Circuit Court of Appeals reversed and vacated the injunction for lack of jurisdiction under Article III.

The Fifth Circuit noted that the *Okpalobi* defendants had "no ability to enforce [the Act], a purely private tort statute, which can be invoked only by private litigants. . . . The plaintiffs have never suggested that any act of the defendants has caused, will cause, or could possibly cause any injury to them. . . . In fact, under [the Act], no state official has any duty or ability to do *anything*. The defendants have no authority to prevent a private plaintiff from invoking the statute in a civil suit. Nor do the defendants have any authority under the laws of Louisiana to order what cases the judiciary of Louisiana may hear or not hear." *Okpalobi*, 224 F.3d at 422, 426-427.

Unlike the defendants in *Okpalobi*, Defendant Herrera does not argue that he has no authority to remedy Plaintiffs' complaints in any way. He simply asserts that he does not have the authority to "maintain a heat index of 88 degrees or lower inside each of the Pack Unit's housing areas." Mot. to Dismiss 2. Even if that statement were true—a factual finding which

the Court declines to make at this point in the proceedings—Plaintiffs would still have standing to assert their claims against Defendant Herrera. While the heat index injunction is admittedly the "backbone" of the relief that Plaintiffs seek, it is not the only relief they seek. Pls.' Resp. to Def. Herrera's Mot. to Dismiss 1 (Doc. No. 176). They have asked this Court to "[p]ermanently enjoin Defendants to abate the risk of serious harm described [in the Complaint] by taking steps *including, but not limited to*, maintaining a heat index of 88 degrees or lower" inside the housing areas. Compl. 35 (emphasis added). Plaintiffs have complained of the health risks caused by exposure to extreme heat; at the very least, it is plausible that Defendant Herrera is capable of mitigating those health risks through the exercise of his official duties. Defendant Herrera does not maintain otherwise.

## IV. CONCLUSION

Because it is plausible that Defendant Herrera can redress at least some of Plaintiffs' alleged injuries, the Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** on this the 19th day of August, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE