# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BAILEY, MARVIN RAY YATES, KEITH COLE, and NICHOLAS DIAZ individually and on behalf of those similarly situated,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>BRAD LIVINGSTON, in his official capacity, ROBERTO HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE,<br>　　　　　　Defendants. | §§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.<br>4:14-cv-1698 |

## DEFENDANTS' DESIGNATION OF EXPERT WITNESSES

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Brad Livingston in his Official Capacity as the Executive Director, Robert Herrera in his Official Capacity as the Warden of the Pack Unit, and the Texas Department of Criminal Justice by and through their attorneys, the Office of the Attorney General of Texas, file their Designation of Non-Medical Expert Witnesses, pursuant to the Court's scheduling order and discovery requesting identification of experts.

**I.**

Subject to any further discovery which may ensue in this case, Defendants reserve the right to supplement any reports made by Defendants' experts.

**II.**

Defendants reserve the right to call as an expert any of the expert witnesses designated

by the Plaintiff in this matter and any experts designated by any party in the other pending Prison Heat Cases: *Adams, et al. v. Livingston, et al.*, Consolidated with *Webb;* Cause No. 4:14-cv-3302 Southern District – Houston Division (November 19, 2014), Do not docket in 4:14-cv-3326; *Caddell v. Livingston, et al.*, Cause No. 4:14-cv-3323 Southern District – Houston Division (June 20, 2014); *Hinojosa v. Livingston, et al.*, 5th Circuit Court of Appeal; No. 14-40459 (May 1, 2014) from Cause No. 4:14-cv-3311 Southern District – Houston Division (Oct. 15, 2013); *Kearney v. Currie, et al.,* Cause No. 2:14-cv-39 Southern District - Corpus Christi Division (February 5, 2014); *Martone et al., v. Livingston, et al.*, Cause No. 4:13-cv-3369 Southern District – Houston Division (Aug. 7, 2013); *McCollum et al. v. Livingston, et al.*, Cause No. 4:14-cv-3253, Southern District – Houston Division (November 13, 2014); *Togonidze v. Livingston, et al.*, Consolidated into Webb Cause No. 4:14-cv-3302 on November 19, 2014. Do not docket on Cause No. 4:14-cv-3324 Southern District – Houston Division (June 21, 2013); *Webb v. Livingston, et al.*, 5th Circuit Court of Appeals No. 14-40579; Consolidated *Adams & Togodize* into *Webb* Cause No. 4:14-cv-3302 on November 19, 2014 Southern District – Houston Division, hereinafter referred to collectively as "other Prison Heat Cases."

**III.**

Defendants incorporate all deposition testimony by any experts given in this case and in the other pending Prison Heat Cases. Additionally, Defendants supplement this designation by adopting and incorporating all deposition testimony that has been given and/or will be given in this matter or other Prison Heat Cases.

**IV.**

Defendants herein reserve the right to amend or supplement its designation with additional experts in response to or for rebuttal purposes after those designated Plaintiffs' or Defendants'

2

experts are deposed, should those depositions elicit testimony beyond what has been described in their respective designations.

V.

Defendants further reserve the right to elicit, by way of direct, cross- examination or rebuttal, any testimony from any designated experts or witnesses called by the Plaintiffs in this action or in other Prison Heat Cases.

VI.

A. Defendant Texas Department of Criminal Justice designates the following retained expert witnesses:

**1. John W. Nielsen-Gammon, Climatologist**

John Nielsen-Gammon, is a Regents Professor of Atmospheric Sciences at Texas A&M University, where he has been employed as a faculty member since 1991. He also is the Texas State Climatologist, having been appointed to that position by then-Governor George W. Bush in 2000. He holds an S.B. degree in Earth and Planetary Sciences (1984), an S.M. degree in Meteorology (1987), and a Ph.D. degree in Meteorology (1990), all from the Massachusetts Institute of Technology. His research activities are wide-ranging and include weather analysis and forecasting, air pollution meteorology, and applied climatology. The latter topic involves using climatological knowledge to solve real-world climate-related problems. He has served as chair of the American Meteorological Society's Board on Higher Education and as president of the International Commission for Dynamical Meteorology and is a Fellow of the American Meteorological Society. His full curriculum vitae is attached to his report as Appendix C. He has created his report in his private capacity as a consulting meteorologist. This report is not a work product of the Office of the State Climatologist of Texas. The Office of the State

Climatologist of Texas did provide much of the data used in his report, as specified in Section 3 of the report.

John Nielson-Gammon will testify regarding all aspects of his report, including but not limited to, his qualifications, the scope of his report, materials he reviewed, environmental measures of heat risk, National Weather Service Heat Advisories and Excessive Heat warnings, Heat Values and Forecasts during 2011 and 2012, potential future heat values, and all tables, figures, and CV attached to his report.

**2. Frank Traknyak, P.E., and/or Dan M. Sharp, A.I.A**

Frank Traknyak, P.E., and/or Dan M. Sharp, A.I.A., will testify regarding the feasibility and cost of installing mechanical cooling measures at the TDCJ Pack Unit. Mr. Traknyak and/or Sharp will testify regarding the existing conditions at the Pack and the appropriate temperature standards to analyze indoor thermal conditions. They also will testify regarding the appropriate type of cooling system for the application and will testify regarding the various as aspects of its installation and cost. They will testify regarding the upgrades and reconstruction that will be necessary to the building structure if mechanical cooling is installed. They will testify regarding the costs associated with the system including, but not limited to the purchase, installation, upkeep, and operating cost. They calculate an initial cost of $22,095,393 with annual operating costs of $477,678. They also will testify regarding the deficiencies, accuracy, and feasibility of the Plaintiffs' expert report regarding cooling the Pack Unit. They also may provide testimony regarding similar cost and feasibility studies they conducted at the TDCJ Hutchins Unit, Michael Unit, and Coffield Unit and these reports are provided with this disclosure.

These witnesses' opinions are based on TDCJ and UTMB policies, health care records, American Correctional Association standards, any literature they may have relied upon,

statements and depositions taken in this and the other Prison Heat Cases (and exhibits thereto), documents produced in discovery by the parties in this and the other Prison Heat Cases, policies relevant to the operation of the Pack Unit, and their education, training and experience, as well as additional documents identified in their reports.

Expected exhibits to which these witnesses may refer or rely upon when giving their testimony at trial are not fully known at this time but are expected to include related TDCJ and UTMB records, health care records, relevant literature, any written report of these witnesses or other witnesses and any of the testimony of any party or other witness in this or other Prison Heat Cases, the documents produced in this cause and the other Prison Heat Cases in discovery, articles concerning the events and TDCJ and UTMB policies, depositions in this cause and other Prison Heat Cases, and exhibits to said depositions. These witnesses may refer to or rely upon any exhibit shown to or admitted into evidence by any other witness in this or any other Prison Heat Case.

**B.     Non-Retained Experts**

**UTMB Medical Providers to TDCJ Inmates**

The following persons are employees or former employees of UTMB-CMC, the contracted medical provider at the Pack Unit and includes, but is not limited to, physicians, technicians, nurses, radiologists, physician's assistants, healthcare providers, clinics, hospitals and their agents, representatives and employees, where, or by whom, Plaintiffs, putative class members, and other TDCJ prisoners received medical care and treatment. Defendants identify all health care providers at the Pack Unit, including but not limited to, the following health care providers, as persons who may give expert testimony at the trial of this cause. To the extent it is necessary to call live at the trial of or deposition in this cause any

5

custodian of records for any of the following health care providers, Defendants identify any such custodian as a person who may have expert or fact knowledge.

The health care providers listed below are not within the control of Defendants and have not been retained by Defendants as expert witnesses (and therefore have not provided to Defendants any specific written report); therefore, for the mental impressions held by and the opinions of and facts known by any of the following witnesses, please refer to the medical records of Plaintiffs and putative class members, and any deposition testimony given or to be given by any such healthcare providers, discovery provided and all supplements thereto in this and the other Prison Heat Cases, and the policies and procedures of UTMB, TDCJ, and CMHC.

Dr. Fausto Avila, M.D.
Dr. Charles Adams, M.D.
Dr. Glenda Adams, M.D.
Dr. Owen Murray, M.D.
Dr. Susan Morris, M.D.
Jacques Baillargeon, Professor of Epidemiology and Senior Biostatistician at UTMB
Ms. Abke,
c/o Lee Haney, Assistant Attorney General
Office of the Attorney General

For the subject matter on which the medical providers will testify and the general substance of their mental impressions and opinions and for a brief summary of the basis for their opinions, please refer to the medical records and other documents produced in discovery in this case and other Prison Heat Cases. It is anticipated that these witnesses may provide opinions or facts regarding the conditions in the Pack Unit and TDCJ generally, medical conditions of the Plaintiffs and putative class members, the effects of heat on the human body generally, and applicable UTMB and TDCJ policies and procedures at the Pack Unit and/or UTMB and TDCJ generally.

**VII.**

Defendants reserve the right to elicit, by way of cross-examination, opinion testimony from experts designated or to be designated and called by other parties to this suit and other Prison Heat Cases. Defendants also reserve the right to elicit, by way of cross-examination, opinion testimony from Plaintiffs and their witnesses as well as UTMB-CMC current or former employees. Defendants express their intention to possibly call, as witnesses associated with adverse parties, any of Plaintiffs' experts and/or employees (or former employees). Defendants do not have any control over any such witness to be named by Plaintiffs or UTMB-CMC, nor do they have any superior right to ascertain the subject matter on which any such witness may testify and/or opinions held by any such witness, beyond the information disclosed in deposition testimony and/or by in discovery responses. In that regard, Defendants refer you to discovery documents, deposition testimony, and documents produced by the parties in discovery in this and other Prison Heat Cases, requests for the subject matter, facts known, and opinions and impressions of these witnesses. Defendants reserve the right to obtain opinion testimony from any such witness within their area of expertise or related to this case.

**VIII.**

Defendants reserve the right to call undesignated rebuttal expert witnesses, whose testimony cannot reasonably be foreseen until the presentation of the evidence against the Defendants.

**IX.**

Defendants reserve the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

**X.**

Defendants reserve the right to supplement this designation with additional designations of experts within the time limits imposed by the Court or any alterations of same by subsequent Court Order or agreement of the parties, or pursuant to the Federal Rules of Civil Procedure.

**XI.**

Defendants reserve the right to elicit any lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not violate any existing Court Order or the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. Specifically, Defendants reserve the right to elicit such testimony from persons with knowledge of relevant facts who have been identified in response to discovery propounded to Defendants.

**XII.**

Defendants reserve all additional rights they have with regard to experts pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the case law construing same, and the rulings of the trial court.

**XIII.**

Defendants name all of those persons identified as having knowledge of relevant facts whose training and background enables them to testify as experts and who may be called as experts by any of the parties to this litigation or in other Prison Heat Cases. Furthermore, Defendants adopt the designation of experts of Plaintiffs to this litigation, without necessarily adopting their opinions or validating their qualifications as experts. Furthermore, Defendants

consider this designation and any further supplementation of any applicable discovery request, including but not limited to its response to Initial Disclosure, supplemental disclosures, answers to Interrogatories, and/or response to Request for Production in this and other Prison Heat Cases, and documents produced to date with knowledge of the Texas Department of Criminal Justice, UTMB-CMC, CMHC and Pack Unit's policies, practices, procedures and specific knowledge concerning the facts described in the complaint and all amendments thereto, as well as any practices at the prison as persons who may be qualified to provide expert testimony on subjects for which they are qualified at the trial of this cause. To the extent it is necessary Defendants reserve the right to call live at the trial of or deposition in this cause any custodian of records for the TDCJ or UTMB-CMC. Defendants identify any such custodian as a person who may have expert knowledge regarding issues related to the incidents in question. These potential witnesses have not been retained by Defendants as expert witnesses and are state employees (and therefore have not provided to Defendants any specific written report or curriculum vitae). For the subject matter on which they will testify and the general substance of their mental impressions and opinions and for a brief summary of the basis for their opinions, if any, please refer to the records/documents produced to date and to any deposition testimony given or to be given by any such individuals in this and the other Prison Heat Cases.

## XIV.

Defendants reserve the right to call former and current employees and/or representatives of Defendants as they are identified in discovery.

## XV.

Defendants designate the following witnesses to testify with regard to Attorneys' Fees

which may be requested by the Plaintiffs:

>  Cynthia Lee Burton
>  Assistant Attorney General
>  Law Enforcement Defense Division
>  State Bar No. 24035455
>  P.O. Box 12548, Capitol Station
>  Austin, Texas 78711
>  (512) 463-2080

The undersigned is an attorney licensed to practice before this court with experience in representing parties in employment law cases, and will testify by affidavit concerning the reasonableness and necessity of any request by plaintiff for attorney's fees and costs. If a request for attorney's fees is made, Ms. Burton will render a professional opinion using the "Johnson Factors" as applicable to this case. No report is available or determinable at this time. Ms. Burton has been licensed since 1993.

>  Bruce R. Garcia, or his designee
>  Assistant Attorney General
>  Texas Bar No. 07631060
>  Southern District ID No. 18934
>  P.O. Box 12548, Capitol Station
>  Austin, Texas 78711
>  (512) 463-2080

The undersigned is an attorney licensed to practice before this court and will testify by affidavit concerning the reasonableness and necessity of any request by plaintiff for attorney fees and costs. If a request for attorney fees is made, Mr. Garcia will render a professional opinion using the "Johnson Factors" as applicable to this case. No report is available or determinable at this time. Mr. Garcia has been licensed since 1991. Investigation continues.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/*Cynthia L. Burton*_____
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District No. 35273
Cynthia.Burton@texasattorneygeneral.gov

**MATTHEW J. GREER**
Co-Counsel
Assistant Attorney General
Texas Bar No. 24069825
Southern District No. 1171775
Matthew.Greer@texasattorneygeneral.gov

**NADINE PHILLPOTTS**
Co-Counsel
Assistant Attorney General
Texas Bar No. 24058045
Southern District No. 939905
Nadine.Phillpotts@texasattorneygeneral.gov

**LORI K. ERWIN**
Assistant Attorney General
Co-Counsel
Texas Bar No. 06660300
Southern District No. 185192
Lori.Erwin@texasattorneygeneral.gov

Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS BRAD LIVINGSTON, ROBERTO HERRERA, and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

## NOTICE OF ELECTRONIC FILING

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants' Notice of Designation of Expert Witnesses** in accordance with the Electronic Case Files system of the Southern District of Texas, on this the 10th day of September, 2015.

*/s/ Cynthia Lee Burton*
CYNTHIA LEE BURTON
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants' Notice of Designation of Expert Witnesses** has been served to Plaintiffs' attorneys in accordance with the Court's electronic filing system on the 10th day of Sept. 2015.

*/s/ Cynthia Lee Burton*
CYNTHIA LEE BURTON
Assistant Attorney General