UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BAILEY, MARVIN RAY YATES, § | | |
| KEITH COLE, and NICHOLAS DIAZ § | | |
| individually and on behalf of those § | | |
| similarly situated, § | | |
| Plaintiffs, § | CIVIL ACTION NO. | |
| § | 4:14-cv-1698 | |
| § | | |
| v. § | | |
| § | | |
| BRAD LIVINGSTON, in his official § | | |
| capacity, ROBERTO HERRERA, in his § | | |
| official capacity, and TEXAS § | | |
| DEPARTMENT OF CRIMINAL § | | |
| JUSTICE, § | | |
| § | | |
| Defendants. § | | |

DEFENDANTS' AMENDED AND SUPPLEMENTAL
DESIGNATION OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Brad Livingston in his Official Capacity as the Executive Director, Robert Herrera in his Official Capacity as the Warden of the Pack Unit, and the Texas Department of Criminal Justice by and through their attorneys, the Office of the Attorney General of Texas, file this Amended Designation of Expert Witnesses to add experts (as permitted by the Court) and modify the section titled UTMB Medical Providers to TDCJ Inmates pursuant to the Court's order extending the medical expert and arsenic expert deadline (Docket Entry No. 295).

I.

Subject to any further discovery which may ensue in this case, Defendants reserve the right to supplement any reports made by Defendants' experts.

II.

Defendants reserve the right to call as an expert any of the expert witnesses designated

by the Plaintiff in this matter and any experts designated by any party in the other pending Prison Heat Cases: *Adams, et al. v. Livingston, et al.*, Consolidated with *Webb;* Cause No. 4:14-cv-3302 Southern District – Houston Division (November 19, 2014), Do not docket in 4:14-cv-3326; *Caddell v. Livingston, et al.*, Cause No. 4:14-cv-3323 Southern District – Houston Division (June 20, 2014); *Hinojosa v. Livingston, et al.*, 5th Circuit Court of Appeal; No. 14-40459 (May 1, 2014) from Cause No. 4:14-cv-3311 Southern District – Houston Division (Oct. 15, 2013); *Kearney v. Currie, et al.,* Cause No. 2:14-cv-39 Southern District - Corpus Christi Division (February 5, 2014); *Martone et al., v. Livingston, et al.*, Cause No. 4:13-cv-3369 Southern District – Houston Division (Aug. 7, 2013); *McCollum et al. v. Livingston, et al.*, Cause No. 4:14-cv-3253, Southern District – Houston Division (November 13, 2014); *Togonidze v. Livingston, et al.*, Consolidated into Webb Cause No. 4:14-cv-3302 on November 19, 2014. Do not docket on Cause No. 4:14-cv-3324 Southern District – Houston Division (June 21, 2013); *Webb v. Livingston, et al.*, 5th Circuit Court of Appeals No. 14-40579; Consolidated *Adams* & *Togodize* into *Webb* Cause No. 4:14-cv-3302 on November 19, 2014 Southern District – Houston Division, hereinafter referred to collectively as "other Prison Heat Cases."

### III.

Defendants incorporate all deposition testimony by any experts given in this case and in the other pending Prison Heat Cases.   Additionally, Defendants supplement this designation by adopting and incorporating all deposition testimony that has been given and/or will be given in this matter or other Prison Heat Cases.

### IV.

Defendants herein reserve the right to amend or supplement its designation with additional experts in response to or for rebuttal purposes after those designated Plaintiffs' or Defendants'

experts are deposed, should those depositions elicit testimony beyond what has been described in their respective designations.

**V.**

Defendants further reserve the right to elicit, by way of direct, cross- examination or rebuttal, any testimony from any designated experts or witnesses called by the Plaintiffs in this action or in other Prison Heat Cases.

**VI.**

A.     Defendant Texas Department of Criminal Justice designates the following retained expert witnesses:

**1.  John W. Nielsen-Gammon, Climatologist**

John Nielsen-Gammon, is a Regents Professor of Atmospheric Sciences at Texas A&M University, where he has been employed as a faculty member since 1991. He also is the Texas State Climatologist, having been appointed to that position by then-Governor George W. Bush in 2000.  He holds an S.B. degree in Earth and Planetary Sciences (1984), an S.M. degree in Meteorology (1987), and a Ph.D. degree in Meteorology (1990), all from the Massachusetts Institute of Technology.  His research activities are wide-ranging and include weather analysis and forecasting, air pollution meteorology, and applied climatology. The latter topic involves using climatological knowledge to solve real-world climate-related problems. He has served as chair of the American Meteorological Society's Board on Higher Education and as president of the International Commission for Dynamical Meteorology and is a Fellow of the American Meteorological Society.  His full curriculum vitae is attached to his report as Appendix C. He has created his report in his private capacity as a consulting meteorologist. This report is not a work product of the Office of the State Climatologist of Texas. The Office of the State

Climatologist of Texas did provide much of the data used in his report, as specified in Section 3 of the report.

John Nielson-Gammon will testify regarding all aspects of his report, including but not limited to, his qualifications, the scope of his report, materials he reviewed, environmental measures of heat risk, National Weather Service Heat Advisories and Excessive Heat warnings, Heat Values and Forecasts during 2011 and 2012, potential future heat values, and all tables, figures, and CV attached to his report.

### 2. Frank Traknyak, P.E., and/or Dan M. Sharp, A.I.A

Frank Traknyak, P.E., and/or Dan M. Sharp, A.I.A., will testify regarding the feasibility and cost of installing mechanical cooling measures at the TDCJ Pack Unit. Mr. Traknyak and/or Sharp will testify regarding the existing conditions at the Pack and the appropriate temperature standards to analyze indoor thermal conditions. They also will testify regarding the appropriate type of cooling system for the application and will testify regarding the various as aspects of its installation and cost. They will testify regarding the upgrades and reconstruction that will be necessary to the building structure if mechanical cooling is installed. They will testify regarding the costs associated with the system including, but not limited to the purchase, installation, upkeep, and operating cost. They calculate an initial cost of $22,095,393 with annual operating costs of $477,678. They also will testify regarding the deficiencies, accuracy, and feasibility of the Plaintiffs' expert report regarding cooling the Pack Unit. They also may provide testimony regarding similar cost and feasibility studies they conducted at the TDCJ Hutchins Unit, Michael Unit, and Coffield Unit and these reports are provided with this disclosure.

These witnesses' opinions are based on TDCJ and UTMB policies, health care records, American Correctional Association standards, any literature they may have relied upon,

4

statements and depositions taken in this and the other Prison Heat Cases (and exhibits thereto), documents produced in discovery by the parties in this and the other Prison Heat Cases, policies relevant to the operation of the Pack Unit, and their education, training and experience, as well as additional documents identified in their reports.

Expected exhibits to which these witnesses may refer or rely upon when giving their testimony at trial are not fully known at this time but are expected to include related TDCJ and UTMB records, health care records, relevant literature, any written report of these witnesses or other witnesses and any of the testimony of any party or other witness in this or other Prison Heat Cases, the documents produced in this cause and the other Prison Heat Cases in discovery, articles concerning the events and TDCJ and UTMB policies, depositions in this cause and other Prison Heat Cases, and exhibits to said depositions. These witnesses may refer to or rely upon any exhibit shown to or admitted into evidence by any other witness in this or any other Prison Heat Case.

### 3. Kathryn Means (formerly Dr. Buskirk) MD, CMD, CHCQM

Dr. Means is a physician licensed to practice medicine in the State of Texas. She has retired from TDCJ and is being compensated at $300 per hour for preparation of her report. Her rate for deposition testimony is $350 per hour, trial testimony is $400 per hour, and for travel at $100 per hour, and reimbursement for receipted expenses.  She holds several certifications including a medical director certification, that is, Certified Medical Director ("CMD") and Certification in Health Care Quality Management ("CHCQM"). Recently, she retired from the Texas Department of Criminal Justice ("TDCJ") where she served as the Director of Quality Monitoring and Compliance since 2009. In that position, she participated in monitoring the health care provided to TDCJ offenders by the contracted universities to ensure compliance with

the contract and Correctional Managed Health Care policies. Prior to entering correctional medicine at TDCJ in 2009, she was in private practice in Liberty, Texas, in Baytown, Texas and in Spring, Texas for sixteen years. For further details on her background and expert qualifications, please see her curriculum vitae which is attached to her report.

Dr. Means will testify regarding all aspects of her report, including but not limited to, her qualifications, the scope of her report, materials she reviewed, the thermoregulation process and its importance in humans, the impact of hot environmental temperatures on patients, chronic disease and heat related illness, risk of heat related illness, TDCJ's role in delivery of health care to offenders, TDCJ's Health Services, Description of the Pack Unit, mortality at the Pack Unit, heat related illnesses reported at the Pack Unit, heat related complaints, heat related illness and death data reported by TDCJ Health Services Director of Quality Monitoring and Compliance, accommodations for TDCJ offenders with disabilities, a review and summary of the named plaintiffs' medical record, low risk of heat related illness or injury to the named plaintiffs,  and all tables, figures, and CV attached to her report as well as any other related opinions.

### 4. Michael Puerini, MD, CCHP-A, NCCHC

Dr. Puerini is a physician licensed to practice medicine in the State of Oregon and is Board eligible in Family Medicine. His fee schedule is attached as an exhibit to his report. He charged $350 per hour for time spent in initial review, consultation and document preparation. He has accumulated approximately $7000 in fees for his role in this case to date.

He is an Advanced Certified Correctional Health Professional (CCHP-A), one of approximately fifty individuals so certified by the National Commission on Correctional Health Care ("NCCHC").  He is also the immediate Past President of the Society of Correctional Physicians ("SCP"), a national medical organization with offices in Chicago, Illinois. I have

served on the Board of Directors of the SCP from 2005, and has been the Chair of the Policy and Practice Steering Committee. He assists in planning a national program of education for physicians who work in correctional settings. He has been the Chief Medical Officer of the Oregon State Correctional Institution ("OSCI") since 1998.  He has also served on the Nursing Protocol Committee, performs all mortality reviews for the Oregon Department of Corrections ("ODOC"), and acts as the Assistant to the Medical Director. He is the director of physician education for the ODOC, planning a regional medical education program twice yearly and has been practicing primary care medicine in a correctional institution setting since 1992.  He is a physician accreditation surveyor for the NCCHC and has been for over fifteen years.  He has published educational articles in the field of Correctional Health Care and has made numerous presentations at NCCHC and SCP Conferences. Additional details of his credentials are contained in the curriculum vitae accompanying his expert report.

Dr. Puerini will testify regarding all aspects of his report, including but not limited to, his qualifications, the scope of his report, materials he reviewed, correctional medicine and TDCJ, definitions and opinions of diagnostic terminology in the *Bailey* case, impairment of thermoregulation, general standard of care-prevention of heat related injury, prevention of harm in correctional institutions, the correctional medicine environment, personal responsibility and prevention, risk stratification and prevention of heat injury, individual treatment plans,  scope of the problem of heat related injury and illness in the TDCJ, scope of the problem of heat related injury at the Pack Unit, prevention of heat injury policy and practice at the Pack Unit, potential medical complications of air conditioning, Dr. Means's medical statements and opinions, Dr. Vassallo's opinions, and all tables, figures, and CV attached to his report as well as any other related opinions.

7

### 5. Dean Rieger, MD, MPH

Dr. Rieger is a physician currently licensed to practice in 26 states in the United States, including Illinois. He receives $350 per hour for consultation services and $175 per hour for time in travel, and reimbursement for receipted expenses. He has been working in various capacities in correctional health care almost continuously since 1977, including direct care, administrative, and supervisory responsibilities in both jails and prisons, and including individual facilities ranging from a few hundred beds to ones with more than five thousand beds. He has served as an expert medical consultant to the court monitor in a case in Wayne County, Detroit. As the State Medical Director for the Indiana Department of Correction (IDOC), he was responsible for developing and implementing policies and procedures including helping the IDOC minimize the risks associated with heat stress injuries. He currently serves as the Deputy Chief Clinical Officer for Correct Care Solutions, a company that, as part of its activities, provides patient care services to approximately 250,000 jail and prison beds in almost 40 states. In addition to providing occasional in-house consultation regarding cases such as this one, he periodically serves as an expert witness in corrections-related cases unrelated to Correct Care Solutions. In his role as an administrative physician supporting many jails and state prisons, he has on many occasions provided advice regarding the risks associated with heat.

He will testify regarding all aspects of his report, including but not limited to, his qualifications, the scope of his report, materials he reviewed, risk of heat stress injury, TDCJ and other policies, acclimatization, opinions in the report, all other aspects of his report, and any other related opinions.

### 6. Dr. Heidi Bojes, PHD

Dr. Heidi Bojes has a PHD in Toxicology and a MSPH in Environmental Sciences and

8

Engineering.  She is the head of the Environmental & Injury Epidemiology and Toxicology Unit of the Texas Department of State Health Services.  Dr. Bojes will testify regarding the risks associated with the Arsenic levels in the water at the Pack Unit, or the lack thereof.  She has reviewed and will testify regarding the relevant measurements from the Unit, and the relevant studies on the issue.  She will opine on the non-cancer and cancer related health risks associated with drinking the water at the Pack Unit leading up to the planned installation of a filtration system projected to come on line in early 2017.  She has received no compensation for the preparation of her report except for her regular salary.

### B.    Non-Retained Experts

### 1.    Dr. Lannette Linthicum

Lannette Linthicum, M.D. FACP, CCHP-A. Other than the salary she receives as Director of the TDCJ Health Services Division, she is receiving no compensation for the preparation of this report.  She is qualified to offer an opinion on this matter based on her education, training, and experience in correctional health care.

She received her medical degree from the University of  Maryland School of Medicine in Baltimore, Maryland.  She also completed her internship and residency in Internal Medicine in Baltimore.  She is a diplomate of the American Board of Internal Medicine (board certified).  She is also a fellow of the American College of Physicians (FACP) and a Certified Correctional Health Profession-Advanced (CCHP-A).  She was part of the United States Public Health Service National Health Service Corps program.   She was assigned to the state of Texas in 1986 to fulfill a four year obligation to practice in a health professional shortage area and/or medically underserved area.  As a result, she was assigned to the Texas Department of Corrections, as it was named at that time.

9

Currently, she serves as the Director of the Health Services Division of the Texas Department of Criminal Justice (TDCJ-HSD), a position that she has held since 1998. She has worked every physician position in the TDCJ, including:  unit staff physician, unit medical director (health authority), regional medical director, chief of professional services, associate division director, and finally, division director.  Cumulatively, she has 29 years work experience in the TDCJ.

Nationally, she is recognized as a leader in correctional medicine.  She has served on the National Commission for Correctional Health Care (NCCHC) taskforce for the revision of 2003 edition of standards for health services in prisons. She was a contributor and co-author of chapter 27 in a textbook entitled, "Clinical Practice in Correctional Medicine" 2nd Edition.  The chapter was titled, "Mortality in Jails and Prison."  She also served on the American Correctional Association (ACA) health care committee that developed performance-based standards for Adult Correctional Institutions (ACI) manual.  She is one of the founding members and served as the first co-chair of the ACA Coalition of Correctional Health Authorities (CCHA) (2007-2010). The latter organization is comprised of the medical directors of all fifty (50) State Departments of Corrections, the Federal Bureau of Prisons (FBOP), and the five largest jails in the United States.  She has served as vice-chair of the ACA Standards Committee (2004-2012).  She served on the Commission on Accreditation for Corrections (2002-2010).  During that tenure, she was elected chair of Commission on Accreditation for Corrections twice; two, two-year terms (2008-2012).  She also served on the American Correctional Health Services Association Board of Directors (2002-2004).

She has served as a member of the ACA Executive Committee since 2013.  I was elected treasurer of the ACA (2013-2015).  In October of 2014, I was elected president of the American

Correctional Association (term of office 2015-2020).  Her election to that office is historic, being

the first medical doctor to serve as president of the ACA.  She has extensive knowledge of the

standards promulgated by both the ACA and NCCHC.  She received the Walter P. Dunbar

Accreditation Achievement Award in 2007.  The Dunbar Award is the highest honor bestowed

by the Commission on Accreditation for Corrections and is presented annually to a person whose

contributions have been superior in support of the accreditation process.  In 2011, she received

the ACA's highest achievement award, the E.R. Cass Award.  A complete description of her

background and list of organizations to which she belongs is included in her CV (see Exh. 1 to

Report).

She has testified in numerous cases throughout her career in the TDCJ.  In particular

during the mid-1980s-1990s, she served as the medical witness in Spears Hearings conducted at

TDCJ facilities.  She worked with numerous magistrates and federal judges who presided over

these hearings in matters pertaining to use of force injury allegations and medical complaints.

She also testified in numerous cases in federal court in which TDCJ and/or Correctional

Managed Health Care (CMHC) partner agencies were named.  During the Ruiz years while she

was a unit medical director at the Huntsville (Walls) Unit, she worked with the Special Master's

Office and a court appointed physician monitor from Baylor College of Medicine.

Dr. Linthicum will testify regarding all aspects of her report, including but not limited

to:  her qualifications; the scope of her report; the materials she reviewed; her description of

the Wallace Pack Unit; Assistive Disability Services and Developmental Disabilities Program;

Individual Treatment Plans versus Disability Determinations; Offender Access to Medical Care

and Monitoring of Offender Health Care; her personal job duties and the Duties of Health

Services, CMHCC, UTMB/TX Tech and role of each entity under Chapter 501; her

conclusions and opinions; any and all related policies and procedures; her related opinions; and all exhibits attached to her report.

## 2.      Phyllis McWhorter, RN

Phyllis McWhorter, RN has been the Manager IV in the Texas Department of Criminal Justice (TDCJ) Office of Health Services Liaison (HSL).  Other than the salary she receives as Health Services Liaison, she is receiving no compensation for the preparation of her Affidavit. She is qualified to offer opinions on this matter based on her education, training, and experience.  She has been a registered nurse in good standing (Board of Nurse Examiners for the State of Texas License #703670) since February 2004 when she graduated from Excelsior College, Albany, NY, with an Associate's Degree in Science (Nursing). Prior to that she practiced for three years as a licensed vocational nurse. From April 2005 to the present she has worked for the Texas Department of Criminal Justice (TDCJ) Health Services Division in the Office of Health Services Liaison (HSL).  She has been the Manager IV in that department since November 2005. Among her responsibilities is the supervision of nurses who establish and maintain liaison with county jail officials, facility healthcare providers and other departments within TDCJ and Correctional Managed Health Care (CMHC), to facilitate intra-agency transportation and assignment of offenders that is consistent with their healthcare needs. Additionally, this office performs audits of offender hospital and infirmary stays and discharges; and provides secondary screening of offenders for the Rehabilitation Programs Division. She is a member of the following committees: TDCJ/CMHC Policy and Procedure Committee, TDCJ Employee Emergency Transfer Board, TDCJ Quality Assurance Committee, TDCJ/CMHC System Leadership Committee, TDCJ Capacity Committee, and the TDCJ/CMHC Infirmary Subcommittee. Prior to her work in HSL, she was the Coordinator of

Infectious Diseases (CID) nurse at the TDCJ Goree Unit (October 2004 through April 2005); an instructor at the Joe G. Davis School of Vocational Nursing (March 2004 through October 2004); and a staff nurse at Huntsville Memorial Hospital in the Intensive Care Unit (March 2002 through March 2004).  She is a member of the American Nursing Association; the Texas Nursing Association, the American Correctional Association, and the Texas Corrections Association.  For the last 10 years she has been the Manager IV in the Texas Department of Criminal Justice (TDCJ) Office of Health Services Liaison (HSL).  Since its creation in 2010, part of her duties include maintaining the "Temperature Extremes" database. This database holds incidents of heat cramps, heat exhaustion, heat stroke and neuroleptic malignant syndrome that are reported to this office by unit-based healthcare staff.  Ms. McWhorter has prepared her Affidavit describing how she maintains the "Temperature Extremes" database along with Charts A-C which provide a summary of the data she has collected which has been disclosed as part of Initial Disclosures and supplements thereto.

Ms. McWhorter will testify regarding all aspects of her Affidavit, including but not limited to:  her qualifications; the scope of her Affidavit; the materials she reviewed; her personal job duties and the duties of Health Services Liaison; her conclusions and opinions; any and all related policies and procedures; and all Charts (including the underlying data she reviewed to compile the Charts) contained in her Affidavit.

### 3.      UTMB Medical Providers to TDCJ Inmates

The following persons are employees or former employees of UTMB-CMC, the contracted medical provider at the Pack Unit and includes, but is not limited to, physicians, technicians, nurses, radiologists, physician's assistants, healthcare providers, clinics, hospitals and their agents, representatives and employees, where, or by whom, Plaintiffs,

putative class members, and other TDCJ prisoners received medical care and treatment. Defendants identify all health care providers at the Pack Unit, including but not limited to, the following health care providers, as persons who may give expert testimony at the trial of this cause. To the extent it is necessary to call live at the trial of or deposition in this cause any custodian of records for any of the following health care providers, Defendants identify any such custodian as a person who may have expert or fact knowledge.

The health care providers listed below are not within the control of Defendants and have not been retained by Defendants as expert witnesses (and therefore have not provided to Defendants any specific written report); therefore, for the mental impressions held by and the opinions of and facts known by any of the following witnesses, please refer to the medical records of Plaintiffs and putative class members, and any deposition testimony given or to be given by any such healthcare providers, discovery provided and all supplements thereto in this and the other Prison Heat Cases, and the policies and procedures of UTMB, TDCJ, and CMHC.

Dr. Charles Adams, M.D.
Outpatient Division Medical Director, Correctional Managed Care
301 University Blvd.
Galveston, TX 77555-1006

Dr. Glenda Adams, M.D.
Sr. Medical Director Inpatient Services
200 River Pointe Suite 200
Conroe, Texas
c/o  Lee Haney, Assistant Attorney General

Dr. Owen Murray, M.D.
University of Texas Medical Branch, Galveston
Vice President for Offender Health Services
301 University Blvd.
Galveston, TX 77555-1006
c/o Lee Haney, Assistant Attorney General

Dr. Susan Morris, M.D.
Sr. Medical Director-CMC Operations
301 University Blvd.
Galveston, TX 77555-1006

Jacques Baillargeon,
Professor of Epidemiology and Senior Biostatistician at UTMB
(provided mortality rate table in Dr. Means' report)
301 University Blvd.
Galveston, TX 77555-1006

Sarah Abke
Practice Manager, Pack Unit
2400 Wallace Pack Road
Navasota, TX 77868

Below is a non-exhaustive list of medical personnel who examined and/or treated the named

plaintiffs for any heat-related illnesses, symptoms or complaints during the time period of the

alleged incident:

**Plaintiff Cole's Treating Medical Personnel**

Howard, Cresia L.V.N.
(Address will be supplemented)

Sterner, Valerie, PA-C
(Address will be supplemented)

Johnson, Barbar C. L.V.N.
(Address will be supplemented)

Dr. Fausto Avila, M.D.
2400 Wallace Pack Road
Navasota, TX 77868

**Plaintiff Yates's Treating Medical Personnel**

Anderson, Marianne R.N.
(Address will be supplemented)

Muldowney, Patrick J. PA-C
(Address will be supplemented)

**Plaintiff Brannum's Treating Medical Personnel**
    Benson, Debra K L.V.N.
(Address will be supplemented)

    Chukwumerije, NDI NP
 (Address will be supplemented)

**Plaintiff Wallace's Treating Medical Personnel**
    Lockridge, Sharon D. NP
(Address will be supplemented)

    Barbour, Howard N. NP
(Address will be supplemented)

    Suarez, Monica L. MA, MHC
(Address will be supplemented)

    Morton, Gary D. M.D.
(Address will be supplemented)

**Plaintiff Wilson's Treating Medical Personnel**
    Lockridge, Sharon D. NP
 (Address will be supplemented)


For the subject matter on which the medical providers will testify and the general substance of their mental impressions and opinions and for a brief summary of the basis for their opinions, please refer to the medical records and other documents produced in discovery in this case and other Prison Heat Cases. It is anticipated that these witnesses may provide opinions or facts regarding the conditions in the Pack Unit and TDCJ generally, medical conditions of the Plaintiffs and putative class members, the effects of heat on the human body generally, and applicable UTMB and TDCJ policies and procedures at the Pack Unit and/or UTMB and TDCJ generally.

**VII.**

16

Defendants reserve the right to elicit, by way of cross-examination, opinion testimony from experts designated or to be designated and called by other parties to this suit and other Prison Heat Cases. Defendants also reserve the right to elicit, by way of cross-examination, opinion testimony from Plaintiffs and their witnesses as well as UTMB-CMC current or former employees. Defendants express their intention to possibly call, as witnesses associated with adverse parties, any of Plaintiffs' experts and/or employees (or former employees). Defendants do not have any control over any such witness to be named by Plaintiffs or UTMB-CMC, nor do they have any superior right to ascertain the subject matter on which any such witness may testify and/or opinions held by any such witness, beyond the information disclosed in deposition testimony and/or by in discovery responses. In that regard, Defendants refer you to discovery documents, deposition testimony, and documents produced by the parties in discovery in this and other Prison Heat Cases, requests for the subject matter, facts known, and opinions and impressions of these witnesses. Defendants reserve the right to obtain opinion testimony from any such witness within their area of expertise or related to this case.

## VIII.

Defendants reserve the right to call undesignated rebuttal expert witnesses, whose testimony cannot reasonably be foreseen until the presentation of the evidence against the Defendants.

## IX.

Defendants reserve the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## X.

Defendants reserve the right to supplement this designation with additional designations of experts within the time limits imposed by the Court or any alterations of same by subsequent Court Order or agreement of the parties, or pursuant to the Federal Rules of Civil Procedure.

## XI.

Defendants reserve the right to elicit any lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not violate any existing Court Order or the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. Specifically, Defendants reserve the right to elicit such testimony from persons with knowledge of relevant facts who have been identified in response to discovery propounded to Defendants.

## XII.

Defendants reserve all additional rights they have with regard to experts pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the case law construing same, and the rulings of the trial court.

## XIII.

Defendants name all of those persons identified as having knowledge of relevant facts whose training and background enables them to testify as experts and who may be called as experts by any of the parties to this litigation or in other Prison Heat Cases. Furthermore, Defendants adopt the designation of experts of Plaintiffs to this litigation, without necessarily adopting their opinions or validating their qualifications as experts. Furthermore, Defendants consider this designation and any further supplementation of any applicable discovery request,

18

including but not limited to its response to Initial Disclosure, supplemental disclosures, answers to Interrogatories, and/or response to Request for Production in this and other Prison Heat Cases, and documents produced to date with knowledge of the Texas Department of Criminal Justice, UTMB-CMC, CMHC and Pack Unit's policies, practices, procedures and specific knowledge concerning the facts described in the complaint and all amendments thereto, as well as any practices at the prison as persons who may be qualified to provide expert testimony on subjects for which they are qualified at the trial of this cause. To the extent it is necessary Defendants reserve the right to call live at the trial of or deposition in this cause any custodian of records for the TDCJ or UTMB-CMC. Defendants identify any such custodian as a person who may have expert knowledge regarding issues related to the incidents in question. These potential witnesses have not been retained by Defendants as expert witnesses and are state employees (and therefore have not provided to Defendants any specific written report or curriculum vitae). For the subject matter on which they will testify and the general substance of their mental impressions and opinions and for a brief summary of the basis for their opinions, if any, please refer to the records/documents produced to date and to any deposition testimony given or to be given by any such individuals in this and the other Prison Heat Cases.

## XIV.

Defendants reserve the right to call former and current employees and/or representatives of Defendants as they are identified in discovery.

## XV.

Defendants designate the following witnesses to testify with regard to Attorneys' Fees which may be requested by the Plaintiffs:

Cynthia Lee Burton
Assistant Attorney General
Law Enforcement Defense Division
State Bar No. 24035455
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080

The undersigned is an attorney licensed to practice before this court with experience in representing parties in employment law cases, and will testify by affidavit concerning the reasonableness and necessity of any request by plaintiff for attorney's fees and costs. If a request for attorney's fees is made, Ms. Burton will render a professional opinion using the "Johnson Factors" as applicable to this case. No report is available or determinable at this time. Ms. Burton has been licensed since 1993.

Bruce R. Garcia, or his designee
Assistant Attorney General
Texas Bar No. 07631060
Southern District ID No. 18934
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080

The undersigned is an attorney licensed to practice before this court and will testify by affidavit concerning the reasonableness and necessity of any request by plaintiff for attorney fees and costs. If a request for attorney fees is made, Mr. Garcia will render a professional opinion using the "Johnson Factors" as applicable to this case. No report is available or determinable at this time. Mr. Garcia has been licensed since 1991. Investigation continues.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

20

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/*Cynthia L. Burton*
**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24035455
Southern District No. 35273
Cynthia.Burton@texasattorneygeneral.gov

**MATTHEW J. GREER**
Co-Counsel
Assistant Attorney General
Texas Bar No. 24069825
Southern District No. 1171775
Matthew.Greer@texasattorneygeneral.gov

**NADINE PHILLPOTTS**
Co-Counsel
Assistant Attorney General
Texas Bar No. 24058045
Southern District No. 939905
Nadine.Phillpotts@texasattorneygeneral.gov

**LORI K. ERWIN**
Assistant Attorney General
Co-Counsel
Texas Bar No. 06660300
Southern District No. 185192
Lori.Erwin@texasattorneygeneral.gov


Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station

21

Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS BRAD LIVINGSTON,
ROBERTO HERRERA, and the TEXAS
DEPARTMENT OF CRIMINAL JUSTICE**


## NOTICE OF ELECTRONIC FILING

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants' Amended and Supplemental Designation of Expert Witnesses** in accordance with the Electronic Case Files system of the Southern District of Texas, on this the 13th day of October, 2015.[1]

*/s/ Cynthia Lee Burton*
CYNTHIA LEE BURTON
Assistant Attorney General


## CERTIFICATE OF SERVICE

I, **CYNTHIA L. BURTON**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants' Amended and Supplemental Designation of Expert Witnesses** has been served to Plaintiffs' attorneys in accordance with the Court's electronic filing system on the 13th day of October 2015.

*/s/ Cynthia Lee Burton*
CYNTHIA LEE BURTON
Assistant Attorney General

---

[1] Since Oct. 12, 2015 was a Federal Holiday, this has been filed in accordance with the Federal Rules of Civil Procedure on the next business day.