United States District Court
Southern District of Texas
**ENTERED**
April 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, et al., | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-1698 |
| BRYAN COLLIER, et al., | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

In this case, the Court has been asked by Plaintiffs to require improvements in prison conditions at the Wallace Pack Unit. On June 14, 2016, the Court certified one General Class and two subclasses. That decision is currently on appeal to the Fifth Circuit. In the meantime, the Court has been asked to allow intervention by two individuals incarcerated at Eastham Unit in Lovelady, Texas. (Doc. Nos. 590 & 591.) Eastham Unit is a facility under the direction of Defendant Texas Department of Criminal Justice ("TDCJ"). All parties in this case are opposed to the proposed interventions. (Doc. Nos. 593 & 596.) Moreover, it is the opinion of the Court that the proposed interventions will unduly delay the adjudication of the original parties' rights. Both pending Motions to Intervene are therefore **DENIED**.

I.   Motions to Intervene

Quincy Butler and Joseph Peter Le'Dée have filed motions for joinder of claims pursuant to Federal Rule of Civil Procedure 18(a). However, as Defendants correctly point out, the motions should be construed as motions to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. Rule 18 governs when a current party seeks to join additional claims to a

1

lawsuit. Rule 24, however, governs when an individual seeks to become a party to existing litigation. Rule 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> (b) Permissive Intervention.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24. Movants have not claimed an unconditional right to intervene under a federal statute, nor can they claim an interest in the subject of the action sufficient for the "intervention of right" standard under Rule 24(a)(2). The Motions to Intervene are therefore properly considered under the guidelines for "permissive intervention" provided by Rule 24(b).

Permissive intervention is "wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir.) (en banc), *cert denied*, 469 U.S. 1019 (1984) (internal citation omitted); *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984). In considering a request for permissive intervention, it is proper to consider whether the Movants will significantly contribute to the full development of the underlying factual interests in the suit. *United Gas Pipe Line Co.*, 732 F.2d at 472. Courts are also instructed to inquire whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Neither of the Movants is incarcerated at the Wallace Pack Unit, which is the facility housing all named Plaintiffs and class members. Because they do not reside in the Wallace Pack Unit, it is unlikely that Movants would be able to contribute to the development of the facts at issue in this case. The Court is also persuaded by Plaintiffs and Defendants that permitting intervention would cause undue delay and prejudice to the existing parties. Moreover, disallowing intervention in this case has no effect on Movants' ability to bring suit in separate actions, nor will the ultimate disposition of this case affect their rights. The Motions to Intervene pending before the Court therefore are **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 6th day of April, 2017.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE