**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KEITH COLE**, *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:14-CV-1698** |
| | § | |
| **BRYAN COLLIER**, *et al*, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Pending before the Court is Plaintiffs' Motion for Reconsideration of Plaintiffs' Amended First Motion for Attorneys' Fees. (Doc. No. 599.) The Court denied Plaintiffs' motion for attorneys' fees on December 7, 2016. (Doc. No. 584). After considering the Motion, the response thereto, and all applicable law, the Court determines that the motion should be denied.

## I.   BACKGROUND

On June 21, 2016, the Court partially granted Plaintiffs' Emergency Motion for Preliminary Injunction (Doc. No. 434), ordering the Texas Department of Criminal Justice "to provide drinking water to the [prison] inmates at the Wallace Pack Unit [in Navasota, Texas] that conforms with EPA maximum contaminant level requirements . . . ." (Doc. No. 477 at 15.) The preliminary injunction was in effect until September 22, 2016, and was not renewed at that time. Defendants appealed the injunction, and at the time the Court considered Plaintiffs' motion for attorneys' fees, the Fifth Circuit had not yet ruled. Since that time, the Fifth Circuit dismissed the appeal as moot, since the injunction was no longer in place. (Doc. No. 594.) §

Litigation as to the underlying issue in this case—the high temperatures in Texas prisons during the summer months—is ongoing. Indeed, on May 1, 2017, Plaintiffs filed a Motion for

Preliminary and Permanent Injunction, this time with regard to the hot temperatures experienced by the plaintiffs in Pack Unit. An evidentiary hearing is set on that motion for the week of June 19, 2017.

## II.   LEGAL STANDARD

Rule 54(b) allows a court to revise an interlocutory order any time prior to the entry of judgment adjudicating all the claims and all the parties' rights and liabilities. The Federal Rules of Civil Procedure do not, however, specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Motions for reconsideration from interlocutory orders are generally governed by the standards for Rule 59(e) motions. *Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.3d 367, 371 n. 10 (5th Cir. 1998); *Thakkar v. Balasuriya,* No. H-09-0841, 2009 WL 2996727, at *1 (S.D. Tex. Sept. 9, 2009).

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate where there has been an intervening change in the controlling law. *See Schiller v. Physicians Resource Group Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.,* 367 F.3d

473, 479 (5th Cir. 2004); *see also In re Goff*, No. 13–41148, 2014 WL 4160444, *4 (5th Cir. 2014) ("A motion for reconsideration should only be granted in extraordinary circumstances").

## III.   ANALYSIS

In Plaintiffs' first motion for attorneys' fees, they contended that, because the Court entered a preliminary injunction with regard to the arsenic-laden water, they were "prevailing parties" under 42 U.S.C. § 1988(b) and were entitled to attorney's fees. The Court denied the motion, holding that it was premature. Plaintiffs' motion for reconsideration contends that because the Fifth Circuit has since dismissed Defendants' appeal as moot, Plaintiffs are prevailing parties and are entitled to attorneys' fees.

The governing statute, 42 U.S.C. § 1988(b), provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee.…" In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, the Supreme Court stated that a prevailing party exists when there is a "judicially sanctioned change in the legal relationships of the parties." 532 U.S. 598, 605 (2001). Since *Buckhannon*, the Fifth Circuit has not decided under what circumstances a preliminary injunction may meet the prevailing party standard and support an award of attorney's fees. However, a number of circuit courts have addressed the issue, and the Fifth Circuit reviewed the varying analyses in *Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 480 F.3d 734 (2007).

For example, the Eleventh Circuit has stated that "a preliminary injunction on the merits, as opposed to a merely temporary order which decides no substantive issues but merely maintains the status quo, entitles one to prevailing party status and an award of attorney's fees." *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551, 1558 (11th Cir. 1987). However, attorneys'

fees will not be awarded if it is later determined that the preliminary injunction was granted as a result of a "mistake in law." *Id.* The Seventh Circuit has held that a preliminary injunction may lead to prevailing party status if the plaintiff obtains "substantive relief that is not defeasible by further proceedings" and the case is mooted after the preliminary injunction is granted. *Dupuy v. Samuels*, 423 F.3d 714, 719 (7th Cir. 2005). The D.C. Circuit determined that a preliminary injunction suffices for prevailing party status if the plaintiff obtains substantial relief and the defendant does not appeal the injunction. *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 945 (D.C.Cir. 2005). And the Ninth Circuit has found that a preliminary injunction "carries all the 'judicial imprimatur' necessary to satisfy *Buckhannon*." *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002). The Ninth Circuit noted, however, that if a plaintiff secures a preliminary injunction but subsequently loses on the merits, the plaintiff would not be a prevailing party. *Id.* at 1096.

The Fifth Circuit did not select an approach from those outlined in *Planned Parenthood* because it found that the plaintiffs did not qualify as prevailing parties under any of the existing tests. *Id.* at 741.

Plaintiffs correctly point out that the Court denied Plaintiffs' motion for attorneys' fees in part because it was unknown whether the preliminary injunction would be upheld on appeal. But the fact that the appeal was dismissed as moot does not change the Court's finding that the motion for attorneys' fees is premature.[1] This is because "[s]everal of the tests described above look to information that is not yet available in this case"—most importantly, whether Plaintiffs will ultimately prevail on the merits of their case: the hot temperatures in Pack Unit. (Doc. No.

---

[1] Defendants maintain that the Fifth Circuit's dismissal of the appeal for mootness, and subsequent vacatur of the injunction because Plaintiffs' conduct mooted the issue, negates Plaintiffs' contention that they are a prevailing party. (Doc. No. 602 at 3-4.) The Court does not address this issue at this time, as it finds that the motion is still premature. (Doc. No.

484 at 3.) "Other tests require showings that are directly contradicted in this case, such as the case having been mooted or the defendants having failed to appeal the injunction." (*Id.*) Because the Court has not yet ruled on Plaintiffs' underlying claim for relief, it is not able to find, at this time, that Plaintiffs are prevailing parties. Accordingly, Plaintiffs' Motion for Reconsideration of Plaintiffs' Amended First Motion for Attorneys' Fees is **DENIED.**

     **IT IS SO ORDERED.**

     **SIGNED** at Houston, Texas on the 16th of May, 2017.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE