UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KEITH COLE, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:14-cv-1698 |
| | § | |
| **BRYAN COLLIER, et al.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND ORDER

In this case, the Court has been asked by Plaintiffs to require improvements in prison conditions at the Wallace Pack Unit. On June 14, 2016, the Court certified one General Class and two subclasses. That decision is currently on appeal to the Fifth Circuit. In the meantime, the Court has been asked to allow intervention by individuals incarcerated at the William B. Clements Unit in Amarillo, Texas; the Ramsey I Unit in Brazoria, Texas; and the Connally Unit in Kenedy, Texas. (Doc. Nos. 600, 615 & 622.) All three units are facilities under the direction of Defendant Texas Department of Criminal Justice ("TDCJ"). All parties in this case are opposed to the proposed interventions. (Doc. Nos. 614, 618, 619, 621, 624, & 630.) Moreover, it is the opinion of the Court that the proposed interventions would unduly delay the adjudication of the original parties' rights. All three pending Motions to Intervene are therefore denied.

The Court also finds that Ronald Wayne Johnson's motion challenging the qualification of Plaintiffs' counsel is without merit, and that he does not have standing to request injunctive relief. As such, those motions are also denied.

## I. Motions to Intervene

Ronald Wayne Johnson, Albert De La Garza, and Robert Leon Roberts have filed motions to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. Rule 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> (b) Permissive Intervention.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24. Movants have not claimed an unconditional right to intervene under a federal statute, nor can they claim an interest in the subject of the action sufficient for the "intervention of right" standard under Rule 24(a)(2). The Motions to Intervene are therefore properly considered under the guidelines for "permissive intervention" provided by Rule 24(b).

Permissive intervention is "wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir.) (en banc), *cert denied*, 469 U.S. 1019 (1984) (internal citation omitted); *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984). In considering a request for permissive intervention, it is proper to consider whether the Movants will significantly contribute to the full development of the underlying factual interests in the suit. *United Gas Pipe Line Co.*, 732 F.2d at 472. Courts

are also instructed to inquire whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

None of the Movants are incarcerated at the Wallace Pack Unit, which is the facility housing all named Plaintiffs and class members. Because they do not reside in the Wallace Pack Unit, it is unlikely that Movants would be able to contribute to the development of the facts at issue in this case. The Court is also persuaded by Plaintiffs and Defendants that permitting intervention would cause undue delay and prejudice to the existing parties. Moreover, disallowing intervention in this case has no effect on Movants' ability to bring suit in separate actions, nor will the ultimate disposition of this case affect their rights. Therefore, the Motions to Intervene pending before the Court are denied.

## II. Motion to Disqualify

Ronald Wayne Johnson also moves to disqualify the Texas Civil Rights Project ("TCRP"), the organization currently representing Plaintiffs alongside Edwards Law. Disqualification is rarely granted, and is a question of federal law, informed by local, state, and national ethical standards. *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311-12 (5th Cir. 1995). While Mr. Johnson alleges that TCRP is "incompetent," he does not give any basis for this opinion. (Doc. No. 600 at 8.) Nor does Mr. Johnson give any basis upon which the Court could find that TCRP violated any ethical standards. For these reasons, Mr. Johnson's motion to disqualify is denied.

## III. Motion for Injunction

Mr. Johnson also seeks an injunction for his own release, appointment of counsel to represent him, and an injunction foreclosing the prosecution of people with mental illness. (Doc. No. 600.) Because the Court has denied Mr. Johnson's motion to intervene, it finds that Mr.

Johnson does not have standing to request any relief in this case. Therefore, his motion for injunctive relief is denied.

**IV.	Conclusion**

For the above reasons, the motions to intervene filed by Mr. Johnson, Mr. Garza, and Mr. Roberts are **DENIED**. Furthermore, Mr. Johnson's motion to disqualify and motion for injunctive relief are also **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 16th day of May, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE