UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-01698 |
| | § | |
| BRYAN COLLIER, *et al*, | § § | |
| Defendants. | § | |

### MEMORDANUM AND ORDER

Before the Court is Plaintiffs' unopposed motion to extend the preliminary injunction issued in this case, pending final disposition of this case. (Doc. No. 848.) The history and facts of this action are set out in greater detail in the Court's prior memorandum and order entered on July 19, 2017. (Doc. No. 737.) Plaintiffs request that the Court renew the provisions of the current preliminary injunction (Doc. No. 737) and add dates certain for the heat index restriction for the heat sensitive subclass. Defendants do not oppose the motion.

Defendants' lack of opposition is conditioned on the parties' agreement that neither party makes any concession regarding the merits and neither side shall be prejudiced by seeking or agreeing to any extension of the preliminary relief or any findings required to extend the preliminary relief.[1] Nevertheless, this Court must analyze the evidence presented to ensure that a continuing preliminary injunction remains necessary to correct an ongoing constitutional violation. *See* 16 U.S.C. § 3626(a). After considering the evidence presented throughout this matter, the arguments of counsel, and all applicable law, the Court finds and concludes that Plaintiffs' motion should be granted. The Court finds and concludes as follows:

---

[1] Defendants do not concede the merits of Plaintiffs' claims or the Court's preliminary injunction order. The Court finds that Defendants have not waived any argument or defense.

1

## I. THE COURT REAFFIRMS ITS PREVIOUS FINDINGS AND CONCLUSIONS.

The Court finds that the evidence presented during the hearings in this matter will be applicable during the summer of 2018, in the absence of an order from this Court. The evidence shows that temperatures and the heat index at the Wallace Pack Unit are consistently dangerously hot during summer months, and therefore will be dangerously hot in the summer of 2018.[2] The evidence further shows that a Court order will be necessary to ensure that the same constitutional violations do not recur in 2018.[3] No intervening precedent since the Court's preliminary injunction memorandum and order changes the Court's legal analysis.

Accordingly, after considering all of the evidence before the Court, the arguments of counsel, all applicable filings, and the applicable law, the Court incorporates the findings and conclusions contained in its July 19, 2017 order. Doc. No. 737. Based on these findings and conclusions, the Court orders that the preliminary relief set forth in its July 19, 2017 order shall continue in effect, subject to the clarification set forth below.

## II. THE COURT FINDS THAT THE 88 DEGREE HEAT INDEX RESTRICTION FOR THE HEAT SENSITIVE SUBCLASS SHOULD BE IN EFFECT DURING THE PERIOD THROUGH OCTOBER 30, 2017 AND APRIL 15, 2018 THROUGH OCTOBER 30, 2018.

The Court finds that the heat index in the area near the Pack Unit seasonally exceeds safe levels for prolonged periods of time. Based upon the "Local Climatological Data" data provided by the National Centers for Environmental Information, an arm of the National Oceanic and

---

[2] *See, e.g.*, Plaintiffs' 2017 Hearing Exhibit 5; Doc. Nos. 693 & 693-1; National Centers for Environmental Information, Local Climatological Data for Brenham Municipal Airport, *available at* https://www.ncdc.noaa.gov/cdo-web/datasets/LCD/stations/WBAN:53928/detail (last accessed Oct. 5, 2017). The Court takes judicial notice of the hourly temperature and humidity data for Brenham Municipal Airport for the period from January 1, 2006 through October 4, 2017.

[3] *See, e.g.*, Doc. No. 720-11, p. 15, Deposition of C. Ginsel, p. 57:8-15; Doc. No. 720-13, pp. 10-12, Deposition of L. Linthicum, pp. 206:21-208:10; Doc. No. 721.

Atmospheric Administration, it is evident that the heat index outside of the Wallace Pack Unit often exceeds 88 degrees Farenheit for prolonged periods of time from approximately April 15 through October 30 each year.[4]

Accordingly, the Court finds that the 88 degree Farenheit heat index restriction for the heat sensitive subclass enumerated in its July 19, 2017 order shall be in effect during the annual period of April 15 through October 30 to protect the subclass from a substantital risk of serious harm, including violations of their constitutional rights, as discussed in the prior order. The Court further finds that requiring a specific annual date range for the heat index restriction will assist TDCJ in its planning for compliance and ease the burdens of compliance, thus protecting the constitutional rights of the subclass in a manner that is narrrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

Plaintiffs' motion to extend the preliminary injunction is GRANTED. TDCJ is hereby ORDERED to propose any changes or clarifications to its plan for compliance, consistent with the foregoing, by February 9, 2018. Plaintiffs shall respond no later than March 23, 2018.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on October _6_, 2017.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[4] *See* National Centers for Environmental Information, Local Climatological Data for Brenham Municipal Airport, *available at* https://www.ncdc.noaa.gov/cdo-web/datasets/LCD/stations/WBAN:53928/detail (last accessed Oct. 5, 2017). The local climatological data includes air temperature and relative humidity, measured every twenty minutes. The heat index can be calculated from this data by using the National Weather Service online calculator. *See* National Weather Service, Heat Index Calculator, http://www.wpc.ncep.noaa.gov/html/heatindex.shtml (last accessed Oct. 5, 2017).

3