UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, JACKIE BRANNUM, RICHARD KING, MICHAEL DENTON, FRED WALLACE, and MARVIN RAY YATES, individually and on behalf of those similarly situated, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:14-cv-1698 |
| | § | |
| v. | § | |
| | § | |
| BRYAN COLLIER, in his official capacity, ROBERTO HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § § § | |
| | § | |
| Defendants. | § | |

**EMERGENCY SECOND UNOPPOSED MOTION TO RENEW PRELIMINARY INJUNCTION**

Pursuant to 18 U.S.C. § 3626, Plaintiffs move the Court to renew the provisions of the current preliminary injunction [Doc. #737 and 854]. Plaintiffs request the Court to enter the same findings as at Doc. 737 and Doc. 854 to support the continuation of preliminary relief pending final disposition of this case. Plaintiffs file this motion out of an abundance of caution, as no additional order has been entered, though the Court granted Plaintiffs' prior motion that discusses the need for serial extensions. *See* Doc. 848, p. 2.

Defendants do not oppose the extension of the preliminary injunction, but Defendants do not concede that a continuing injunction is necessary or that the facts or law support such an injunction. Both parties agree that this motion, any findings resulting from Defendants' lack of opposition to this motion, and any entry of extensions do not prejudice either party at trial or on appeal. Both parties agree that an order granting an

1

extension of the preliminary injunction in connection with this motion will not be appealed and will not be raised in the pending appeal except to the extent necessary to show jurisdiction and standing.

I.        **DURATION AND RENEWAL OF THE PRELIMINARY INJUNCTION**

The Court entered the current preliminary injunction on July 19, 2017. Under the PLRA, a preliminary injunction automatically expires 90 days after its entry, "unless the Court makes the findings required under (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period." 18 U.S.C. § 3626(a)(2). Calculating conservatively, the 90-day period will fall on January 13, 2018, after the Court's prior October order extending the injunction from the prior scheduled expiration on October 17, 2017.

The preliminary injunction should be renewed, because, absent the injunction, the conditions of confinement at the Pack Unit addressed in the Court's order will recur. TDCJ's witnesses made clear in their testimony at the June 2017 hearing that TDCJ would not voluntarily take the steps ordered in the preliminary injunction, and that a Court order would be required. Therefore, Plaintiffs request that the preliminary relief be renewed as proposed below, and that the Court make the necessary findings and enter a final order renewing the preliminary injunction prior to January 13, 2018.

Under 18 U.S.C. § 3626(a)(2), the Court will need to repeatedly revisit this issue, or enter a permanent injunction, before the 90 day deadline in order to bind TDCJ continuously through the next summer. Defendants are unopposed, subject to the parties' agreement described above.

II.     **WINDOW SCREENS**

With respect to the provisions of the preliminary injunction regarding window screens, TDCJ advised the Court that it would implement first a temporary solution, and then a permanent solution to be completed in 26 weeks. Doc. # 769, p.7. As the 26-week time period falls after the expiration of the current preliminary injunction, the provisions of the injunction regarding window screens should be renewed to ensure completion of the permanent solution proposed by TDCJ.

III.    **HEAT WAVE POLICY AND PRISONER HEAT TRAINING**

The preliminary injunction also required TDCJ to adopt a heat wave policy and implement improved heat training. The parties agreed on a script for prisoner heat training (Doc. # 786-1), which the Court approved (Doc. # 799). The Court partially modified the heat wave policy proposed by TDCJ (Doc. #s 786-2 & 799).

Therefore, the provisions of the preliminary injunction requiring implementation of a heat wave policy for the Pack Unit and improved heat training should be renewed to ensure that TDCJ actually adopts and implements both for the summer of 2018.

IV.     **RESPITE POLICY IMPROVEMENTS**

As part of the preliminary injunction, the Court also ordered improvements to the Pack Unit respite area program. [Doc. # 737, p. 98]. Inmate training regarding respite and a revised informational poster regarding respite were agreed upon by the parties and approved by the Court. [Doc. #s 780, 783, 786-1, 799].

Therefore, the provisions of the preliminary injunction regarding improvements to the respite area program should be renewed so that the uncompleted items will be finished and implemented, and also to ensure that the previously approved poster and

training script will be implemented for the summer of 2018.

## V.   HEAT INDEX RESTRICTION FOR THE HEAT-SENSITIVE SUBCLASS

Pending final judgment in this case, the heat-sensitive subclass should continue to receive the protection afforded by the preliminary injunction requiring heat index values at or below 88 degrees in their housing areas. Although the summer is over, heat indices over 88 will recur again in 2018. Absent renewal of the preliminary relief imposing the heat index restriction, the heat-sensitive subclass will again be subjected to the same conditions while waiting for a final judgment in this case.

Plaintiffs request that the Court order specific dates for the heat index restriction to end in 2017 and then begin again in 2018, as a reasonable means both to protect the subclass and also ensure compliance with the PLRA. The Court approved specified dates from April 15 to October 30 each year in extending the previous orders. *See* Doc. 854.

Therefore, Plaintiffs request the Court to renew the provisions of the preliminary injunction regarding the heat index restriction for the heat-sensitive subclass, with effective dates as set forth above.

## VI.   CONCLUSION

Considering the lower temperatures prevailing in the winter months, Plaintiffs are mindful to seek ongoing relief that complies with the PLRA while also protecting the class. Plaintiffs believe that the proposal above achieves both goals, and is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation," while also giving "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1). Defendants are unopposed, on condition of the parties' agreement that nothing in this extension shall amount to a

concession to the merits of the underlying preliminary injunction.

Therefore, Plaintiffs request that the preliminary relief be renewed as proposed above, and that the Court make the attached findings and enter a final order renewing the preliminary injunction prior to January 13.

Respectfully submitted,

EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
      Tel.    512-623-7727
      Fax.    512-623-7729

By      /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Attorney-in-Charge
Scott Medlock
State Bar No. 24044783
Michael Singley
State Bar No. 00794642
David James
State Bar No. 24092572
Federal ID No. 2496580

Jeremy Doyle
State Bar No. 24012553
Federal ID No. 24559
Nathan Smith
State Bar No.: 24053060
Federal ID No. 1075505
REYNOLDS FRIZZELL LLP
1100 Louisiana
Suite 3500
Houston, Texas 77002
      Tel.       (713) 485-7200
      Fax.       (713) 485-7250

Wallis Nader
Texas Bar No. 24092884
Southern District No. 2609150

TEXAS CIVIL RIGHTS PROJECT—
HOUSTON
2006 Wheeler Ave
Houston, TX 77004
      Tel.    (832) 767-3650
      Fax.   (832) 554-9981

ATTORNEYS FOR PLAINTIFFS

<u>CERTIFICATE OF SERVICE</u>

By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Southern District of Texas.

By    /s/ Jeff Edwards
JEFF EDWARDS

<u>CERTIFICATE OF CONFERENCE</u>

By my signature below, I certify the parties conferred regarding this motion in September 2017, and agreed to the need for serial extensions. The Defendants are not opposed to the relief requested for the purposes of serial extensions, on the condition that the parties agree that the Court's extension will not be appealed or be prejudicial to the merits of the underlying preliminary injunctions issued before this motion was filed. Defendants do not concede the merits of the preliminary injunction. The Plaintiffs agree to these conditions for the purposes of this extension.

By    /s/ Scott Medlock
SCOTT MEDLOCK