UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, JACKIE BRANNUM, RICHARD ELVIN KING, LAVAR SANTEE, FRED WALLACE, and MARVIN RAY YATES, individually and on behalf of those similarly situated,<br>      Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | No. 4:14-cv-1698 |
| BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity and TEXAS DEPARTMENT OF CRIMINAL JUSTICE,<br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

## EMERGENCY MOTION FOR TRIAL CONTINUANCE

Defendants the Texas Department of Criminal Justice, Bryan Collier, and Robert Herrera (collectively, TDCJ) respectfully file this emergency motion for continuance of the pending March 5, 2018 trial date and pretrial deadlines until the U.S. Court of Appeals for the Fifth Circuit takes final action on the pending petition for rehearing *en banc* of the Court's class certification order.  Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's inherent authority to manage its docket, Defendants also respectfully move for expedited consideration of their Motion.  This is Defendants' first request for a continuance of the trial date.

This Court certified the class in the instant case on June 14, 2016.  Defendants timely filed for leave to appeal that class certification to the U.S. Court of Appeals for the Fifth Circuit, which was granted on July 29, 2016.  On August 18, 2017, a panel of the Fifth Circuit denied Defendants' appeal.  As recently as several months ago, therefore, it appeared that the appellate process for the class certification ruling had run its course.  On September 15, 2017, however, Defendants petitioned the Fifth Circuit for rehearing *en banc*, and on September 29, 2017, the Fifth Circuit directed Plaintiffs to brief Defendants' request for *en banc* review of its panel ruling by October 10, 2017.  Plaintiffs sought

1

and were granted an unopposed extension of that deadline to October 24, 2017, at which time they filed their brief. Defendants sought and were granted leave to file a reply brief, which they filed on November 8, 2017. The Fifth Circuit has not decided whether to rehear the case. The Fifth Circuit has been assessing this request for some time.

Accordingly, the Fifth Circuit may be reconsidering its ruling on class certification. The class certification decision in this case is so fundamental to the key issues at trial that going forward without its final resolution would be impractical. Doing so would leave Counsel without the means to tailor the evidence to the actual case at bar and risks wasting Counsel's and Court's time on a trial that could be rendered obsolete in midstream.

If, for example, the Fifth Circuit narrows class definitions or determines that the class or subclass does not share sufficient commonality to warrant certification, Defendants will lose the opportunity to tailor their defense to the actual class that survives appellate review and to raise important arguments on the merits. In such circumstances, the effort by the Court and all parties at the March 5th trial would be wasted. Additionally, each party has recently advised the other of an intent to seek multiple additional depositions of new witnesses, and document production (though already voluminous) is continuing at a rapid pace. A continuance will allow those processes to unfold in a manner that is more reasonable than on the current schedule.

A court has broad discretion to allow motions to extend deadlines, including the trial date. *Bettes v. Stonewall Ins. Co.*, 480 F.2d 92 (5th Cir. 1973); *Macaulay v. Anas*, 321 F. 3ed 45, 49 (1st Cir. 2003). Decisions regarding motions for continuance vary according to the specific circumstances at issue. But courts have ruled that district courts should generally allow amendments of pretrial orders when no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight. *Campbell Industries v. M/V Gemini,* 619 F.2d 24 (9th Cir. 1980). The uncertainty caused by pending appeals of key rulings,

including of class certification, is a common ground for district courts to grant a trial continuance – especially when accompanied by the continuation of discovery in light of the pending appeal. *Tipton v. CSX Transportation, Inc.*, No. 3:15-CV-311-TAV-CCS, 2017 WL 4583248 (E.D. Tenn, October 13, 2017)(denying a stay of the case, but granting trial continuance to assess trial and discovery plan after denial of class certification and during pending appeal); *Briggs & Stratton Corp. v. Kohler Co.*, No. 05-C-0025-C, 2006 WL 586672 (W.D. Wisc., July 12, 2006)(granting stay of damages phase of trial to "avoid the potential waste of judicial resources inherent in performing an accounting that may be invalidated on appeal."); *Kinkedad v. Humana, Inc.*, No. 3: 15-CV-01637-JAM, 2016 WL 9453808 (D. Conn., Oct. 13, 2016)(granting stay of case pending resolution of a "dispositive question" on appeal).

Here, the continuance is sought because the Fifth Circuit has yet to rule on the *en banc* petition. Delaying the trial until the Fifth Circuit makes a final determination will not result in any prejudice to either party.  The Court's preliminary injunction will extend pending final resolution of this case (absent modification or reversal upon appeal).  On the other hand, holding the trial while the Fifth Circuit's *en banc* decision remains pending would prejudice Defendants by forcing them to trial without a decisive ruling about the precise identity of the plaintiffs – and force the Court to reach a verdict on a record that may include elements not properly before it.

Accordingly, Defendants respectfully move this Court to continue the trial date and all associated deadlines until the Fifth Circuit makes its final determinations regarding Defendants' *en banc* petition and their appeal of the class certification Order.  Plaintiffs oppose this motion.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**LACEY E. MASE**
Division Chief, Law Enforcement Defense Division

*/s/ Craig M. Warner*
CRAIG M. WARNER
Assistant Attorney General
*Attorney-in-Charge*
State Bar No. 24079074
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080 / (512) 370-9814 Fax
Craig.warner@oag.texas.gov

**DARREN McCARTY**
Special Counsel for Civil Litigation
Co-Counsel
Texas Bar No.  24007631
Southern District ID No.28364
Darren.McCarty@oag.texas.gov

**JOHN S. LANGLEY**
Assistant Attorney General
Co-Counsel
Texas Bar No. 11919250
Southern District ID No. 14478
John.Langley@oag.texas.gov

**LEAH O'LEARY**
Co-Counsel
State Bar No. 24079074
Southern District No.: 1563191
Leah.O'Leary@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**
**COLLIER, HERRERA, AND TDCJ**

CERTIFICATE OF CONFERENCE

I, **CRAIG M. WARNER**, Assistant Attorney General, hereby certify that I conferred with

Plaintiffs' counsel by phone on January 25, 2018 and Plaintiffs' are opposed to this motion.

*/s/ Craig M. Warner*
Assistant Attorney General

NOTICE OF ELECTRONIC FILING

I, **CRAIG M. WARNER,** Assistant Attorney General of Texas, certify that I have

electronically filed **Defendants' Emergency Motion for Trial Continuance** in accordance with the

Electronic Case Files System of the Southern District of Texas, on January 26, 2018.

*/s/ Craig M. Warner*
Assistant Attorney General

CERTIFICATE OF SERVICE

I, **CRAIG M. WARNER**, Assistant Attorney General of Texas, certify that a true and correct

copy of the foregoing has been served by electronic notice in accordance with Rule 5(b)(2) of the

Federal Rules of Civil Procedure on January 26, 2018

*/s/ Craig M. Warner*
Assistant Attorney General