UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, JACKIE BRANNUM, RICHARD KING, MICHAEL DENTON, FRED WALLACE, and MARVIN RAY YATES, individually and on behalf of those similarly situated, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| | § | 4:14-cv-1698 |
| v. | § | |
| | § | |
| BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § § § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' ADVISORY TO THE COURT REGARDING MOTION TO APPROVE SETTLEMENT (DOC. 989)**

Plaintiffs advise the Court that the settlement subclass will initially be comprised of 1,083 inmates.

At the time the motion to approve the class action settlement (Doc. 989) was filed, TDCJ had not completed its review of the class members' medical records to determine subclass membership. A spreadsheet listing each class member's name, and his relevant medical conditions (or absence thereof), was produced to Plaintiffs' counsel on March 12, 2018.[1] The total number of initial settlement subclass members is 1,083.

This is a fair membership for the settlement subclass. Before the second preliminary injunction hearing, TDCJ had only identified 475 inmates who required "heat restrictions." To later comply with the second preliminary injunction, however, TDCJ moved 1,072 inmates out

---

[1] Because the spreadsheet contains private medical information, the Parties have agreed not to make it a part of the record. To the best of their ability, Plaintiffs' counsel is checking the accuracy of the list. Plaintiffs' counsel will raise any questions about the composition of the list with Defendants' counsel prior to addressing any issues with the Court.

of the Pack Unit. Thus, the initial settlement subclass includes a greater number of prisoners than the number of subclass members who received relief pursuant to the second preliminary injunction.

Settlement subclass membership is designed to be fluid. Prisoners will leave the subclass through attrition as they are released from custody or pass away. (The settlement class, for example, is approximately 70 prisoners smaller than the number present at the Pack Unit when the second preliminary injunction came into force, the vast majority of whom TDCJ represents were freed, and a small number who Defendants represent died naturally). Other prisoners will join the subclass as they age or develop heat-sensitive maladies. The initial absolute number of settlement subclass members, however, appears fair and reasonable given the Parties' agreement to re-define the subclass.

Dated: March 12, 2018.

Respectfully submitted,

Edwards Law
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
      Tel.   512-623-7727
      Fax.   512-623-7729

By     /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Attorney-in-Charge
Scott Medlock
State Bar No. 24044783
Michael Singley
State Bar No. 00794642
David James
State Bar No. 24092572
Federal ID No. 2496580

Jeremy Doyle
State Bar No. 24012553

Federal ID No. 24559
Nathan Smith
State Bar No.: 24053060
Federal ID No. 1075505
REYNOLDS FRIZZELL LLP
1100 Louisiana
Suite 3500
Houston, Texas 77002
    Tel.      (713) 485-7200
    Fax.     (713) 485-7250

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Court's electronic filing system.

By    /s/ Jeff Edwards
JEFF EDWARDS