UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEITH COLE, JACKIE BRANNUM, RICHARD ELVIN KING, LAVAR SANTEE, FRED WALLACE, and MARVIN RAY YATES, individually and on behalf of those similarly situated, <br>     Plaintiffs, <br><br> v. <br><br> BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity and TEXAS DEPARTMENT OF CRIMINAL JUSTICE, <br>     Defendants. | § § § § § § § § § § § § § § § §     No. 4:14-cv-1698 |

**Defendant's Response to the Court's Proposed Class Action Notice**

Defendants the Texas Department of Criminal Justice, Bryan Collier, and Robert Herrera (collectively, TDCJ) submit this response to the Court's proposed Class Action Notice. [ECF # 1017, 1017-1]. The Court requested feedback from the parties as to the proposed Class Action Notice, and set a status conference for March 14, 2018. [ECF # 1018].

This Court certified the class on June 14, 2016. The parties have reached a preliminary settlement agreement, which is contingent upon the Court's approval of a new settlement class definition. In order to properly notify the class members and potential objectors of the settlement, a notice will be disseminated to various interested individuals. The parties have conferred regarding the Court's proposed Class Action Notice. TDCJ's position is that the proposed notice should be amended.

The Court's proposed Class Action Notice communicates to the recipients that individuals later housed at the Pack Unit, including the Stringfellow evacuees who were temporarily sheltered at the Pack Unit during Hurricane Harvey and its immediate aftermath, became members of the class; but that they are being excluded from the class as part of the settlement. TDCJ's understanding is that

the class as originally certified by the Court included prisoners while housed at the Pack Unit. On July 19, 2017, the Court ordered temporary relief including, for some, lowered housing temperatures. [ECF # 769]. The order was formalized as a final compliance plan on August 8, 2017. [ECF # 771]. Pursuant to that ordered relief, prisoners housed at the Pack Unit either were moved to air-conditioned facilities (if members of the heat-sensitive subclass), or accorded other relief provided in the Court's order. Importantly, as part of the compliance plan represented to the Court during the August 8th hearing, subclass members being moved to air-conditioned facilities were expressly to be returned to the Pack Unit. Transcript of Status Hearing at 51:20–23 (Aug. 8, 2017).

The parties agree that the proposed settlement class includes all of the men who were intended to be protected under the July 19, 2017 Preliminary Injunction and the original class definition. The Stringfellow evacuees were transitory and temporary beneficiaries while at the Pack Unit. From the outset, there was never an intention to provide evacuees any type of permanency in the Pack Unit. [ECF # 796-1 at 3]. In other words, there was an intention to provide ongoing housing at the Pack Unit for what is now the proposed settlement class while not so for the later, transitory prisoners who were housed there. It is an important distinction in evaluating class membership and the impact of the settlement terms upon both groups.

The Court's proposed notice communicates to these later, transitory prisoners, that the settlement excludes them from the class; rather than communicating that being moved away from the Pack Unit following the evacuation removed them from the class, regardless of the settlement. This is not the parties' understanding of the original class. In this sense, the notice will invite objectors from non-class members who are not affected by the settlement.

With over 1,000 Stringfellow evacuees who temporarily resided at the Pack Unit plus the proposed settlement class, maintaining both the proposed settlement class and the evacuees at the Pack Unit is a practical impossibility and therefore irreconcilable with the other settlement terms.

Accordingly, Defendants are not opposed to the revisions to the proposed notice reflected in Plaintiffs' filing, ECF #1029.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**LACEY E. MASE**
Division Chief, Law Enforcement Defense Division

**CRAIG M. WARNER**
Assistant Attorney General
Attorney in Charge
Texas Bar No. 24084158
Southern District No. 1786468
Craig.Warner@oag.texas.gov

**DARREN McCARTY**
Special Counsel for Civil Litigation
Co-Counsel
Texas Bar No. 24007631
Southern District ID No.28364
Darren.McCarty@oag.texas.gov

**JOHN S. LANGLEY**
Assistant Attorney General
Co-Counsel
Texas Bar No. 11919250
Southern District ID No. 14478
John.Langley@oag.texas.gov

/s/ Leah O'Leary
**LEAH O'LEARY**
Co-Counsel
State Bar No. 24079074
Southern District No.: 1563191
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 936-2109 Fax
Leah.OLeary@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS
COLLIER, HERRERA, AND TDCJ**

## CERTIFICATE OF CONFERENCE

I, **Leah O'Leary**, Assistant Attorney General of Texas, do herby certify that Counsel for TDCJ conferred with Plaintiffs' lead counsel by email and by phone on March 13, 2018 regarding the this filing and its contents.

*/s/ Leah O'Leary*
LEAH O'LEARY
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, **Leah O'Leary**, Assistant Attorney General of Texas, do herby certify that I have electronically filed this pleading in accordance with the Electronic Case Files System of the Southern District of Texas, on March 13, 2018.

*/s/ Leah O'Leary*
LEAH O'LEARY
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Leah O'Leary**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served to all attorneys of record by electronic notice in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure on March 13, 2018.

*/s/ Leah O'Leary*
LEAH O'LEARY
Assistant Attorney General