UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-1698 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND ORDER

Plaintiffs in this class action bring claims related to extreme heat at the Wallace Pack Unit in Grimes County, Texas. (Doc. No. 629.) The Court previously certified a class (Doc. No. 473) and entered preliminary injunctions related to conditions at the Pack Unit (Doc. Nos. 477, 737). The parties reached agreement on a proposed class settlement. The Court granted preliminary approval of the settlement and amended its class certification order. (Doc. No. 1065.)[1] A final approval hearing is scheduled for May 8, 2018.

Pending before this Court are various motions filed by people who are incarcerated in the Texas Department of Criminal Justice ("TDCJ") prison system. The motions include requests to intervene, requests to be removed from the action, and requests for miscellaneous relief. For the reasons set forth below, the motions are denied.

---

[1] The prior class consisted of "[a]ll inmates who currently are, or in the future will be, incarcerated at the Pack Unit, and who are subjected to TDCJ's policy and practice of failing to regulate high indoor heat index temperatures in the housing areas." (Doc. No. 473 at 2-3.) The amended class (hereinafter, the "Class") consists of all individuals who were imprisoned at the Pack Unit on March 6, 2018 and all people who were housed at the Pack Unit between July 19, 2017 and August 8, 2017 and are still in TDCJ custody. (Doc. No. 1065 at 2; 6-33.)

1

**I.     MOTIONS TO INTERVENE**

   **A. Legal Standard**

Incarcerated individuals have filed requests with the Court to become parties to this lawsuit. Movants, who are pro se litigants, have styled their requests as motions to be added to the case, motions for joinder, and motions to join. *See, e.g.*, Doc. Nos. 905, 964, 982. Rule 19 governs mandatory joinder of parties. *See* Fed. R. Civ. P. 19. Rule 20 governs permissive joinder of parties. *See* Fed. R. Civ. P. 20. Requests for permissive joinder of parties are made by an existing party to the action. *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 287 F. Supp. 3d 651, 656 (E.D. Tex. 2018); *In re Smith*, 521 B.R. 767, 774 (Bankr. S.D. Tex. 2014). Intervention is the appropriate mechanism when a non-party asks the Court to add it as a party to the action. *See* Fed. R. of Civ. P. 24. The Court will construe requests to join the action as requests to intervene under Federal Rule of Civil Procedure 24.

Under Rule 24(a), an individual has a right to intervene if he makes a timely motion and: "1. is given an unconditional right to intervene by federal statute; or 2. claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

Rule 24(b) allows the Court to permit intervention by an individual who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452,

470-71 (5th Cir.) (en banc), *cert denied*, 469 U.S. 1019 (1984)) (internal citation omitted). In considering a request for permissive intervention, it is proper to consider whether the movant will significantly contribute to the full development of the underlying factual interests in the suit. *United Gas Pipe Line Co.*, 732 F.2d at 472. Courts are also required to inquire whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Some movants are Class members who seek intervention. Non-named class members may intervene in a class action if the requirements of Rule 24(a) are met. "Intervention of right under Rule 24(a) and class action certification under Rule 23 are two separate and distinct theories." *Lelsz v. Kavanagh*, 710 F.2d 1040, 1043–44 (5th Cir. 1983) (internal quotation and citation omitted).

### B. Mr. Jim Warren's Motion to be Added to Cases (Doc. No. 905)

Mr. Jim Warren is incarcerated at the Estelle Unit and asks to be named in this action. (Doc. No. 905.) He resided in the Pack Unit from April 2008 through October 2010, before this lawsuit was filed. *Id.* Mr. Warren is not a member of the Class. *See* Doc. No. 1065.

The Court recognizes that Mr. Warren may experience dangerous heat conditions at his unit, but finds that this case is not the proper avenue for seeking relief. Mr. Warren has not demonstrated an unconditional right to intervene under Rule 24(a). He has not identified a statute that provides an unconditional right to intervene, and does not claim an interest relating to the transaction that is the subject of this action, constitutionally adequate temperature-related conditions at the Pack Unit. Mr. Warren is not incarcerated at the Pack Unit, so this action does not impair or impede his ability to protect his own interest in safe heat conditions.

The Court declines to permit intervention under Rule 24(b). His inclusion in the action would expand the scope of the litigation, causing significant delay at this late stage in the case. The parties have reached settlement and await final approval. The case has already proceeded through extensive discovery, class certification, evidentiary hearings, and multiple preliminary injunctions, all of which relate to the Pack Unit. Disallowing intervention in this case has no effect on Mr. Warren's ability to bring suit in a separate action, nor will the ultimate disposition of this case affect his rights. Mr. Warren's motion is therefore **DENIED**.

### C. Mr. David Weir's Motion to Join Class Action (Doc. No. 964)

Mr. David Weir is incarcerated at the Stiles Unit and asks to join the class action. (Doc. No. 964.) Mr. Weir was at the Pack Unit from early April of 2016 through approximately July of 2016. (Doc. No. 964 at 1.) Mr. Weir was a member of the class as it was previously defined, for the time when he was incarcerated at the Pack Unit. Mr. Weir is not a member of the Class. *See* Doc. No. 1065 at 6-33.

The analysis of Mr. Warren's request for intervention applies equally to Mr. Weir's request. The Court recognizes that Mr. Weir may experience dangerous heat conditions at his unit, but finds that this case is not the proper avenue for seeking relief. The inclusion of Mr. Weir in this action would expand the scope of the litigation to include the Stiles Unit, causing significant delay at this late stage in the case. Disallowing intervention in this case has no effect on Mr. Weir's ability to bring suit in a separate action, nor will the ultimate disposition of this case affect his rights. Mr. Weir's motion is therefore **DENIED**.

### D. Mr. Todd Alan Feemster's Motion for Joinder (Doc. No. 979, 982)

Mr. Feemster was incarcerated at the Pack Unit when he filed his motion on February 14, 2018. (Doc. No. 979, 982.) Mr. Feemster is now incarcerated at the Stiles Unit. Mr. Feemster

was not incarcerated at the Pack Unit on March 6, 2018 or between July 19, 2017 and August 8, 2017, and is therefore not a member of the Class. *See* Doc. No. 1065 at 6-33.

Again, the analysis of the requests for intervention by Mr. Warren and Mr. Weir applies to Mr. Feemster's request. The Court recognizes that Mr. Feemster may experience dangerous heat conditions at his unit, but finds that this case is not the proper avenue for seeking relief. The inclusion of Mr. Feemster in this action would expand the scope of the litigation to include the Stiles Unit, causing significant delay at this late stage in the case. Disallowing intervention in this case has no effect on Mr. Feemster's ability to bring suit in a separate action, nor will the ultimate disposition of this case affect his rights. Mr. Feemster's motions are therefore **DENIED**.

### E. Mr. James Gentry's Motion to Join the Class (Doc. No. 1015)

Mr. James Gentry requests to "join the lawsuit as a Plaintiff or Movant and protect his interest in any claim that arises out of the reckless and deliberate indifference of Defendants herein." (Doc. No. 1015 at 2.) Mr. James Gentry is a member of the Class and is therefore already a party to this action. *See* Doc. No. 1065 at 6-33.

Mr. Gentry resided at the Pack Unit through August 15, 2017, when TDCJ transferred him to other air-conditioned housing during implementation of the preliminary injunction. (Doc. No. 1015 at 2.) Mr. Gentry was transferred back to the Pack Unit on February 23, 2018. Mr. Gentry is seventy-five years old and reports that he has multiple diseases, including Parkinson's, Alzheimer's, arthritis, prostate issues, and inhibited thyroid. He takes numerous medications.

Mr. Gentry's interests in safe temperature-related conditions at Pack are being adequately represented by the named Plaintiffs. Rule 24(a) does not provide a right to intervene if the existing parties adequately represent the movant's interest. Fed. R. Civ. P. 24(a). Mr. Gentry has

not identified any inadequacy in the named Plaintiffs' representation of his interests. Mr. Gentry's motion is therefore **DENIED**.

    **F. Mr. Donald Shelby's Motion for Joinder (Doc. No. 1076)**

Mr. Donald Shelby requests "to join the class action to preserve claims to injury, which occurred between 05/05/15 and March 07 [illegible], during incarceration at the Texas Department of Criminal Justice, Wallace Pack Unit." Doc. No. 1076 at 1. Mr. Shelby is a Class member and states that he is in the heat sensitive subclass. *See* Doc. No. 1076, Doc. No. 1065 at 6-33. Mr. Shelby alleges that he was diagnosed with high arsenic levels while at Pack in May of 2015, and was subject to substantial risk of harm while incarcerated at the Diboll Unit in August of 2017. *Id.*

As a Class member, Mr. Shelby's interests in this case are being represented by the named Plaintiffs. The proposed settlement requires TDCJ to provide air-conditioning to Class members, including Mr. Shelby, from April 15 to October 15 annually. Mr. Shelby has not identified any inadequacy in the named Plaintiffs' representation of his interests. To the extent Mr. Shelby wants to bring claims for money damages or claims that are otherwise outside the scope of this lawsuit, Mr. Shelby must do so through a separate action. Mr. Shelby's motion is therefore **DENIED**.

    **G. Mr. Clayborne Baity's Motion for Joinder (Doc. No. 1075), Mr. Terry Franklin's Motion for Joinder (Doc. No. 1080), Mr. Trevais Freeman's Motion for Joinder as to Complaint (Doc. No. 1081), Mr. Daniel Puga's Motion for Joinder (Doc. No. 1082), Mr. Barry Newman's Motion for Joinder (Doc. No. 1087), Mr. Wayne Williams's Motion for Joinder (Doc. No. 1088)**

Mr. Clayborne Baity, Mr. Terry Franklin, Mr. Trevais Freeman, Mr. Daniel Puga, Mr. Barry Newman, and Mr. Wayne Williams move to be named as Plaintiffs in this action under the theory that TDCJ plans to transfer them out of the Pack Unit. (Doc. Nos. 1075, 1080, 1081, 1082, 1087, 1088.) They move under Federal Rules of Civil Procedure 18 and 19 for joinder of

parties, seeking to be included as Plaintiffs. They are all members of the Class and are therefore already parties to this action. *See* Doc. No. 1065 at 6-33.

Mr. Baity, Mr. Franklin, Mr. Freeman, Mr. Puga, Mr. Newman, and Mr. Williams are currently incarcerated at the Pack Unit. In their respective filings, each alleges that TDCJ intends to transfer him from the Pack Unit to avoid compliance with the proposed settlement. This contention reveals movants' misunderstanding of the proposed settlement. Under the proposed settlement, TDCJ commits to house Class members at the Pack Unit unless they voluntarily opt-out of the Class action or are subject to involuntary transfer out of the Pack Unit to receive medical treatment or for legitimate security reasons. Doc. No. 989-4 at 11. If Class members must be transferred from the Pack Unit, TDCJ commits to transfer them to air-conditioned units. Doc. No. 989-4 at 12. The allegations that TDCJ plans to transfer these individuals out of Pack to avoid providing safe temperature conditions are conjecture. If such an event occurs, Class Counsel will raise the issue with the Court.

The interests of Mr. Baity, Mr. Franklin, Mr. Freeman, Mr. Puga, Mr. Newman, and Mr. Williams in safe temperature-related conditions at Pack are being adequately represented by the named Plaintiffs. Rule 24(a) does not provide a right to intervene if the existing parties adequately represent the movant's interest. Fed. R. Civ. P. 24(a). Mr. Baity, Mr. Franklin, Mr. Freeman, Mr. Puga, Mr. Newman, and Mr. Williams have not identified any inadequacy in the named Plaintiffs' representation of his interests. The motions to intervene of Mr. Baity, Mr. Franklin, Mr. Freeman, Mr. Puga, Mr. Newman, and Mr. Williams are therefore **DENIED**.

### H. Mr. James Meeks' Motion for Intervention (Doc. No. 1085)

Mr. James Meeks moves to intervene in this action and present his claims. (Doc. No. 1085.) Mr. Meeks is incarcerated at the Leblanc Unit and is not a Class member. *See id.*, Doc.

No. 1065 at 6-33. Mr. Meeks has chronic thyroid disease, for which he is on medication. He reports experiencing negative health outcomes because of his exposure to heat in TDCJ prisons over the past few years. (Doc. No. 1085 at 1.) Mr. Meeks states that he was housed at the Leblanc Unit, which has climate-control, because of the Court's injunctions in this case. *Id.* Inmates who were transferred to Pack during Hurricane Harvey evacuations in 2017 were then transferred to climate-controlled units, including Leblanc, to comply with the Court's injunction. A description of transfers that occurred during TDCJ's implementation of the injunction is available in the Court's March 27, 2018 Order. (Doc. No. 1064 at 3-4.)

Mr. Meeks does not have a right to intervene in this lawsuit. Mr. Meeks is currently in air-conditioned housing, so does not have a claim for relief from unsafe temperatures. Additionally, he does not claim an interest relating to the transaction that is the subject of this action, constitutionally adequate temperature-related conditions at the Pack Unit. Mr. Meeks is not incarcerated at the Pack Unit, so this action does not impair or impede his ability to protect his own interest in safe heat conditions.

The Court declines to permit intervention under Rule 24(b). His inclusion in the action would expand the scope of the litigation, causing significant delay at this late stage in the case. The parties have reached settlement and await final approval. The case has already proceeded through extensive discovery, class certification, evidentiary hearings, and multiple preliminary injunctions, all of which relate to the Pack Unit. Disallowing intervention in this case has no effect on Mr. Meeks's ability to bring suit in a separate action, nor will the ultimate disposition of this case affect his rights. Mr. Meeks's motion is therefore **DENIED**.

**I. Mr. Steve Galloway's Motion for Joinder (Doc. No. 1107)**

Mr. Steve Galloway is incarcerated at the Pack Unit. (Doc. No. 1107.) Mr. Galloway is a Class member. *See* Doc. No. 1065 at 6-33. Mr. Galloway asks to be named as a Plaintiff in this action. Mr. Galloway reports that he was kept at Pack while the injunction transfers were occurring. (Doc. No. 1107.) He does not allege that he is a member of the heat-sensitive subclass and does not allege his remaining at Pack violated the preliminary injunction. Mr. Galloway does allege that he and other remaining Pack Unit residents were required to work fifteen to twenty hours per day in the kitchen. *Id.*

As a Class member, Mr. Galloway's interests in this case are being represented by the named Plaintiffs. The proposed settlement requires TDCJ to provide air-conditioning to Class members, including Mr. Galloway, from April 15 to October 15 annually. Mr. Galloway has not identified any inadequacy in the named Plaintiffs' representation of his interests. Mr. Galloway's motion is therefore **DENIED**.

## II.     MOTION FOR REMOVAL FROM LAWSUIT

Mr. Raymond Torres filed a motion with this Court seeking removal from the class. (Doc. No. 974.) Mr. Torres styled his document as a Motion to Dismiss for Misjoinder, but asked the Court to remove him from the lawsuit and order TDCJ to remove him from the LeBlanc Unit, where he is incarcerated. (Doc. No. 974 at 1, 10.) Mr. Torres is not a member of the Class. Doc. No. 1065 at 6-33. His motion requesting removal from the lawsuit is therefore **DENIED** as moot.

In his motion and in prior correspondence, Mr. Torres also alleged deficient and hazardous conditions of confinement at the LeBlanc Unit. The Court held two status conferences to address complaints that arose from TDCJ's system of transferring people to comply with the heat-restriction in the Court's July 2017 preliminary injunction. *See* Minute Entry for

10/30/2017, Minute Entry for 12/12/2017, Tr. at Doc. No. 963. Under the terms of the proposed settlement and the Court's recent extension of the July 2017 preliminary injunction (Doc. No. 1061), TDCJ will cool the housing areas at the Pack Unit and is no longer transferring Class members from the Pack Unit to comply with the heat-restriction. Conditions at other units are therefore outside of the scope of this lawsuit.

Mr. Torres also filed a motion to expedite his motion for misjoinder and a motion for a hearing on the motion for misjoinder, his complaints, and the emergency motion filed by another individual as docket entry 990. (Doc. Nos. 975, 1037.) The Court has ruled on his motion for misjoinder and the Court held a hearing on the emergency motion on March 21, 2018. Mr. Torres' motions are therefore **DENIED** as moot.

### III. MOTIONS FOR MISCELLANEOUS RELIEF

Before the Court are motions filed by Class members and other individuals during TDCJ's implementation of the Court's July 2017 preliminary injunction (Doc. No. 737). TDCJ complied with the Court's directive that heat-sensitive class members be housed in safe temperatures by transferring heat-sensitive individuals from the Pack Unit to air-conditioned units. (Doc. Nos. 769, 771.) Class members had complaints regarding the transfer process and conditions of confinement at the transfer units. The Court addressed these concerns, to the extent they related to implementation of the injunction, at status conferences on October 10, 2017 and December 12, 2017. The Court deferred taking further action until the issues could be fully presented at trial, to the extent they related to the claims in this case. Since these motions were filed, the parties have reached settlement and Class members have been returned to Pack. The motions of Mr. Reginald Nelson (Doc. No. 902), Mr. Marvin Yates (Doc. No. 903), and Mr.

Kelvin Jones (Doc. No. 915), which relate to conditions of confinement at temporary transfer units, are therefore **DENIED** as moot.

Mr. Israel Garcia, a Class member, moved the Court to compel TDCJ to restore his status as a "Trusty" inmate. (Doc. No. 925.) Mr. Garcia alleges that he had an S2 G1 status and was demoted to an S3 G2 status without a formal hearing. Mr. Garcia has not alleged that the change in status relates to this case, which addresses dangerous heat and related conditions of confinement at the Pack Unit. Mr. Garcia alleges facts and requests relief that are outside the scope of this action. Mr. Garcia's motion is therefore **DENIED**.

Mr. Reginald Nelson, a Class member, moved the Court to dismiss a letter that he previously filed seeking removal from the class. (Doc. No. 1068.) The parties have established an opt-out procedure for settlement, which will allow class members to opt-out of the class if the settlement is approved. *See* Opt-Out form at Doc. No. 1065 Exh. 3. Class members must complete the opt-out form and send the form to Edwards Law in order to opt out of this class action. The Court does not consider Mr. Nelson's prior correspondence as an opt-out, since it was not submitted through the proper opt-out mechanism. His motion to dismiss the letter is **DENIED** as moot.

Mr. Steven Perez, who is not a Class member, was temporarily housed in the Pack Unit during TDCJ's period of transferring individuals to comply with the July 2017 preliminary injunction. Mr. Perez moved the Court to "supplement a pleading" to take note of his concerns about his transfer and conditions of confinement at the Pack Unit. (Doc. No. 937.) His complaints included concerns about shower stalls, lockers, and food. Mr. Perez also moved the Court to order a hardship transfer out of the Pack Unit, in order to be near his family. (Doc. No.

945.) Mr. Perez's requests are not within the scope of this case. His requests are also moot, as he is no longer incarcerated at the Pack Unit. Mr. Perez's motions are therefore **DENIED**.

Mr. R. Wayne Johnson, who is not a Class member, filed two motions with the Court asking the Court to order the FBI to investigate (unspecified target), to grant $5 million in restitution, to issue warrants (unspecified), to halt pro se legal work, to protect him from TDCJ crimes, and to appoint an attorney. (Doc. Nos. 943, 947.) Mr. Johnson's requests are not within the scope of this case; his motions are therefore **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on May 3, 2018.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE