Case 4:14-cv-01698 Document 1145 Filed in TXSD on 05/04/18 Page 1 of 12

United States Courts
Southern District of Texas
FILED
MAY 04 2018
David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY TOM GARLAND, MOVANT | § § § § § § § § § | CIVIL ACTION NO: 4:14-CV-1698 Cole v. Collier |
| v. | | |
| Director of TDCJ-ID Bryan Collier et. al | | |

MOTION FOR FEDERAL QUESTION OF MULTIPARTY JURISDICIOIN AND DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Henry Tom Garland, TDCJ-ID # 01134162, hereafter Movant, acting pro se, requesting liberal pleading standard. See Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594 (1972) (pro se complaint held to less stringent standards than formal papers drafted by lawyers). Respectfully comes before this Honorable Court as a subclass member of Cole v. Collier, 4:14-CV-01698 for clarification of the Courts

Page 01                    Page 02 To Follow

ruling in this said Class Action.

## I. JURISDICTION

Pursuant to Federal Rules of Civil Procedure (F.R.C.P.) 28 U.S.C. §1331 Federal Question and 28 U.S.C. §§ 2201 et. seq. Declaratory Judgment this Court has jurisdiction to clarify:

Whether movant is a member of the subclass for whose special benefit the Courts ruling was enacted? And requesting for declaratory relief is to establish existing rights, status, or other legal relationship; it cannot be used to revise, alter, or reform the parties, rights, status, or relationship. It affords an added remedy to a party that is uncertain of its rights and desires an early adjudication without having to wait for its adversary to file suit; see generally Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S.Ct. 2137, 2143 (1995).

The Court has Jurisdiction over the law

END OF PAGE 02   PAGE 03 TO FOLLOW

suit under 28 U.S.C. § 1332(d), THE CLASS ACTION FAIRNESS ACT, because the suit is a class/mass action, the parties are minimally diverse, and the amount in controversy exceeds $ Five Million, excluding interest and cost.

Additionally, the Court has Supplemental Jurisdiction under 28 U.S.C. § 1367 over movant's claims, including General and Subclass, because plaintiff's claim are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## II. STATEMENT OF FACTS

On August 26, 2017, movant and approximately 900 other inmates originally housed on Stringfellow Unit in Rosharon, Texas, in an act of defiance by TDCJ-CID, in violation of a pre-existing Court Order of this Honorable Court, moved all Stringfellow Unit Prisoners to the Wallace Pack Unit using the Hurricane Harvey

END OF PAGE 03 PAGE 04 TO FOLLOW

storm as a pretext

On September 21, 2017, movant and approximately 710 inmates from Stringfellow were transferred from Wallace Pack Unit to the Richard P. LeBlanc Jr. Unit in Beaumont, Texas. Due to this Honorable Court's "Memorandum and Order in Case 4:14-CV-01698 Document 473 pg. 2-3" reading:

"All inmates who are, or in the future will be incarcerated at the Pack Unit, and who are subjected to TDCJ's policy and practice of failing to regulate high indoor heat index temperatures in housing area."

The first proposed subclass is the "Heat Sensitive Subclass" defined as:

<u>All</u> people who are incarcerated at the Pack Unit or in the future will be, that are subjected to TDCJ's policy and practice of failing to regulate high indoor heat index temperatures in the housing areas, and either (1) have a physiological condition that places them at increased risk of heat-related illness,

END OF PAGE 04   PAGE 05 TO FOLLOW

injury, or death (including, but not limited to, suffering from obesity, diabetes, hypertension, cardiovascular disease, psychiatric conditions, cirrhosis of the liver, chronic obstruction pulmonary disease, cystic fibrosis, asthma, sweat gland dysfunction, and thyroid dysfunction); or (2) are prescribed an anti-convulsant, Anticholinergic, Antipsychotic, Antihistamine, antidepressant, beta blocker, or diuretic; or (3) are over age 65.

Which the Honorable Court repeated again in the 101 page ruling Case 4:14-CV-01695 Document 737, And the United States Court of Appeals for the Fifth Circuit affirmed in Civil Action No 16-20505 Document 00514123062 pg. 03. Adopting This Honorable Court's exact wording.

Movant is a subclass member via said order with health problems listed in the Honorable Court's above mentioned Order. Movant is suffering from obesity, diabetes, hypertension and cardio vascu-

END OF PAGE 05  PAGE 06 TO FOLLOW

lar disease. While Movant was housed on Wallace Pack Unit, movant was subjected to TDCJ's policy and practice of failing to regulate high indoor heat index temperatures in housing areas. While Movant was housed on Wallace Pack Unit an inmate did die due to exposure to high indoor heat index temperatures in the housing areas.

## III. OBJECTION TO TDCJ AND EDWARDS LAW FIRM, March 13, 2018 Agreement To Redefine The Courts HEAT SENSITIVE SUBCLASS

Movant objects to the Edward's Law firm misdirection of modern humane decent treatment and especially of the Honorable Court's Certification of the General and Subclass members and by the Honorable Court of Appeals (August 18, 2017, in Case No: 16-20505)

And the defendants were in possession of the Honorable Court's Order for over one year before any pretext.

Movant object to the March 13, 2018, agreement

END OF PAGE 06 PAGE 07 TO FOLLOW

between TDCJ and Edward's Law Firm. modification/redefinition of what qualifies an inmate for tempered air as a "Heat Sensitive" Subclass member. If the March 13, 2018, agreement stands only inmates with diabetes, obesity, hypertension, ... et al suffering "organ failure" would qualify as "Heat Sensitive" needing tempered air.

 The Court's "Heat Sensitive Subclass", as listed earlier, was based scei tific evidence and research that identified "heat sensitive" diseases/conditions. Now the purported agreement would do away with the Court's earlier "Heat Sensitive" Subclass without any scientific bases. With All due respect to this Honorable Court; Movant would like to point out that anybody suffering a disease with "organ failure" is almost dead. And though tempered air would ease their suffering, what that inmate really needs is to make peace with the Lord because he is very close to dying.

END OF PAGE 07  PAGE 08 TO FOLLOW

To allow the parties to change this Court's ruling that was based on scientific evidence makes a mockery of the judicial system. Movant implores this Court to reject the parties agreed newly defined heat sensitive subclass therefore rejecting the March 13, 2018, agreement.

## IV. QUESTIONS FOR DECLARATORY JUDGMENT

Due to former Stringfellow inmates that have medical conditions specified in the Court's earlier mentioned rulings, and were incarcerated on the Wallace Pack Unit:

(1) Are the status of the inmates with said medical conditions now considered subclass heat sensitive members of the class action lawsuit, 4:14 CV-01698?

(2) Are these inmates required to be housed in a climate controled facility with a 88° degree temperature for the duration of their incarceration?

(3) Once the injunction order expires what is the status of the former Stringfellow inmates?

END OF PAGE 08 PAGE 09 TO FOLLOW

(4) Are the former Stringfellow inmates entitled to representation during these proceedings, so that our voices are heard and we receive fair and equal treatment, at the very least due process.

## V. REQUEST FOR APPOINTMENT OF COUNSEL

Movant moves this Honorable Court for appointment of counsel to represent the former Stringfellow Unit Inmates interest in this instant cause of action. The U.S. Constitution gives Courts the Authority to appoint counsel in certain circumstances. See 28 U.S.C. §1915 (e)(1), As of May 2018, over eight months since being transported from Wallance Pack Unit, the former Stringfellow Unit Inmates have had No representation. Movant has "physiological conditions that places him at an increased risk of heat-related illness, injury, or death..." to avoid such risk Movant seeks to be included as a protected subclass Heat sensitive member or this civil action. The Edwards

END OF PAGE 09 PAGE 10 TO FOLLOW

Law firm has not represented the former Stringfellow inmates interest. Leaving movant with no voice or due process. So movant request appointment of counsel to represent the Stringfellow inmates.

This would obviously move the legal process in a more timely and orderly way.

## VI. PRAYER/CONCLUSION

WHEREFORE PREMISES CONSIDERED, Movant prays that upon consideration of this Motion this Honorable Court will GRANT Appointment of Counsel, Status as a Heat Sensitive Subclass and NOT APPROVE the parties settlement agreement.

Respectfully submitted,

_Henry J. Garland_
Henry Tom. Garland, Pro Se
TDC# 01134162

Executed on this 02nd day of May 2018.

_Henry J. Garland_
Henry T. Garland, Pro Se.
TDC# 01134162

END OF PAGE 10   PAGE 11 TO FOLLOW

## CERTIFICATE OF SERVICE

I, Henry Tom Garland, certify that a true and correct copy of the foregoing has been served by prepaid first-class mail to Darren McCarty, P.O. Box 12548 Capitol Station, Austin, Texas 78711.

END OF PAGE 11 NOTHING TO FOLLOW

Henry T. Garland
TDCJ # 01134162
LeBlanc Unit
3695 FM 3514
Beaumont, Texas 77705

NORTH HOUSTON TX 773
03 MAY 2018 PM 3 L

Clerk David Bradley
United States District Clerk
Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

77208-101010

David J. Bradley, Clerk of Court
MAY 04 2018
FILED
United States Courts
Southern District of Texas