United States District Court
Southern District of Texas
**ENTERED**
May 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KEITH COLE, et al.,** § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:14-cv-1698** |
| § | |
| **BRYAN COLLIER, et al.,** § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

Plaintiffs in this class action bring claims related to extreme heat at the Wallace Pack Unit in Grimes County, Texas. (Doc. No. 629.) The Court previously certified a class (Doc. No. 473) and entered preliminary injunctions related to conditions at the Pack Unit (Doc. Nos. 477, 737). The parties reached agreement on a proposed class settlement. The Court granted preliminary approval of the settlement and amended its class certification order. (Doc. No. 1065.)[1] A final approval hearing is scheduled for May 8, 2018.

Pending before this Court are four motions filed by people who are incarcerated in the Texas Department of Criminal Justice ("TDCJ") prison system, who are not members of the Class. (Doc. Nos. 1111, 1143, 1144, 1145.) Movants request that the Court recognize them as Class members. The documents are styled notice or motion of multiparty jurisdiction. "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

---

[1] The prior class consisted of "[a]ll inmates who currently are, or in the future will be, incarcerated at the Pack Unit, and who are subjected to TDCJ's policy and practice of failing to regulate high indoor heat index temperatures in the housing areas." (Doc. No. 473 at 2-3.) The amended class (hereinafter, the "Class") consists of all individuals who were imprisoned at the Pack Unit on March 6, 2018 and all people who were housed at the Pack Unit between July 19, 2017 and August 8, 2017 and are still in TDCJ custody. (Doc. No. 1065 at 2; 6-33.)

(internal quotation omitted). Accordingly, the Court construes the pleadings liberally as motions for intervention. For the reasons set forth below, the motions are denied.

Under Rule 24(a), an individual has a right to intervene if he makes a timely motion and: "1. is given an unconditional right to intervene by federal statute; or 2. claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

Rule 24(b) allows the Court to permit intervention by an individual who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir.) (en banc), *cert denied*, 469 U.S. 1019 (1984)) (internal citation omitted). In considering a request for permissive intervention, it is proper to consider whether the movant will significantly contribute to the full development of the underlying factual interests in the suit. *United Gas Pipe Line Co.*, 732 F.2d at 472. Courts are also required to inquire whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Mr. Ricky Beckett, Mr. Anthony Banks, Mr. Antwain Burks, and Mr. Henry Garland move the Court to make them parties in this action. (Doc. Nos. 1111, 1143, 1144, 1145.) Mr. Beckett, Mr. Banks, Mr. Burks, and Mr. Garland all reside in the Leblanc Unit. All four individuals allege that they were incarcerated at the Stringfellow Unit until TDCJ transferred

them to the Pack Unit in anticipation of Hurricane Harvey. The four movants allegedly were then transferred to the LeBlanc Unit pursuant to the Court's injunctions since they had conditions causing heat-sensitivity.

The Court recognizes that Mr. Beckett, Mr. Banks, Mr. Burks, and Mr. Garland may experience dangerous heat conditions at their unit, but finds that this case is not the proper avenue for seeking relief. Mr. Beckett, Mr. Banks, Mr. Burks, and Mr. Garland have not demonstrated an unconditional right to intervene under Rule 24(a). They have not identified a statute that provides an unconditional right to intervene, and do not claim an interest relating to the transaction that is the subject of this action, constitutionally adequate temperature-related conditions at the Pack Unit. Mr. Beckett, Mr. Banks, Mr. Burks, and Mr. Garland are not incarcerated at the Pack Unit, so this action does not impair or impede their ability to protect their own interests in safe heat conditions.

The Court declines to permit intervention under Rule 24(b). Their inclusion in the action would expand the scope of the litigation, causing significant delay at this late stage in the case. The parties have reached settlement and await final approval. The case has already proceeded through extensive discovery, class certification, evidentiary hearings, and multiple preliminary injunctions, all of which relate to the Pack Unit. Disallowing intervention in this case has no effect on the ability of Mr. Beckett, Mr. Banks, Mr. Burks, and Mr. Garland to bring suit in a separate action, nor will the ultimate disposition of this case affect their rights.

Mr. Garland also requests clarification regarding the scope of the class in this case. (Doc. No. 1145 at 8.) Inmates who are listed in Exhibit 1 to the Court's order dated March 27, 2018, Doc. No. 1065, are members of the class. Inmates who are not listed in Exhibit 1 to the Court's order dated March 27, 2018 (Doc. No. 1065) are not members of the class or subclass. Inmates

who are not in the class are no longer part of this case. The Court refers Mr. Garland to its order dated March 27, 2018, Doc. No. 1064, in which it addressed similar concerns raised by individuals incarcerated at the Leblanc Unit.

In addition to his request to intervene in the case, Mr. Garland requests appointment of counsel. (Doc. No. 1145 at 9.) There is no automatic constitutional right to appointment of counsel in civil cases. *Baranowski v. Hart*, 485 F.3d 112, 126 (5th Cir. 2007). The Court declines to appoint counsel.

Mr. Garland requests that the Court withhold approval of the proposed settlement. (Doc. No. 1145 at 10.) Since Mr. Garland is not a party to this action, he lacks standing to object to the proposed settlement. *Feder v. Elec. Data Sys. Corp.*, 248 F. App'x 579, 580 (5th Cir. 2007); *see also In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico*, on Apr. 20, 2010, 910 F. Supp. 2d 891, 941–42 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).

The motions of Mr. Beckett, Mr. Banks, Mr. Burks, and Mr. Garland are therefore **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on May 7, 2018.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE