UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, JACKIE BRANNUM, RICHARD ELVIN KING, LAVAR SANTEE, FRED WALLACE, and MARVIN RAY YATES, individually and on behalf of those similarly situated,<br>        Plaintiffs,<br><br>v.<br><br>BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity and TEXAS DEPARTMENT OF CRIMINAL JUSTICE,<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 4:14-cv-1698 |

**Defendants' Response to
Class Settlement Objections**

## I.      Introduction

Defendants the Texas Department of Criminal Justice, Bryan Collier, and Warden Herrera (collectively "TDCJ") respond to objections to the approval of the class settlement, attached as Exhibit A; [ECF # 989-4]. At its core, the settlement provides an assurance that all members of the class will be housed during the remainder of their current incarcerations at TDCJ in temperatures not exceeding an 88 degree heat index via temporary, and then permanent air conditioning.

On March 6, 2018, the Court preliminarily approved the proposed class settlement agreement between the Parties. [ECF # 1065]. As a part of that order, the

Defendants' Response to Class Settlement Objections                                    1

Court also certified a settlement class of defined Pack inmates and a defined subclass of potentially heat-sensitive Pack inmates.  [ECF # 1065].

Pursuant to that order, members of the certified class and subclass were provided notice of the preliminarily approved settlement and provided an opportunity to object to the fairness of the settlement before the May 8, 2018, hearing concerning final approval of the proposed settlement.  [ECF # 1065 at 37–38].

This brief is Defendants' response to the lodged objections.  First, the brief describes the current implementation of temperature control measures that are compliant with the proposed class settlement agreement.  The brief next addresses various objections raised by class and subclass members.  Finally, this brief responds to objections to final approval raised by individuals outside the class.

## II.    Implementation of Temperature Control Measures

Prior to April 15, 2018, the Texas Department of Criminal Justice (TDCJ) installed 360 tons of air conditioning and related infrastructure that covered all housing areas of the Pack Unit.  See Ex. B, Declaration of Frank Inmon ("Inmon Decl.") ¶¶ 3–4.  Pursuant to negotiations with class counsel, TDCJ also voluntarily agreed to air condition the Trusty Camp Day Room where inmates at the Trusty Camp may spend some otherwise unoccupied hours, which TDCJ is now in the process of installing.  Ex. B, Inmon Decl.  ¶¶ 3–4.  The initial 360 tons of air conditioning installed at the Pack Unit has been operational since April 15, 2018, and effectively maintained a heat index

of less than 88 degrees, with only limited, area-specific outages lasting no more than, in a single instance, 10 hours.  Ex. B, Inmon Decl. ¶ 7.

### III.    Class Member Objections

The objections to final approval filed by settlement class members with the Court vary, but also have significant overlap with one another.

Many of the objections do not pertain to the factual predicate and subject matter of the lawsuit, and consequent settlement.  As such, those objections are not actually objections to the settlement; but rather complaints about separate, individual claims. The settlement does not preclude individual claims or causes of action that are not covered under the terms of the settlement, and the settlement will not prejudice those potential individual claims. Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Super Van Inc. v. San Antonio*, 92 F.3d 366, 370 (5th Cir.1996). The test for claim preclusion has four elements: (1) The parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Swate v. Hartwell*, 99 F.3d 1282, 1286 (5th Cir.1996).

Within this broad category, several objections question whether TDCJ can or will effectuate the terms of the settlement.  *See, e.g.,* Britton (ECF # 1125); Malouff (ECF # 1091, # 1124).  If class members believe that the TDCJ is not adhering to the

terms of the settlement, the settlement does not bar them from pursuing legal remedies regarding any such perceived violation.

At least one objection concerns the provision of food related to religious practices.  Lares (ECF # 1090).  First Amendment claims are far outside the subject matter of the lawsuit or the terms of the settlement.  Later-filed First Amendment claims are not barred by the settlement.

Others object to the various matters concerning the scope of the agreement: that it doesn't cover certain areas of the Pack Unit, Blackwell (ECF # 1126) (showers, medical waiting area, etc.), that it does not protect those who are reincarcerated, *see, e.g.*, Cole (ECF # 1121), Britton (ECF # 1125), or that the settlement should cover all inmates, wherever located, at TDCJ facilities, *see, e.g.*, Cole (ECF # 1121).  The terms of the settlement agreement were the product of years of lengthy, highly-contested litigation, and an intensive two-day mediation facilitated by former Texas Supreme Court Justice, Scott Brister.  The housing areas of the entire Pack Unit—where all Pack inmates reside, whether or not heat intolerant—will be air conditioned, which as the Court is aware, exceeded any relief obtained through litigation to date.  Re-offending inmates are not covered by the settlement class definition and is a provision that the TDCJ would not have agreed to for a number of reasons.  Finally, concerning the remainder of inmates at the TDCJ's facilities, the lawsuit only concerned the Pack Unit and no relief pertaining to other facilities could have been granted.

Defendants' Response to Class Settlement Objections                                      4

For the reasons stated just above, objections concerning class counsel also have no merit. As the Court no doubt observed, class counsel zealously represented the class at every turn during years of litigation, and then through two days of mediation that ended at approximately 1:00 a.m. on the third day. Even now, class counsel is representing the class's interest on a number of individual and broader issues, such as the air-conditioning of the Trusty Camp Day Room in an attempt to secure the most favorable outcome for the class.

Several objections express concern that TDCJ will retaliate against class members. *See, e.g.*, Cole (ECF # 1121); Blackwell (ECF # 1126); Garrett (ECF # 1127); Smith (ECF # 1130); Thomas (ECF # 1136). Again, claims that individual inmate's rights are violated are independent causes of action that do not depend upon, nor are barred by, the class settlement. Inmates alleging retaliation may bring their own cause of action against the individuals they claim are the wrong-doers.

Finally, a number of class members raise objections because they want either monetary compensation, *see* Malouff (ECF # 1091, # ECF # 1119, # 1122, # 1048), Garrett (ECF # 1127), Hall (ECF # 1129), Thomas (ECF # 1136), Archer (ECF # 1137), or some form of criminal prosecution, *see* Franklin (ECF # 1083); Baity (ECF # 1084); Gresham (ECF # 1086); Newman (ECF # 1096); Ellis (ECF # 1104). There is, of course, no standing for any party hereto to bring any sort of criminal action— which would be meritless in any event. Monetary claims were not a part of this Rule

23(b)(2) action. [ECF # 1 at 35].   Any individual monetary claims, though Defendants

contend would have no merit, are not barred by this settlement of the injunctive action.

## IV.    Property Claims

Although filed as objections to the class settlement, a number of inmates have

lodged claims that their property loss claims related to the hurricane evacuation have

not been properly resolved.  [ECF # 1100, # 1101, # 1092, # 1146]. TDCJ has in fact

addressed all these claims as evidenced by the records attached hereto and certified at

Exhibit C.

## V.    Objections by Non-Class Members

Several individuals who are not members of the class have asserted a variety of

objections, including that they were improperly excluded from the class.   [ECF # 1066,

#1067, # 1078, # 1080, #1118, # 1120, # 1123, # 1140, # 1141].  These objections

are not properly before the Court.  First, concerning the scope of the settlement class,

the Court expressly addressed and approved the settlement class in its prior order.

[ECF # 1065].

Second, these non-class members do not have standing.  In the "Deep Water

Horizon litigation," that court explained the dynamic:

> In the context of class settlements, non-settling parties generally have
> no standing to challenge the proposed settlement. *See Transamerican
> Refining Corp. v. Dravo Corp.,* 952 F.2d 898, 900 (5th Cir. 1992); *Agretti v.
> ANR Freight Sys., Inc.,* 982 F.2d 242, 246 (7th Cir. 1992); *In re Vioxx Prods.
> Liab. Litig.,* 388 F. App'x 391, 395 (5th Cir. 2010) (per curiam). People
> falling outside the settlement class are entirely unaffected by the

Settlement, and thus lack standing to challenge it. *See* Rec. Doc. 6418 at 16–17; Apr. 25, 2018 Preliminary Approval Hr'g Tr. at 48:20–49:1; Rec. Doc. 7038 at 1; *Feder v. Electronic Data Systems Corp.,* 248 F. App'x 579, 580 (5th Cir. 2007); *Gould v. Alleco, Inc.,* 883 F.2d 281, 284 (4th Cir. 1989); 4 NEWBERG ON CLASS ACTIONS § 11:55 (4th ed.). That doctrine stems from the fundamental purpose of fairness review under Rule 23(e)—to ensure that absent class members are not bound by an unfair settlement. *Piambino v. Bailey,* 610 F.2d 1306, 1327 (5th Cir. 1980); *Pearson v. Ecological Sci. Corp.,* 522 F.2d 171, 176–77 (5th Cir. 1975); Klonoff Decl. ¶ 63.

\*\*\*

The Court has received numerous objections from persons falling outside the Settlement Class—persons asserting claims that the parties have not agreed to settle, persons falling outside the Settlement's geographic boundaries, etc. Because the Settlement Agreement does not affect these persons' legal rights, their claims remain viable and they may continue to litigate their cases, but lack standing to object.

*In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico,* 910 F. Supp. 2d 891, 941–43 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).

The same principle applies here. Individuals who are not members of the settling class are unaffected by the settlement and have no standing to challenge it. Accordingly, their objections should be overruled.

## VI.    Conclusion

The proposed class settlement in this case, reached only through significant litigation and negotiations, provides substantial benefits to class members, which may well be beyond benefits that some or all class members could have received via

litigation.  As demonstrated above, the objections lodged with the Court do not merit

denying  to  the  class  the  significant  and  substantial  benefits  of  the  litigation.

Accordingly, Defendants request that the Court find that no objection should interfere

with the final approval of the class settlement.

<div style="margin-left: 40%;">

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief, Law Enforcement Defense Division

**DARREN McCARTY**
Special Counsel for Civil Litigation
Lead-Counsel
Texas Bar No.  24007631
Southern District ID No.28364
Darren.McCarty@oag.texas.gov

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Co-Counsel
State Bar No. 24079074
Southern District No.: 1563191
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080 / (512) 936-2109 Fax
Leah.OLeary@oag.texas.gov

</div>

Defendants' Response to Class Settlement Objections                                      8

**ATTORNEYS FOR DEFENDANTS**
**COLLIER, HERRERA, AND TDCJ**


## NOTICE OF ELECTRONIC FILING

I, **Leah O'Leary**, Special Counsel for Civil Litigation, do herby certify that I have electronically filed this pleading in accordance with the Electronic Case Files System of the Southern District of Texas, on May 7, 2018.

/s/ Leah O'Leary
LEAH O'LEARY
Assistant Attorney General


## CERTIFICATE OF SERVICE

I, **Leah O'Leary**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served to all attorneys of record by electronic notice in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure on May 7, 2018.

/s/ Leah O'Leary
LEAH O'LEARY
Assistant Attorney General