United States Courts
Southern District of Texas
FILED

JUN 05 2018

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

HOUSTON DIVISION

DATE 6/1/18

KEITH COLE, et al, vs. BRYAN COLLIER, et al

CIVIL ACTION # 4:14-CV-1698

Re: Order dated Aug. 8, 2017; Edward Law removal motions of March 13, 2018 and May 7, 2018 Decertification of clas/mass action.

<u>MOTION TO RELATION BACK OF CLASS/MASS CERTIFICATION</u>

AMENDMENT INCORPORATING MEMORANDUM IN SUPPORT

Comes now Derek M. Bailey #689542 and Raymond Torres #860248 ,pro se, herein prisoners, and asks the court to permit RELATION BACK OF CLASS/MASS CERTIFICATION AMENDMENT and shows:

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 15(c): RELATION BACK AMENDMENTS:
(1)(B): The amendment asserts a claim or defense that arose out of the conduct, transaction,or occurrence setout-or attempted to be set out-in the original pleading; or
(C) the amendment changes the party or the nam,ing of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
(i) received such notice of the       action that it will not be prejudiced in defending on the merits; and
(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
AND
15(d) SUPPLEMENTAL PLEADINGS.  On motion and reasonable notice, the court may, on just terms, permit a party to, serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleaDING to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court mau order that the opposing party plead to the supplental pleading within a specified time.

1

ORIGINAL PLAINTIFF"S

"ALL INMATES WHO CURRENTLY ARE, OR IN THE FUTURE WILL BE INCARCERATED AT THE PACK INIT, AND WHO ARE SUBJECT TO TDCJ'S POLICY AND PRACTICE OF FAILING TO REGULATE HIGH INDOOR HEAT INDEX TEMPERATURES IN THE HOUSING AREAS." (AND BOTH SUBCLASSES).

## RECERTIFICATION OF CLAS/MASS ACTION

### JURISDICTION/AUTHORITY

The court has jurisdiction under 42 U.S.C.§ 1983; 18 U.S.C. § 3626; 28 U.S.C. § 1711; 28 U.S.C. § 1332; Federal Rules Of Civil Procedure 15 (c)(1)(B) and 28 U.S.C. § 1367.

See Admiral Ins. Vs Abshire, 574 F3d 267 (CA5 2009)(The Class Action Fairness Act of 2005, applies to any civil action commenced on or after Feb. 18, 2005.
  In 28 U.S.C. § 1332(d)(1)(B) of the Class Action Fairness Act of 2005, "Class Action" is defined as any civil action filed under Federal Rules Of Civil Procedure 23 or similar State Statute or rule of Judicial Procedure authorizing an action to be brought by one or more representative persons as a class action.
N. 40:  See Fedral Rule Of Civil Procedure 15(c)(1)(B); La. Code Civil Proc. Ann. Art. 1153 (2008)(Announcing a "transaction or occurrence" test substantially similar to the Federal Standard); cf. FORD Vs MURPHY OIL,U.S.A., INC., 710 So.2d 235, (La. 1997) (Per Curiam)(Noting that an amendment to a petition assert an individual claim after a class has been decertified relates back to the original petition.).).

  See also: WILLIAMS Vs wohlgemuth, 540 F2d 163 (CA3 1976(Where six days after welfare recipient and welfare rights orginization filed class action suit challenging Pennsylvania emergency assistance regulations plaintiff reipient received a payment which solved her exigent needs, and there after four other individuals filed motion to intervene as plaintiff's, and although "sum" of claims of intervenors had been remedied the issue presented was capable of repetition, yet evaiding review, certification of class related back to the time of the complaint and class had standing to sue.).

### CLAIMS OR DEFENSES

Prisoners assert that they is entitled to the same privilages the Pack Unit prisoners gained.  This because prisoners suffer the health conditions out lined in the General and both subclasses.  That is to say: Air condition the Stringfellow Unit and return said

2

prisoners to Stringfellow Unit or another with the same privilages that the Pack Unit has. The LeBlanc pre-release facility does not have the privilages that the Pack Unit has and is the driving force behind the Pack Unit inmates arbitration except for Keith Cole. Pack Unit has cells, cubicle with table and electric outlet, rec yard with bathroom, craft shop, religious program space for population, no birds in the inmate dining hall, etc..

The conditions at Stringfellow Unit with Heat indoor index is the exact same as the Pack Unit inmates suffer from and is by the same defendants, the warden of Stringfellow Unit and Bryan Collier,et al. However there is a new claims that is the result of Bryan Collier's disregard of the court's order of August 8, 2017 in using Harvey storm as pretext. These involve property damages, retaliation, cruel and unusual punishment, discrimination and all arose out of the heat index original action, equal protection.

## ONR FORM OF ACTION

Pursuan to the Federal Civil Rules Of Procedure 2 the court should condone and encourage this request.

See UNITED MINE WORKERS Vs GIBBS; 383 U.S. 715, 724 (1966)*(Under the [FRCPs], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.).

## ASSERTIONS

Prisoners assert that he has standing for relation back of certification for class/mass action or recertification. Not only for Stringfellow Unit prisoners whom meet the court's outlined General and subclasses with the same health issues related to heat exposure by defendants Bryan Collier, et all but to all elderly

3

prisners in TDCJ on un-air conditioned units with the same health related to heat index issues. Especially those with death sentences of fifty (50) years to Life. And pursuant to the Prisone Litigation Reform Act (PLRA) 18 U.S.C. § 3626 the relief and action should be restricted to the Texas Prison System and not available to the other 49 state prison systems. Hopefully the goal here is not the death of some 50,000 to 60,000 elderly Texas prisoners by use of heat related health problems to CULL the TDCJ prison population. The restriction to the Texas prison system is to give meaning to the Anti-absurdity Doctrine of the Class Action Fairness Act of 2005. See Congress' intent in Findings and Purpose 28 U.S.C. § 1711.

Prisoners is originally housed on the Strinbfellow Unit in Rosharon, Texas, Brazoria County and in an act of defiance by the TDCJ and wardens and Texas Division Of Emergency Management (Texas Department Of Public Safety) violated a pre-existing court order prohibiting any heat sensitive inmates from being house on Pack Unit using the Harvey storm as pretext and gained both Federal Emergency Management Agency and State Emergency Management funding including Damages by local government entities (Counties), i.e., Brzoria county, Jefferson County and Grimes County respectivelly, plus TDCJ.

Prisoners is transfered from Stringfellow Unit on August 26, 2017 a saturday in the middle of Harvey storm to Pack Unit, Grimes County. This with out any property per instruction by warden and rank at Stringfellow Unit. Prisoners is housed at Pack Unit until Sept. 21, 2017 then transfered to LeBlanc pre-release facility still without property in Jefferson County. The court's order of Aug. 8, 2017 states:"Defendants begin transfers of all heat-sensitive people who are incarcerated in the Pack Unit. Transfers must begin forthwith and be concluded within three weeks of entry of this order.".

4

Prisoners is place in Pack Unit within said Order timeline too. Most of Stringfellow Unit prisoners is Heat-sensitive people and is in the criteria of the General and both subclasses set out in the original pleading. From Edward Law firm is a statement of a "Fluke" Harvey storm. These type storms is very common in the coast line of Texas, they is expected. What is absurd is that the defendants (new ones) is relying on Texas Division Of Emergency Management and Federal Emergency Management Agency funding in Damages to place prisoners in the Action #4:14-CV-1698 to begin with and then shut the door to full benefit from said action in depriving long-term housing with all privilages in conditions at LeBlanc Unit and at Stringfellow Unit(non-air conditioned housing).

Prisoners provided the court with exhausted greivances: Derek M. Bailey # 689542- #20180029108 and #2018085928; Raymond Torres # 860248- #2018018499 and #2017192974 and #2018018509 and #2018060595 all addressing some of the issues but the important ones for the behavior of the defendants all.

The defendants is in possession of the court's prior Orders for over one (1) year before any pretext and knew that Pack Unit is unavailable to house heat-sensitive people in, they disregarded the court's Orders using the Texas Division Of Emergency Management and Federal Emergency Management Agency to do so.
See Vernon's Texas Codes Ann. Government Code Chapter 418and, Chapter 1431; and 42 U.S.C. § 5122, 5148. See

<u>In re WORLD TRADE CTR. DISASTER SITE, LITIG.</u>,521 F3d 169 (CA2 2008) (In action in which workers alleged that they suffered respiratory injuries due to exposure to hazardos conditions during cleanup of World Trade Center after terrorist attacks, city and Port authority, which were not federal agencies within meaning of 42 U.S.C. § 5122(8), were not entitled to summary judgment based on derivative discretionary

function immunity under § 305 of Robert T.Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5148, because even though federal agencies assumed lead roles for various response functions evidence in record did not allow court to mark boundry between federally instructed discretionary decisions and decisions made by city and Port authority.).

The defendants transfered Stringfellow Unit prisoners to Pack Unit which like Stringfellow Unit is un-air conditioned with the same heat-sensitive health problems while Pack UNit is under the courts jurisdictional mandate. In short prisoners is transfered to "the hole" and then transfered to another "hole"- one without the same privilages as both Stringfellow Unit and Pack Unit and is a direct result of the class action. This means cubicles with electric out lets, gym, no birds in inmate dining hall, bathroom in rec yards, etc.. Another issue is that TDCJ is refusing to provide Tax statements to those in the craft-shop at Stringfellow Unit as is needed to prove the losses by transfer to LeBlanc Unit pre-release. It's akin to Loss Of Consortium. The transfer of prisoners to LeBlanc pre-release should not MOOT the claims nor defenses, see BOAG Vs MacDOUGAL, 102 S.ct. 700 (1982).

## FEDERAL RULE OF CIVIL PROCEDURE 15(c)(1)(C)

Prisoners is new Plaintiffs and asks the court to amend the action see YOUNG Vs LEPONE, 305 F3d 1, 14 (1sr cir. 2002)("Although the text of Rule 15(c)(3) [now Rule 15(c)(1)(C)] seems to contemplate changes in the identity of defendants, we have recognized that [FRCP 15(c)(1)(C)] can be applied to amendments that change the identity of plaintiffs. We have laid down three seperate requirements applicable to plaintiffs who seek succor under Rule 15(c)(3): The amended complaint must arise out of the conduct, transaction,or occurrence set forth or attempted to be set forth in the original pleading; there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and undue prejudice must be absent.' At 15: We repudiate the conceit that an action filed by

one plaintiff gives a defendant notice of the impending joinder of any or all similarly situated plaintiffs.";); see also SMS FIN., L.L.C. Vs ABCO HOMES, INC.,167 F3d 235,244-45 (CA5 1999) (same as annotated).

The defendants is in possession of the court's Orders for over One (1) year prior to any pretext.

Prisoners ask to amend the. including the new defendants as well, as they relate back to no air-conditioning for prisoners at the Stringfellow Unit with heat-sensitive issues and the new claims or defenses. see *KRUPSKI VS COSTA CROCIERE S.p.A., 560 U.S. 538, 548 (2010)(FRCP 15(c)(1)(C)(ii).).

## FEDRAL RULE OF CIVIL PROCEDURE 15(d)

Prisoners assert in part that the claims or defenses should be allowed in supplemental pleadings because they happened after the original pleading by the Pack Unit plaintiffs. See

U.S. VS PHARMERICA CORP., 809 F3d 1, 4 (1st cir. 2015)("Rule 15(d) affords litigants a pathway for pleading 'any transaction,occurrence, or event that happened after the date of the pleading to supplemented. ...Rule 15(d)...'promot[es] as complete an adjudication of the dispute between the parties as is possible.' Although causes of action accruing after the institution of a lawsuit can be filed as seperate actions, supplemnetation under Rule 15(d) is often a more efficient mechanism for litigating such claims. Supplementation of pleadings is encouraged 'when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.' At5: Rule 15(d) prescribes that the court may permit supplementation even though the original pleading is defective in stating a claim or defense.' This language was designed to ensure that the...rule would 'give the court broad discretion in allowing a supplemental pleading' so that plaintiffs would not be 'needlessly remitted to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.' In keeping with this spirit of flexibility, courts generally have read Rule 15(d) to include defects in subject matter jurisdiction among the deficiencies that may be corrected through a supplemental pleading. For example, the expiration of a juridictional waitng period can be shown through a supplemental pleading...to salvage an otherwise premature complaint. So too, Rule 15(d) has been viewed as an appropriate mechanism for pleading newly arising facts necessary to demonstrate standing.").

7

## DAMAGES AND DECLARATORY RELIEF

Prisoners have un-remedied claims from the EXPEDITED PROPERTY DAMAGES CLAIMS FORMS that the defendants provided on 11/28/17 which is from Harvey storm flooding causing sewage flooding on Stringfellow Unit thereby ruining prisoners property. Prisoners is evacuated to Pack Unit on ~~XXNKAXX~~ Saturday, August 26, 2017 all without property. Then on Sept. 21, 2017 again transfered to the LeBlanc pre-release facility with out property, however said property is arrived at LeBlanc facility at the same time via other transport seperate from prisoners from Pack Unit and in rain placed in the outside rec yard exposed to rain also for days and then placed in the school building for weeks before returning to prisoners. This caused excessive molding, mildewing and rot to ruin many prisoners property. It also had human waste flecks from the sewage flooding at Stringfellow Unit from Harvey storm.

The TDCJ contracted with outside companies the repairs and clean-up of the Stringfellow Unit with funding from F.E.M.A. and the State version too. All three counties, Jefferson, Brasoria, and Grimes recieved said funds for all three Units, plus TDCJ.

The transfers may appear to be at first blush to be ligitamate but in reality they is retaliatory in more than one area. If said prisoners is not part of the action after transfer to the Pack Unit Then why is they deprived of benefit of long-term housing at the LeBlanc facility and the craft-shop benefits depravations. All of which is purported for the purpose of the LeBlanc facility is air-conditioned.

## FAIR NOTICE

Prisoners assert that the new defendants and existing defendants were givien FAIR NOTICE not only by the original plaintiffs but especially by the Courts' Orders proior to Harvey storm and the transfer of Stringfellow prisoners to the Pack Unit. The courts' Orders is the TOUCHSTONE of this Relation Back Amendment for Class/Mass Action Certification. See GLOVER VS FDIC, 698 F3d 139, 145-46 (CA3 2012)("Application of Rule 15(c)(1)(B) normally entails a 'search for a common core of operative facts in the two pleadings.' Importantly, however, Rule 15(c) is not merely an 'identity of transaction test,' such as the rules governing joinder of claims or parties. The touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.' Thus, only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed. Conversly, amendments 'that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously.' the underlying question for a Rule 15(c) analysis is 'whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint'". see also ASARCO, LLC VS UNION PAC. R.R., 765 F3d 999, 1004-05 (CA9 2014).).

The purpose of this amendment is to air-condition Stringfellow Unit and return prisoners. This for the fair and equal treatment as that of the Pack Unit prisoners, i.e. cubicles, cell, craftshop, no bird in prisoner dining hall, bathroom in rec yard, indoor gym etc..

Additionally, the issue of air-conditioning Stringfellow Unit in the action now will save valuable resources and judicial time as it is a repetitive issue. This is stated by Edward Law in the recent denials.

Derek M. Bailey #689542 was housed at Stringfellow Unit for Hardship purposes and is now outside of that purpose. Raymond Torres #860248 was in the craft shop at Stringfellow Unit with a large investment in craft tooling and materials and like Bailey has no disciplinary to be deprived of the priviliges and benefits earned and gained.

## PRISONERS IS HEAT-SENSITIVE AT STRINGFELLOW UNIT

Prisoner Bailey suffers heat related health problems and has both Temperature (heat) and Humidity restrictions in his HSM-18 listing. His medications is: Citalopram, Gabapentin, Amlodipine, Aspirin, Gemfibrozil, HydroChlorothiazide, Lisinopril, Metformin, Omeprazole, Poassium, Propranolol.

Prisoner Torres suffers heat related health problems. His list of medications is: Gabapentin, Aspirin, Omeprazole. He also a cancer survivor.

See the enclosed EMR Meidcation Print Passes of both prisoners.

## LIBERALLY CONSTRUED

Pro se litigant's pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers; If court can reasonably read pleadings to state a valid claim on which the litigant could prevail on, it should do so despite failure to cite proper authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See BOAG VS MACDOUGALL, 102 S.ct. 700 (1982).

## DISCRIMINATION

Prisoners claim discrimination in denial of equal treatment by new and old defendants and said is complex. See

<u>GOMILLION VS LIGHTFOOT</u>, 81 S.ct. 125 (1960)(One must be ever aware that the constitution forbids sophisticated, as well as simple minded modes of discrimination., <u>LANE VS WILSON</u>, 59 S.ct. 872 (1951)(same)).

## DECLARATION

Derek M. Bailey and Raymond Torres swear under penalty of perjury that they is competent and assert to the truthfulness of the claims and facts made herein. Executed on this ___15T___ day of June, 2018.

_____/s/ Derek M. Bailey_____
_____/s/ Raymond Torres_____

## PRAYER

Derek M. Bailey and Raymond Torres pray that the court grant the motion for Relation Back to Class/Mass Action Certification for Air-conditioning Stringfellow Unit and discrimination and property damages and losses of priviliges and benefits deprived.

/S/ _Derek M. Bailey_
/S/ _Raymond Torres_

## AFFIDAVIT IF MAILING/FILING

Derek M. Bailey and Raymond Torres swear under penalty of perjury that the enclosed instrument: Motion For Relation Back is mailed/filed with Clerk, United States District Court, Southern District of Texas, Houston Division, P.O. Box 61010, Houston, Texas 77208 by placing same postage prepaid first class in the internal TDCJ-CID mail system (mail box). Executed on this 15T day of June, 2018.

/S/ _Derek M. Bailey_
/S/ _Raymond Torres_

Derek M. Bailey #689542; Raymond Torres #860248
LeBland Unit
3695 FM 3514
Beaumont, Texas 77705

Created By Pearl EMR - PHO512 CMCP                                    Report Date/Time: 12/04/2017 06:03AM
Schema: TDCJ

# EMR Medication Print Pass
*Active Medications From 12/04/2017 to 12/05/2017*
*LEBLANC (BA)*

**ALLERGIES:**
NO KNOWN ALLERGIES

---

**PATIENT: BAILEY, DEREK M   MRN: 689542   DOB: 07/27/1957   HOUSING: A BED 016**

**CITALOPRAM 40MG TABLET**                                            Rx ID: 23186996
1 TABS ORAL EVERY EVENING FOR 30 DAYS.                                REFILLS: 5 / 8
RX DATE: 06/14/2017 08:24 AM        RUN START DATE: 11/11/2017 08:23 AM        RUN END DATE: 12/11/2017 08:23 AM
ORDERING FACILITY: STRINGFELLOW (R2)                                  EXPIRATION DATE: 03/11/2018 08:23 AM
ORDERING PROVIDER: HILLIARD, WANDA T APRN
MEDICATION STATUS: ACTIVE                                             ENTRY USER: HILLIARD, WANDA T APRN

---

**GABAPENTIN 800MG TABLET #**                                         Rx ID: 23620015
1 TABS ORAL EVERY EVENING FOR 30 DAYS. [INDEF]   NF#184422A   NON-KOP        REFILLS: 2 / 11
RX DATE: 09/05/2017 03:45 PM        RUN START DATE: 11/04/2017 03:45 PM        RUN END DATE: 12/04/2017 03:45 PM
ORDERING FACILITY: PACK (P1)                                          EXPIRATION DATE: 08/31/2018 03:45 PM
ORDERING PROVIDER: CHUKWUMERIJE, NDI  NP
MEDICATION STATUS: ACTIVE                                             ENTRY USER: CHUKWUMERIJE, NDI  NP

---

**GABAPENTIN 800MG TABLET #**                                         Rx ID: 23620015
1 TABS ORAL EVERY EVENING FOR 30 DAYS. [INDEF]   NF#184422A   NON-KOP        REFILLS: 3 / 11
RX DATE: 09/05/2017 03:45 PM        RUN START DATE: 12/04/2017 03:45 PM        RUN END DATE: 01/03/2018 03:45 PM
ORDERING FACILITY: PACK (P1)                                          EXPIRATION DATE: 08/31/2018 03:45 PM
ORDERING PROVIDER: CHUKWUMERIJE, NDI  NP
MEDICATION STATUS: ACTIVE                                             ENTRY USER: CHUKWUMERIJE, NDI  NP

---

**AMLODIPINE 10MG TABLET**                                            Rx ID: 23645771
KOP 1 TABS ORAL DAILY FOR 30 DAYS.                                    REFILLS: 2 / 6
RX DATE: 09/11/2017 08:36 AM        RUN START DATE: 11/10/2017 08:34 AM        RUN END DATE: 12/10/2017 08:34 AM
ORDERING FACILITY: PACK (P1)                                          EXPIRATION DATE: 04/09/2018 08:34 AM
ORDERING PROVIDER: CHUKWUMERIJE, NDI  NP
MEDICATION STATUS: ACTIVE                                             ENTRY USER: CHUKWUMERIJE, NDI  NP

---

**ASPIRIN EC 81MG TABLET**                                            Rx ID: 23645775
KOP 1 TABS ORAL DAILY FOR 30 DAYS.                                    REFILLS: 2 / 6
RX DATE: 09/11/2017 08:36 AM        RUN START DATE: 11/10/2017 08:35 AM        RUN END DATE: 12/10/2017 08:35 AM
ORDERING FACILITY: PACK (P1)                                          EXPIRATION DATE: 04/09/2018 08:35 AM
ORDERING PROVIDER: CHUKWUMERIJE, NDI  NP
MEDICATION STATUS: ACTIVE                                             ENTRY USER: CHUKWUMERIJE, NDI  NP

---

**GEMFIBROZIL 600MG TABLET**                                          Rx ID: 23645801
KOP 1 TABS ORAL TWICE DAILY FOR 30 DAYS.                              REFILLS: 2 / 6
RX DATE: 09/11/2017 08:36 AM        RUN START DATE: 11/10/2017 08:36 AM        RUN END DATE: 12/10/2017 08:36 AM
ORDERING FACILITY: PACK (P1)                                          EXPIRATION DATE: 04/09/2018 08:36 AM
ORDERING PROVIDER: CHUKWUMERIJE, NDI  NP
MEDICATION STATUS: ACTIVE                                             ENTRY USER: CHUKWUMERIJE, NDI  NP

---

**hydroCHLOROthiazide 25MG TAB**                                      Rx ID: 23645783
KOP 1 TABS ORAL DAILY FOR 30 DAYS.                                    REFILLS: 2 / 6
RX DATE: 09/11/2017 08:36 AM        RUN START DATE: 11/10/2017 08:35 AM        RUN END DATE: 12/10/2017 08:35 AM
ORDERING FACILITY: PACK (P1)                                          EXPIRATION DATE: 04/09/2018 08:35 AM
ORDERING PROVIDER: CHUKWUMERIJE, NDI  NP
MEDICATION STATUS: ACTIVE                                             ENTRY USER: CHUKWUMERIJE, NDI  NP

Created By Pearl EMR - PHO512 CMCP  
Schema: TDCJ

Report Date/Time: 5/31/2018 01:48PM

# EMR Medication Print Pass
### Active Medications From 05/31/2018 to 06/01/2018
### LEBLANC (BA)

**ALLERGIES:**
NO KNOWN ALLERGIES

---

**PATIENT: TORRES, RAYMOND   MRN: 860248   DOB: 06/28/1955   HOUSING: A BED 024**

**GABAPENTIN 600MG TABLET #**  Rx ID: 23645364  
1 TABS ORAL TWICE DAILY FOR 30 DAYS. NF#976524A[INDEF]  REFILLS: 8 / 11  
RX DATE: 09/11/2017 07:52 AM   RUN START DATE: 05/09/2018 07:52 AM   RUN END DATE: 06/08/2018 07:52 AM  
ORDERING FACILITY: PACK (P1)   EXPIRATION DATE: 09/06/2018 07:52 AM  
ORDERING PROVIDER: CHUKWUMERIJE, NDI NP  
MEDICATION STATUS: ACTIVE   ENTRY USER: CHUKWUMERIJE, NDI NP

**ASPIRIN EC 81MG TABLET**  Rx ID: 24260756  
KOP 1 TABS ORAL DAILY FOR 30 DAYS.  REFILLS: 4 / 11  
RX DATE: 01/03/2018 11:38 AM   RUN START DATE: 05/03/2018 11:37 AM   RUN END DATE: 06/02/2018 11:37 AM  
ORDERING FACILITY: LEBLANC (BA)   EXPIRATION DATE: 12/29/2018 11:37 AM  
ORDERING PROVIDER: RAMOS-GUTIERREZ, JOANNE L NP  
MEDICATION STATUS: ACTIVE   ENTRY USER: RAMOS-GUTIERREZ, JOANNE L NP

**CEPHALEXIN 500MG CAPSULE**  Rx ID: 25102480  
KOP 1 CAPS ORAL TWICE DAILY FOR 7 DAYS.  REFILLS: 0 / 0  
RX DATE: 05/31/2018 01:45 PM   RUN START DATE: 05/31/2018 01:45 PM   RUN END DATE: 06/07/2018 01:45 PM  
ORDERING FACILITY: LEBLANC (BA)   EXPIRATION DATE: 06/07/2018 01:45 PM  
ORDERING PROVIDER: RAMOS-GUTIERREZ, JOANNE L NP  
MEDICATION STATUS: ACTIVE   ENTRY USER: RAMOS-GUTIERREZ, JOANNE L NP

**CLOTRIMAZOLE 1% TOP SOLN 10ML**  Rx ID: 25102453  
KOP 1 APPLICS TOPICALLY TWICE DAILY FOR 30 DAYS.  REFILLS: 0 / 0  
RX DATE: 05/31/2018 01:44 PM   RUN START DATE: 05/31/2018 01:44 PM   RUN END DATE: 06/30/2018 01:44 PM  
ORDERING FACILITY: LEBLANC (BA)   EXPIRATION DATE: 06/30/2018 01:44 PM  
ORDERING PROVIDER: RAMOS-GUTIERREZ, JOANNE L NP  
MEDICATION STATUS: ACTIVE   ENTRY USER: RAMOS-GUTIERREZ, JOANNE L NP

**FLUOCINONIDE 0.05% OINT 15GM**  Rx ID: 25102460  
KOP 1 APPLICS TOPICALLY TWICE DAILY FOR 10 DAYS. APPLY THIN LAYER SPARINGLY.  REFILLS: 0 / 0  
RX DATE: 05/31/2018 01:44 PM   RUN START DATE: 05/31/2018 01:44 PM   RUN END DATE: 06/10/2018 01:44 PM  
ORDERING FACILITY: LEBLANC (BA)   EXPIRATION DATE: 06/10/2018 01:44 PM  
ORDERING PROVIDER: RAMOS-GUTIERREZ, JOANNE L NP  
MEDICATION STATUS: ACTIVE   ENTRY USER: RAMOS-GUTIERREZ, JOANNE L NP

**OMEPRAZOLE 20MG CAPSULE**  Rx ID: 24260771  
KOP 1 CAPS ORAL DAILY FOR 30 DAYS.  REFILLS: 4 / 11  
RX DATE: 01/03/2018 11:38 AM   RUN START DATE: 05/03/2018 11:38 AM   RUN END DATE: 06/02/2018 11:38 AM  
ORDERING FACILITY: LEBLANC (BA)   EXPIRATION DATE: 12/29/2018 11:38 AM  
ORDERING PROVIDER: RAMOS-GUTIERREZ, JOANNE L NP  
MEDICATION STATUS: ACTIVE   ENTRY USER: RAMOS-GUTIERREZ, JOANNE L NP

**POLYSPORIN OINTMENT 15GM**  Rx ID: 25102444  
KOP 1 APPLICS TOPICALLY TWICE DAILY FOR 5 DAYS. APPLY THIN LAYER SPARINGLY  REFILLS: 0 / 0  
RX DATE: 05/31/2018 01:44 PM   RUN START DATE: 05/31/2018 01:43 PM   RUN END DATE: 06/05/2018 01:43 PM  
ORDERING FACILITY: LEBLANC (BA)   EXPIRATION DATE: 06/05/2018 01:43 PM  
ORDERING PROVIDER: RAMOS-GUTIERREZ, JOANNE L NP  
MEDICATION STATUS: ACTIVE   ENTRY USER: RAMOS-GUTIERREZ, JOANNE L NP

**Created By Pearl EMR - PHO512 CMCP**  
Schema: TDCJ

Report Date/Time: 5/31/2018 01:48PM

## EMR Medication Print Pass
*Active Medications From 05/31/2018 to 06/01/2018*  
*LEBLANC (BA)*

**ALLERGIES:**  
NO KNOWN ALLERGIES

| PATIENT: TORRES, RAYMOND   MRN: 860248   DOB: 06/28/1955   HOUSING: A BED 024 | |
|---|---|
| TOTAL FOR TORRES, RAYMOND | 7 |

Date 6/1/18

Dear Clerk,

Please find enclosed Derek M. Bailey's and Raymond Torres's Motion To Relate Back in Civil Action # 4:14-CV-1698 for bringing before the court. Thank You.

/S/ *Derek M. Bailey*

Derek M. Bailey #689542
LeBlanc Unit
3695 FM 3514
Beaumont, Texas 77705

CLERK
UNITED STATE DISTRICT COURT
HOUSTON DIVISION
P.O. BOX 61010
HOUSTON, TEXAS 77208



United States Courts
Southern District of Texas
FILED

JUN 05 2018

David J. Bradley, Clerk of Court