UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEITH COLE, JACKIE BRANNUM, RICHARD ELVIN KING, LAVAR SANTEE, FRED WALLACE, and MARVIN RAY YATES, individually and on behalf of those similarly situated, <br>     Plaintiffs, <br><br> v. <br><br> BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity and TEXAS DEPARTMENT OF CRIMINAL JUSTICE, <br>     Defendants. | § § § § § § § § § § § § § § §       No. 4:14-cv-1698 |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EVIDENCE OFFERED IN SUPPORT OF THEIR MOTION FOR CONTEMPT, TO SHOW CAUSE AND FOR SANCTIONS**

Defendant Bryan Collier and the Texas Department of Criminal Justice lodge the following objections and move to strike certain exhibits filed by Plaintiffs attached to Docket Entry No. 1459, Plaintiffs' Motion for Contempt, to Show Cause and for Sanctions, and request that the Court strike them from the record.

1. **Declarations: Exhibits 1, 2, 5, 8, 9, 60, 63, and 66–71**

Defendants move to strike a number of the declarations attached as exhibits. Exhibits 1, 2, 5, 8, 9, 60, 63, and 66–71 contain inadmissible hearsay within hearsay. *See* Fed. R. Evid. 801. The declarant either conveys out of court statements made by prison officials, other inmates, or in the case of Exhibits 70 and 71 statements made by family and friends of inmates. Accordingly, Defendants move to strike these exhibits.

2. **Plaintiffs' Summary Documents: Exhibits 15–18, 24–25, 37, and 55**

Defendants move to strike Exhibits 15–18, 24–25, 37, and 55, which appear to be a summaries of heat indices, inmates' BMI, and speculative "mishoused" inmates. The chart summaries do not comport with the requirements of Federal Rule of Evidence 1006. *See United States v. Taylor,* 210 F.3d 311, 315 (5th Cir.2000). ("The admission of organization charts and summary evidence is governed by Federal Rules of Evidence 611(a) and 1006."). "Summary evidence may be admitted into evidence under Federal Rule of Evidence 1006 if it is a summary chart based on previously admitted evidence that is so voluminous that in-court review by the jury would be difficult, but it is admissible only as long as the evidence it purports to summarize is admissible under the Federal Rules and if the offering party provides the requisite foundation establishing its accuracy." *BP Expl. & Prod. Inc. v. Cashman Equip. Corp.*, No. H-13-3046, 2016 WL 1387907, at *6 (S.D. Tex. Apr. 8, 2016) (citing *U.S. v. Harms,* 442 F.3d 367, 375 (5th Cir. 2006)); *See also Peat, Inc. v. Vanguard Research, Inc.,* 378 F.3d 1154, 1160 (11th Cir.2004) ("Rule 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible.").

The charts offered by the Plaintiffs, which purport to summarize inmates' BMI and daily heat indices from various locations and estimated totals of "mishoused" inmates, lack proper foundation, are unauthenticated, and should be excluded. Plaintiffs fail to identify the evidence in the record that the information in the chart is based upon. Moreover, Plaintiffs fail to establish the chart's accuracy. The information and documents used to prepare the chart and the information summarized is unknown and unidentified. Exhibits 24 and 25 are entirely speculative. *See* Fed. R. Evid. 602. Furthermore, Plaintiffs do not show that the records related to these individuals is too voluminous for the court to review.

While it is presumed Plaintiffs' counsel created the charts, Plaintiffs fail to identify the person(s) that actually created it. The Fifth Circuit has cautioned that while summaries may be appropriate for summarizing voluminous records, "…testimony by an advocate summarizing and

organizing the case for the jury constitutes a very different phenomenon, not justified by the Federal Rules of Evidence or our precedent." *United States v. Fullwood,* 342 F.3d 409, 413 (5th Cir.2003). Furthermore, the information within the charts are inadmissible and unauthenticated hearsay. *See* Fed. R. Evid. 801. The charts include improper expert opinions in the form of data based on calculations that must be attested to by a person with requisite training, education and knowledge. *See* Fed. R. Evid. 702. Plaintiffs should not be permitted to use these charts as a back-door vehicle for introducing otherwise inadmissible evidence. *See Peat, Inc.,* 378 F.3d at 1160.

   3. **Various Publications: Exhibits 14, 32, 50, and 53–54**

Defendants move to strike Exhibits 14, 50, and 53–54, which include what appear to be publications from a national institute and from a weather service, but with no authenticating information. These are inadmissible hearsay. Fed. R. Evid. 801. These publications do not fall within the exception to the rule against hearsay for "Statements in Learned Treatises, Periodicals, and Pamphlets" because the statements within the publications were not discussed by experts in their reports or during their examinations, and Plaintiffs have not established their sources as reliable authorities through experts' testimony or by judicial notice. *See* Fed. R. Evid. 803 (18). Furthermore, even if statements from this article were admissible in court, the statements may only be read into evidence and **not** received as exhibits. *Id.* Accordingly, the Defendants move to strike these exhibits.

Finally, Defendants move to strike Exhibits 44 and 45 contain information from an ACA conference and website. Defendants object as both exhibits are not relevant to the matters now before the Court. *See* Fed. R. Evid. 401, 402. The exhibits should be excluded as they contain inadmissible hearsay. *See* Fed. R. Evid. 801. Further, Exhibit 45 purports to be a screen shot of the ACA website, however, no foundation has been laid to authenticate the document. Screen shots are treated similarly to photographs in that it requires the proponent to establish personal knowledge that the screen shot

accurately depicts the contents of the website. *See* Fed. R. Evid. 901. This requirement has not been satisfied, therefore Exhibit 45 should be struck.

## CONCLUSION

Defendants respectfully request that the Court sustain Defendants' objections to the above listed exhibits and strike them from the record in this case.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN McCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief, Law Enforcement Defense Division

**JEANINE COGGESHALL**
Assistant Attorney General, Co-Counsel

/s/ Leah O'Leary
**LEAH O'LEARY**
State Bar No. 24079074
Southern District No. 1563191
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9814 Fax
Leah.OLeary@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS
COLLIER, HERRERA, AND TDCJ**

## NOTICE OF ELECTRONIC FILING

I, **Leah O'Leary**, Assistant Attorney General of Texas, do herby certify that I have electronically filed this pleading in accordance with the Electronic Case Files System of the Southern District of Texas, on September 27, 2019.

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Leah O'Leary**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served to all attorneys of record by electronic notice in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure on Sept. 27, 2019.

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General