United States District Court
Southern District of Texas
**ENTERED**
October 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:14-cv-1698 |
| BRYAN COLLIER, et al., | § § § | |
| Defendants. | § § | |

### ORDER

Pending before this Court is a motion filed by non-party Richard Jaxson (TDCJ #468760). (Doc. No. 1476).

Mr. Jaxson styles his motion as a Motion for Corrective Order. The relief requested does not fit squarely within the Federal Rules of Civil Procedure, but the Court will construe the pleading liberally, since movant is pro se. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Mr. Jaxson requests that the Court add him to the class of individuals subject to the settlement in this case. (Doc. No. 1065). Although Mr. Jaxson is currently housed at the Pack Unit, and was also housed at the Pack Unit for certain periods of time in the past, he is not a member of the class as defined by the settlement because he was not assigned to live at Pack Unit between July 19, 2017 and August 8, 2017, or on March 6, 2018. *Id.* at 2.

Mr. Jaxson does not cite any procedural rules that would allow for his requested relief. Construing his pleading liberally, the Court concludes that Mr. Jaxson is asking to intervene in the action. Under Rule 24(a), an individual has a right to intervene if he makes a timely motion and: "(1) is given an unconditional right to intervene by federal statute; or (2) claims an interest relating

to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Rule 24(b) allows the Court to permit intervention by an individual who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir.) (en banc), *cert denied*, 469 U.S. 1019 (1984)) (internal citation omitted). Courts must inquire whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court recognizes that Mr. Jaxson may have been subject to dangerous heat conditions at Pack Unit in the past and is sympathetic to his claims that certain circumstances beyond his control excluded him from the settlement class, but finds that this case is not the proper avenue for seeking relief. Mr. Jaxson has not demonstrated an unconditional right to intervene under Rule 24(a). He has not identified a statute that provides an unconditional right to intervene, and does not claim an interest relating to the transaction that is the subject of this action, constitutionally adequate temperature-related conditions at the Pack Unit.

The Court declines to permit intervention under Rule 24(b). The case has settled, the Court approved the settlement, and judgment has been entered. (Doc. No. 1188). Disallowing intervention in this case has no effect on the ability of Mr. Jaxson to bring suit in a separate action, nor does the ultimate disposition of this case affect his rights.

For the reasons set forth above, the Motion for Corrective Order (Doc. No. 1476) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 11th day of October, 2019.

*[signature]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE