United States District Court
Southern District of Texas
**ENTERED**
January 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-1698 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before this Court is a Motion for Leave to Proceed, Participate and Appear as an Intervenor-Plaintiff and/or Interested Party-Plaintiff, filed by non-party Iron Thunderhorse (TDCJ #624391). (Doc. No. 1527). Mr. Thunderhorse requests that the Court allow him to intervene in the above-captioned case.

Although Mr. Thunderhorse has been in TDCJ custody since the beginning of the current litigation, he is not a member of the class as defined by the settlement because he was not assigned to live at Pack Unit between July 19, 2017 and August 8, 2017, or on March 6, 2018. (Doc. No. 1065).

Mr. Thunderhorse requests permission to intervene in the above-captioned litigation. Under Rule 24(a), an individual has a right to intervene if he makes a timely motion and: "(1) is given an unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Rule 24(b) allows the

1

Court to permit intervention by an individual who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (citation omitted) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984) (en banc), *cert denied*, 469 U.S. 1019 (1984)). Courts must inquire whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Mr. Thunderhorse appears to seek relief from prison conditions that do not accommodate his medical needs and disabilities, as well as allege retribution by prison officials against him for prior grievances. (Doc. No. 1527). The above-captioned case is limited to heat-related prison conditions for members of the settlement class. Thus, the Court finds that this case is not the proper avenue for seeking relief. Mr. Thunderhorse has not demonstrated an unconditional right to intervene under Rule 24(a). He has not identified a statute that provides an unconditional right to intervene, and does not claim an interest relating to the transaction that is the subject of this action, constitutionally adequate temperature-related conditions at the Pack Unit.

The Court declines to permit intervention under Rule 24(b). The case has settled, the Court approved the settlement, and judgment has been entered. (Doc. No. 1188). Mr. Thunderhorse also fails to show a common question of law or fact between his complaint and the case at hand. Disallowing intervention in this case has no effect on the ability of Mr. Thunderhorse to bring suit in a separate action, nor does the ultimate disposition of this case affect his rights.

For the reasons set forth above, the Motion for Leave to Proceed, Participate and Appear as an Intervenor-Plaintiff and/or Interested Party-Plaintiff (Doc. No. 1527) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 30th day of January, 2020.

>                             _____
>                             KEITH P. ELLISON
>                             UNITED STATES DISTRICT JUDGE