UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, et al., | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | 4:14-cv-1698 |
| BRYAN COLLIER, et al., | § § § | |
| Defendants. | § | |
| LADDY VALENTINE, et al., | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § § | 4:20-cv-1115 |
| BRYAN COLLIER, et al., | § § § | |
| Defendants. | § | |

**PLAINTIFFS' EMERGENCY MOTION TO MODIFY PROTECTIVE ORDER**

Plaintiffs in both *Cole v. Collier* and *Valentine v. Collier* respectfully move to modify the protective order from *Cole v. Collier* so that all counsel, and the Court, may use confidential documents exchanged in the *Cole* matter in the *Valentine* litigation.

**I.    NATURE AND STAGE OF THE PROCEEDING**

At the outset of the *Cole v. Collier* litigation, this Court entered a protective order requiring the parties to keep documents so-designated by the producing party confidential—and to only use those confidential documents in the *Cole v. Collier* litigation. *Cole v. Collier*, Doc. 151.

Over the years, TDCJ has applied confidentiality stamps to tens of thousands of pages of production, including photographs, diagrams of the facility, medical records, medical information,

1

and inmate transfer records. Confidential documents have been considered by experts, this Court, and numerous witnesses. Confidential documents are used to delineate the Subclass which is more vulnerable to heat extremes and enjoys additional protections under the class action settlement.

On March 30, 2020, two class members in *Cole* filed a separate lawsuit, represented by the undersigned and additional counsel, seeking injunctive relief to implement rudimentary steps to protect the Pack Unit's residents from the novel coronavirus, COVID-19. *Valentine v. Collier*, Doc. 1.

After TDCJ revealed on April 14, 2020 that a Pack Unit inmate died early April 11, 2020 and was posthumously diagnosed with COVID-19, *see* Ex. 1, this Court set a hearing on the *Valentine* Plaintiffs' motion for temporary restraining order for April 16, 2020 at 1:30 pm. *See Valentine v. Collier*, Docs. 26, 27.

## II.  ARGUMENT

The Court should modify the *Cole* protective order to encompass the *Valentine* litigation. The proposed substantive modification is solely to add section 21 to the order:

> **21.  Scope**
>
> For the purposes of this order, "this litigation" means either or both the *Cole et al. v. Collier et al.* No. 4:14-cv-1698, matter <u>and</u> the *Valentine et al. v. Collier et al.*, No. 4:20-cv-1115, matter. Accordingly, for example, counsel for any party in one of those two cases is a "Qualified Person." Classified Information under this order may be used for the purposes of either case by any qualified person as described in this order. This definition shall have retroactive effect to documents previously marked as classified.

Proposed order, p. 9.

The Court has wide discretion to modify its protective order in one case to allow non-parties to access confidential documents that are relevant to another case. *See, e.g.*, *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006) (affirming modification of protective order to allow non-

parties to intervene and access sealed filings). The Court should modify the order for at least three reasons.

First, due to the ongoing emergency, the parties in *Valentine v. Collier* do not have time to navigate the lengthy discovery process that developed in the *Cole v. Collier* matter all over again. Due to the breadth of relevant documents falling under the protective order, many similar records—and many of the exact same documents—would ultimately be subject to discovery and disclosed again in *Valentine*. Thus, the real effect of granting this motion will be merely to expedite the COVID-19 case.

Second, much of the documentation in *Cole v. Collier*—including facility photographs and medical information—is eminently relevant to COVID-19 and should be fair game in the *Valentine* case. For example, the parties can better estimate the at-risk population housed at Pack today from medical information disclosed in the Pack Unit case, such as the Subclass member list. The Subclass is based on conditions that substantially overlap with those at risk from COVID-19. The parties can also better evaluate possible protective measures against COVID-19. For example, although the *Valentine* Plaintiffs' expert Eldon Vail has already attested that prisoners' beds at the Pack Unit are all less than 6 feet apart from his personal observation, if this fact is disputed, then photographs would help settle the question.

Finally, the protective order would still be in place and the confidential information will not be made public by this modification. In practice, the only new people who would see confidential *Cole* documents would be Plaintiffs' additional counsel in *Valentine*, expert witnesses in that litigation, and other qualified persons under the order such as court reporters. TDCJ did not give any explanation for its opposition.

Accordingly, the Court should modify the existing protective order to allow all discovery accessible in *Cole v. Collier* to be available to counsel and the Court in *Valentine v. Collier*.

## III. CONCLUSION

In light of the ongoing COVID-19 emergency, the Court should modify the protective order in *Cole v. Collier* to include the related *Valentine v. Collier* case, so counsel can use that evidence to address the emergency hearing on April 16, 2020 and beyond.

Dated: April 15, 2020.

                                          Respectfully submitted,

                                          EDWARDS LAW
                                          The Haehnel Building
                                          1101 East 11th Street
                                          Austin, Texas 78702
                                                Tel.   (512) 623-7727
                                                Fax.   (512) 623-7729

                                          By:  /s/ *Jeff Edwards*
                                          JEFF EDWARDS
                                          State Bar No. 24014406
                                          Attorney-in-Charge
                                          Scott Medlock
                                          State Bar No. 24044783
                                          Michael Singley
                                          Texas Bar No. 00794642
                                          David James
                                          State Bar No. 24092572
                                          Federal ID No. 2496580

                                   **ATTORNEYS FOR PLAINTIFFS**

                                   <u>**CERTIFICATE OF SERVICE**</u>

By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Southern District of Texas.

                                          /s/ *Jeff Edwards*
                                          Jeff Edwards

## CERTIFICATE OF CONFERENCE

By my signature below, I certify that I conferred with opposing counsel by electronic mail. After attempting to obtain agreement with TDCJ's counsel in both cases, their counsel merely stated without any explanation that TDCJ is opposed. Defendants are opposed to the relief requested in this motion.

/s/ *Jeff Edwards*
Jeff Edwards