IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, JACKIE BRANNUM, RICHARD KING, FRED WALLACE, LAVAR SANTEE, and MARVIN RAY YATES, individually and on behalf of those similarly situated,<br>        *Plaintiffs,*<br><br>v.<br><br>BRYAN COLLIER, in his official capacity, ROBERTO HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE,<br>        *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:14-CV-1698 |

## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Defendants move the Court for issuance of a protective order to enforce and clarify the Court's directive allowing limited discovery in this case. Following the filing of Plaintiff's motion to compel, it is apparent that a protective order is necessary to conserve the resources of Defendants, avoid confusion, and promote the efficient completion of the Court ordered discovery in this case.

Defendants move for issuance of a protective order that would relieve them of the duty to respond to Plaintiffs discovery requests that are outside the scope of the Court ordered discovery in this case.

### I.   NATURE AND STAGE OF PROCEEDING

Following Plaintiffs' motion for sanctions, the Court issued an order permitting "further discovery on the violations of the settlement agreement that occurred in July and August of 2019." ECF No. 1504 at 6. The Court elaborated that Class Counsel could "make reasonable written

discovery requests that relate to the violations of the settlement agreement in July and August of 2019, and the related misrepresentations made by Defendants to Class Counsel and the Court." *Id.* at 6–7.

In response, Plaintiffs served discovery requests on Defendants which included a first set of requests for production, requests for admissions, requests for interrogatory responses and a second set of requests for production. *See* Exhibits A-D.

Defendants served initial and supplemental responses and objections to Plaintiffs' discovery requests. On April 10, 2020 Plaintiffs filed a motion to compel discovery in which they sought a broad order overruling all of Defendants objections and privilege assertions. ECF No. 1546. Defendants filed a response to Plaintiffs' motion to compel contemporaneously with this motion.

Defendants now move for an order protecting them from discovery requests that are outside the scope of permissible discovery in this case.

## II.    MOTION FOR PROTECTIVE ORDER

Defendants seek an order protecting them from discovery sought by Plaintiffs that is overly burdensome and not proportional to the needs of the pending motion for contempt; being conducted in a manner to annoy, embarrass, or oppress Defendants; concerning privileged information that is exempt from discovery; and irrelevant to the scope of Court ordered discovery.

Rule 26(c) allows the Court to grant protective orders that limit the extent and manner of discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order must show good cause and a specific need for protection. *In re Terra International Inc*, 134 F3d 302, 306 (5th Cir 1998). In analyzing a request for a protective order, the court must compare burden and benefit—the hardship borne by the party complying with the discovery versus the probative value gained by the opponent obtaining the information. *Cazorla v Koch Foods of Mississippi LLC*, 838 F3d 540, 555 (5th Cir 2016). District courts

have broad discretion in determining whether to grant a protective order. *In re LeBlanc*, 559 F App'x 389, 392– 93 (5th Cir 2014).

On December 11, 2019, this Court issued an order permitting "further discovery on the violations of the settlement agreement that occurred in July and August of 2019." ECF No. 1504 at 6. The Court elaborated that Class Counsel could "make *reasonable* written discovery requests that relate to the violations of the settlement agreement in July and August of 2019, and the related misrepresentations made by Defendants to Class Counsel and the Court." *Id.* at 6–7 (emphasis added). While Plaintiffs' subsequent discovery requests focused primarily on matters within this permissible scope, some requests strayed from those matters within the scope of discovery in whole or in part. When requests went outside the permissible scope, Defendants objected on that basis. Defendants now request that they be protected from undue burden and expense of Plaintiffs' requests that exceed the scope of the discovery permitted by the Court.

### A. Defendants need a protective order to protect them from disclosing entire personnel files of current or former TDCJ employees.

Defendants seek an order protecting them from disclosing the entire personnel files of current and former TDCJ employees. In Plaintiffs' requests for productions, Numbers 1 and 18 seek the personnel files of more than 30 current and former TDCJ employees. *See* Ex. A, Request No. 1and Ex. D, Request No. 18.

In their motion to compel, Plaintiffs argue that they need the personnel file for this multitude as "background" to determine culpability. However, if there were relevant documents contained in the personnel files, those documents were produced in response to other requests lodged by Plaintiffs. In addition to entire personnel files, Plaintiffs also sought documents concerning disciplinary actions in requests for productions number 2 and 19. *See* Ex. A, Request 2 Ex. D, Request 19.

Responsive disciplinary documents have been produced. There is no reason why the entire personnel files of more than 30 employees need to be disclosed. Plaintiffs' requests implicate each of

the individual employees' personal right to privacy regarding some of the contents of those documents, such as their medical history and benefits information. That information is confidential under federal and state law. 45 C.F.R. Parts 160, 162, 164; Tex. Health & Safety Code § 181.006 (individual's protected health information includes any information that reflects that an individual received health care from the covered entity). *See also* Tex. Health & Safety Code § 181.001, *et seq.*; *Carpenter v. Arredondo*, No. SA–16–CA–00188–XR, 2017 WL 8948612, at *1 (W.D. Tex. Feb 1. 2017) (covered entity defined by § 181.001 of the Texas Health & Safety Code must comply with the provisions of that chapter; covered employee includes a governmental unit and an employee of a governmental unit.).

Furthermore, TDCJ employees' confidential  information is not relevant to the issues in this case. A right to privacy, though not expressly stated in Rule 26(c)'s reasons for issuing a protective order, is "implicit in the broad purpose and language of the rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984); FED. R. CIV. P. 26(c).

While information may be contained in personnel files regarding discipline responsive to Requests Nos. 2 and 19 may be relevant to the Court's ordered discovery in this case; those documents have been disclosed. Delving into a person's emergency contacts, medical leave history, or even decades worth evaluations is not relevant to the issues of the case, would impermissibly invade the privacy interests of these individuals, and it serves no purpose. *See Cantu v. Rocha*, 77 F.3d 795 (5th Cir. 1996) (in context of government disclosure of personal matters, individual's right to privacy is violated if: (1) person had a legitimate expectation of privacy; and (2) privacy interest outweighs the public need for disclosure).

Further, to the extent Plaintiffs are attempting to use the current requests to discover past disciplinary actions taken against an employee for incidents that are not the basis of claims before the Court to prove a particular character or trait, such information would not be admissible to prove that

on a particular occasion an employee acted in accordance with the character or trait. FED. R. EVID. 404(a)(1).

Defendants seek an order protecting them from disclosing the personnel files sought in Requests Numbers 1 and 18.

**B. Defendants need a protective order to protect them from having to conduct a burdensome search for information that is outside the Court's order.**

Defendants seek an order protecting them from searching for and producing communications that are outside the Court's discovery order, responding to interrogatory questions regarding matters outside the Court's order and otherwise protect them from overbroad discovery not contemplated by the Court's limited discovery order. As stated earlier, the Court order was clearly limited in scope and allowed Plaintiffs to conduct written discovery concerning *alleged* violations of the settlement agreement in July and August of 2019.

Plaintiffs, nonetheless, have sought discovery for subjects outside the Court's order, which is limited to incidents that arose in July and August of 2019. Plaintiffs have requested information concerning matters before that time period and subjects that are not before the Court. *See* Ex. A, Requests 7 (requesting 2 years' worth of communications from over a dozen TDCJ employees); 8(g) & 8(h) (seeking documents about areas in which no class members were housed); 13 (seeking unspecified communication with no limit to time or allegations that form the basis of the claims before the Court); 14(a) (seeking extensive information regarding a bus transport in June 2018); Ex. B Requests 1 through 22 (concerning subjects outside of the Court's order) Ex. C Interrogatories 1 (requesting information for incidents that occurred before July 2019 or incidents that were not part of the claims before the Court); 2 (requesting information since June 2018); Ex. D, Requests 20 (requesting 2 years' worth of communications) 24 (seeking documents related to all requests for admissions for answers other than admit), 25 (requesting forensic images of computers and electronic devices). In responding to Plaintiffs' requests for discovery, Defendants objected and limited the scope

of their responses to the discovery order issued by the Court. Despite these valid objections, Plaintiffs moved to compel expanded discovery responses.

In searching for responsive material, Defendants did not limit their search solely to the months of July and August 2019, rather Defendants searched and produced all documents responsive to the topics that were raised during those months, regardless of when the document was created. Even though Defendants objected to the overbroad scope, Defendants' counsel still had to review over 175,000 pages of documents, interview dozens of TDCJ employees, and TDCJ employees had to spend many hours to prepare summaries of voluminous. That process took hundreds of hours. To expand the scope of discovery beyond that ordered by the court, therefore, would not be proportional to the limited value this information might yield.

Defendants do not seek to limit Plaintiffs' access to responsive material within the scope of the Court's order, rather, Defendants seek protection from Plaintiffs' attempts to unilaterally expand the scope of the Court's discovery order. The scope of Plaintiffs' requests is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* FED. R. CIV. P. 26(b)(1).

The Court ordered discovery as to past violations, the Defendants have provided discovery as to those violations.  Because there is no prospective relief before the Court, additional discovery is unlikely to lead to admissible evidence as to any other claim or defense before the Court.  Instead, such additional discovery simply distracts the Defendants from their focus on continued compliance with the settlement agreement and other important issues that require Defendants' time and attention. To expand the search for responsive documents beyond the Court's order is overly burdensome and not proportional to the issues before the Court. Defendants respectfully request the Court to confirm

its scope of discovery by issuing an order protecting them from having to respond to Plaintiffs' overly broad discovery requests.

## III.   CONCLUSION

For all the reasons identified above, Defendants respectfully ask the Court to issue an order protecting them from discovery outside the scope of the Court's order.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN McCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief, Law Enforcement Defense Division

/s/ Ted A. Ross
**TED A. ROSS**
State Bar No. 24008890
Assistant Attorney General

CHARLES K. ELDRED
State Bar No. 00793681
Assistant Attorney General

BENJAMIN DOWER
State Bar No. 24082931
Assistant Attorney General

JEANINE COGGESHALL
State Bar No. 24083162
Assistant Attorney General

Office of the Attorney General of Texas
P. O. Box 12548, Capitol Station
Austin, Texas 78711
P: (512) 475-4191

F: (512) 457-4674
Ted.Ross@oag.texas.gov
Charles.Eldred@oag.texas.gov
Benjamin.Dower@oag.texas.gov
Jeanine.Coggeshall@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I, **Ted A. Ross**, Assistant Attorney General of Texas, certify that I conferred with counsel for Plaintiffs, Jeff Edwards on April 30, 2020 regarding this motion. Plaintiffs are opposed to the relief sought.

**NOTICE OF ELECTRONIC FILING**

I, **Ted A. Ross**, Assistant Attorney General of Texas, certify that I have electronically filed this pleading in accordance with the Electronic Case Files System of the Southern District of Texas, on May 1, 2020.

*/s/ Ted. A. Ross*
TED A. ROSS
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **Ted A. Ross**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served to all attorneys of record by electronic notice in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure on May 1, 2020.

*/s/ Ted. A. Ross*
TED A. ROSS
Assistant Attorney General