United States District Court
Southern District of Texas
**ENTERED**
July 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1698 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

In an Order signed May 28, 2020, the Court ordered Defendants to produce in camera documents they had withheld as privileged. (Doc. No. 1568). The Court reviewed these documents for privilege, as well as exceptions to privilege that Plaintiffs had asserted in their Motion to Compel. (Doc. No. 1546).

### I.     Documents to be Produced in Full

The Court has determined that the following documents must be produced in their entireties to Plaintiffs for the stated reasons.

**16. Bates 14877–78**

Privilege assertion is overruled. The email, concerning the logistics of unit-level approval of Mr. Medlock's visit to LeBlanc Unit, discusses neither confidential nor legal matters.

Defendants shall produce this document to Plaintiffs.

**17. Bates 14859–60**

Privilege assertion is overruled. The email, concerning the logistics of unit-level approval of Mr. Medlock's visit to LeBlanc Unit, discusses neither confidential nor legal matters.

Defendants shall produce this document to Plaintiffs.

1

**38. Bates 14246–49**

Privilege assertion is overruled. This document, a letter from Class Counsel to Defendants' counsel, was not a confidential communication by Defendants.

Defendants shall produce this document to Plaintiffs.

**40. Bates 14737–40**

Privilege assertion is overruled. This document, a letter from Class Counsel to Defendants' counsel, was not a confidential communication by Defendants.

Defendants shall produce this document to Plaintiffs.

**112. Bates 14352**

Privilege assertion is overruled. This document, an email automatically generated by a distributor email account and forwarded to various nonlegal TDCJ employees, is not a confidential communication by Defendants to their attorneys.

Defendants shall produce this document to Plaintiffs.

**152. Bates 14448–54**

Privilege assertion is overruled. This document, a court filing by Plaintiffs in this case, was not a confidential communication by Defendants.

Defendants shall produce this document to Plaintiffs.

**154. Bates 14467–73**

Privilege assertion is overruled. This document, a court filing by Plaintiffs in this case, was not a confidential communication by Defendants.

Defendants shall produce this document to Plaintiffs.

**171. Bates 14955**

Privilege assertion is overruled. This document, a letter sent by Defendants' counsel to Class Counsel, was not a confidential communication by Defendants.

Defendants shall produce this document to Plaintiffs.

**182. Bates 14799–800**

Privilege assertion is overruled. This document, an order issued by this Court, was not a confidential communication by Defendants.

Defendants shall produce this document to Plaintiffs.

**199. Bates 14621**

Privilege assertion is overruled. This text message from Kim Farguson to Sharon Howell on temperatures in the LeBlanc Unit was not a confidential communication by Defendants, as the same message was shared widely to nonlegal TDCJ personnel, and thus, has been produced to Plaintiffs in other documents already.

Defendants shall produce this document to Plaintiffs.

**230. Bates 3082–232**

Privilege assertion is overruled. The redacted text message from Frank Inmon to Sharon Howell on temperatures in the LeBlanc Unit was not a confidential communication by Defendants, as the same message was shared widely to nonlegal personnel, and thus, has been produced to Plaintiffs in other documents already.

Defendants shall produce this document without redactions to Plaintiffs.

**243. Bates 19382–404**

Privilege assertion is overruled. This document was included in Defendants' in camera production, but does not appear on their privilege log. It does not contain any communications with attorneys.

Defendants shall produce this document to Plaintiffs, if it has not already been produced.

**252. Bates 19425–441**

Privilege assertion is overruled. This document was included in Defendants' in camera production, but does not appear on their privilege log. It does not contain any communications with attorneys.

Defendants shall produce this document to Plaintiffs, if it has not already been produced.

## II.  Documents to be Produced with Redactions

The Court has determined that the following documents must be produced in redacted form to Plaintiffs for the stated reasons. The Court will provide Defendants' counsel with its proposed redactions separately.

**163. Bates 14277–78**

Privilege assertion sustained. Exception to privilege is applicable as to a portion of Leah O'Leary's email. Defendants placed into issue whether attorneys and other officials in the TDCJ system knowingly made or were aware of misrepresentations made to Class Counsel and this Court through Defendants' counsel with regards to the air conditioning system at LeBlanc Unit. Thus, they have waived privilege with regards to that information. However, the Court construes the scope of any exception to privilege as narrowly as possible. Thus, only the portion of the email that speaks directly to the issue of knowledge of the misrepresentations may be revealed to Plaintiffs.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

**167. Bates 14294**

Privilege assertion is overruled except as to discussion about a previous conversation with Sharon Howell. It otherwise does not contain any confidential information shared with attorneys.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

**168. Bates 14295–96**

Privilege assertion is overruled except as to discussion about a previous conversation with Sharon Howell. It otherwise does not contain any confidential information shared with attorneys.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

**169. Bates 14345**

Privilege assertion is overruled except as to discussion about a previous conversation with Sharon Howell. It otherwise does not contain any confidential information shared with attorneys.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

**170. Bates 14346**

Privilege assertion is overruled except as to discussion about a previous conversation with Sharon Howell. It otherwise does not contain any confidential information shared with attorneys.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

**179. Bates 14912–14**

Privilege assertion sustained. Exception to privilege is applicable as to a portion of Kamilla Stokes's email. Defendants placed into issue whether attorneys and other officials in the TDCJ system knowingly made or were aware of misrepresentations made to Class Counsel and this Court through Defendants' counsel with regards to the air conditioning system at LeBlanc Unit. Thus, they have waived privilege with regards to that information. However, the Court construes the

scope of any exception to privilege as narrowly as possible. Thus, only the portion of the email that speaks directly to the issue of knowledge of the misrepresentations may be revealed to Plaintiffs.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

**192. Bates 14616**

Privilege assertion sustained. Exception to privilege is applicable as to a portion of Frank Inmon's text message. Defendants placed into issue whether attorneys and other officials in the TDCJ system knowingly made or were aware of misrepresentations made to Class Counsel and this Court through Defendants' counsel with regards to the air conditioning system at LeBlanc Unit. Thus, they have waived privilege with regards to that information. However, the Court construes the scope of any exception to privilege as narrowly as possible. Thus, only the portion of the text message that speaks directly to the issue of knowledge of the misrepresentations may be revealed to Plaintiffs.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

**194. Bates 14611–13**

Privilege assertion sustained. Exception to privilege is applicable as to a portion of the text messages sent between Bryan Collier and Sharon Howell. Defendants placed into issue whether attorneys and other officials in the TDCJ system knowingly made or were aware of misrepresentations made to Class Counsel and this Court through Defendants' counsel with regards to the air conditioning system at LeBlanc Unit. Thus, they have waived privilege with regards to that information. However, the Court construes the scope of any exception to privilege as narrowly as possible. Thus, only the portion of the text messages that speak directly to the issue of knowledge of the misrepresentations may be revealed to Plaintiffs.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

**242. Bates 19377–81**

Privilege assertion sustained. Exception to privilege is applicable as to a portion of the email sent by Kamilla Stokes. Defendants placed into issue whether attorneys and other officials in the TDCJ system knowingly made or were aware of misrepresentations made to Class Counsel and this Court through Defendants' counsel with regards to the thermostats at LeBlanc Unit. Thus, they have waived privilege with regards to that information. However, the Court construes the scope of any exception to privilege as narrowly as possible. Thus, only the portion of the text messages that speak directly to the issue of knowledge of the misrepresentations may be revealed to Plaintiffs.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

**194. Bates 14611–13**

Privilege assertion sustained. Exception to privilege is applicable as to a portion of the text messages sent between Bryan Collier and Sharon Howell. Defendants placed into issue whether attorneys and other officials in the TDCJ system knowingly made or were aware of misrepresentations made to Class Counsel and this Court through Defendants' counsel with regards to the air conditioning system at LeBlanc Unit. Thus, they have waived privilege with regards to that information. However, the Court construes the scope of any exception to privilege as narrowly as possible. Thus, only the portion of the text messages that speak directly to the issue of knowledge of the misrepresentations may be revealed to Plaintiffs.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

**255. Bates 19448–49**

Privilege assertion is overruled except as to the portion of Leah O'Leary's email discussing legal strategy. The email, concerning the logistics of unit-level approval of Mr. Medlock's phone calls to inmates at the Stiles Unit, discusses neither confidential nor legal matters.

Defendants shall produce this document to Plaintiffs with the appropriate redactions.

### III. Conclusion

The Court hereby **ORDERS** that the aforementioned documents be produced either in whole or with redactions, as designated above by this Court, to Plaintiffs on a schedule to be determined by agreement between the parties. All other documents produced to the Court in camera were properly withheld as privileged and do not need to be produced to Plaintiffs.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 17th day of July, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE