# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **KEITH COLE, JACKIE BRANNUM, RICHARD KING, MICHAEL DENTON, FRED WALLACE, and MARVIN RAY YATES, individually and on behalf of those similarly situated,** | § § § § § § § | |
| *Plaintiffs*, | § § | |
| **v.** | § § | CIVIL ACTION NO.   4:14-cv-1698 |
| **BRYAN COLLIER, in his official capacity, ROBERT HERRERA, in his official capacity, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE,** | § § § § § § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER TO PRODUCE PRIVILEGED DOCUMENT

Defendants, Bryan Collier, Robert Herrera, and the Texas Department of Criminal Justice, respectfully move the Court to reconsider its order directing the partial disclosure of Document No. 163.   In support, Defendants would show the Court as follows:

On July 17, 2020 the Court issued an order directing the disclosure, or partial disclosure, of certain communications provided by Defendants to the Court for in camera review (Doc. No. 1574) (Order).

One of the documents subject to the Order is the document logged as Document 163, Bates No. 14277.   The Court's order requires   production of part

of this email, which is a September 17, 2019 communication between Defendants' litigation counsel and their client representatives at TDCJ, including lawyers at TDCJ's General Counsel Office.   The Order directs that "the portion of the email that speaks directly to the issue of knowledge of the misrepresentations may be revealed to Plaintiffs" [ECF No. 1574 at 4].   The Court's redactions appropriately allow Defendants to withhold the majority of the communication as privileged without exception, on the recognition that the communication on its face represents a confidential communication between lawyer and client representatives, including the clients' internal agency counsel.

The Court thus confirms the general privileged nature of the email, but nonetheless has ordered production of a portion that in the Court's view "speaks directly to the issue of knowledge of the misrepresentations."   Defendants move the Court to reconsider this portion of its Order.   While Defendants acknowledge and respect the Court's consideration of this document and the Court's ruling, Defendants submit that these sentences identified by the Court are part and parcel of the confidential communication that occurred between attorney and client as part of litigation. This email explicitly discusses active investigation and client consultation conducted by Defendants' litigation counsel after Plaintiffs filed their motion for contempt and sanctions.

"[T]he [attorney-client] privilege exists to protect not only the giving of

2

professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States,* 449 U.S. 383, 390 (1981).   The Supreme Court further stated in *Upjohn* that "[t]he first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant." *Id*. at 390–91.   In *Upjohn*, the communications were made by company employees to company attorneys during an attorney-led internal investigation that was undertaken to ensure the company's "compliance with the law." *Id.* at 392.   The Court ruled that the privilege applied to the internal investigation and covered the communications between company employees and company attorneys.

Other courts have similarly recognized that "factual investigations performed by attorneys as attorneys fall comfortably within the protection of the attorney-client privilege." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 619 (7th Cir. 2010) (emphasis added).   "[T]he attorney-client privilege protects confidential employee communications made during a business's internal investigation led by company lawyers." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 756 (D.C. Cir. 2014) (Kavanaugh, J.). ("[I]f one of the significant purposes of the internal investigation was to obtain or provide legal advice, the privilege will apply . . . regardless of whether an internal investigation was conducted pursuant to a company compliance program required by statute or regulation, or was otherwise conducted

pursuant to company policy.")   *Id.* at 760.[1]

As the Fifth Circuit has recognized, "[t]he purpose of the privilege is to 'encourage full and frank communication between lawyers and their clients and thereby promote broader public interests in the observance of law and administration of justice.'"   *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (quoting *United States v. (Under Seal)*, 748 F.2d 871, 873 (4th Cir. 1984)). "This purpose allows clients to make full disclosure to their attorneys of past wrongdoings to obtain the aid of persons having knowledge of the law and skilled in its practice."   *Willy v. Administrative Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005) (internal quotations omitted).

This communication was not made contemporaneously with the events that form the basis of Plaintiffs' claims, rather this is a communication made by litigation counsel in order to investigate and respond to the claims raised by Plaintiffs. The two unredacted sentences in Document 163 fall squarely within the parameters of the foregoing authority and the confidentially of Defendants communication with their litigation counsel should be preserved.

Defendants therefore respectfully request the Court to reconsider this portion

---

[1] Defendants would also point out that, under Texas law, the privilege extends to the entire document and not merely to the portion of the document containing legal advice, opinions, or analysis.   *In re ExxonMobil Corp*, 97 S.W.3d 353, 357 (Tex. App.—Houston [14th Dist.] 2003, no pet.), citing *Pittsburgh Corning Corp. v. Caldwell*, 861 S.W.2d 423, 425 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding.

4

of its order and allow Defendants to withhold Document 163 in its entirety.

Date:  August 17, 2020.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN McCARTY**
Deputy Attorney General for Civil
Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

/s/ Ted A. Ross
**TED A. ROSS**
State Bar No. 24008890
Assistant Attorney General

**CHARLES K. ELDRED**
Special Litigation Counsel

**BENJAMIN DOWER**
Assistant Attorney General

**JEANINE COGGESHALL**
Assistant Attorney General

Office of the Attorney General of Texas
P. O. Box 12548, Capitol Station
Austin, Texas 78711
P: (512) 475-4191
F: (512) 457-4674
Ted.Ross@oag.texas.gov
Charles.Eldred@oag.texas.gov
Benjamin.Dower@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

Defendants' Counsel conferred with Plaintiffs' Counsel via email on August 16, 2020, Plaintiffs' are opposed to this motion.

_/s/ Ted A. Ross_
Ted A. Ross

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on **August 17, 2020** on the following via electronic service:

Jeff Edwards
State Bar No. 24014406
Attorney-in-Charge
Scott Medlock
State Bar No. 24044783            Jeremy Doyle
Michael Singley                   State Bar No. 24012553
State Bar No. 00794642            Federal ID No. 24559
David James                       Nathan Smith
State Bar No. 24092572            State Bar No.: 24053060
Federal ID No. 2496580            Federal ID No. 1075505
EDWARDS LAW                       REYNOLDS FRIZZELL LLP
The Haehnel Building              1100 Louisiana, Suite 3500
1101 East 11th Street             Houston, Texas 77002
Austin, Texas 78702               Tel. (713) 485-7200
Telephone: (512) 623-7727         Fax. (713) 485-7250
Facsimile: (512) 623-7729

*/s/ Ted A. Ross*
Ted A. Ross

7