NO. _____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

| | | |
|---|---|---|
| Cole, et.al., Plaintiffs | § | SEP 2 2 2021 |
| | § | CIVIL ACTION NO. |
| V. | § | 4:14-cv-1698 Nathan Ochsner, Clerk of Court |
| | § | |
| Collier, et.al., Defendants | § | |

## MOTION FOR PRELIMINARY INJUNCTION

Petitioner asks this Honorable Court to GRANT a preliminary injunction against Defendants.  Petitioner claims Defendants' actions in this matter are **likely** done in **RETALIATION** for this Honorable Court's previous rulings in this case.

(                           introduction

**COMES NOW**, James H. Gentry (Petitioner herein) **pro-se INTERESTED PARTY** in the above styled and numbered cause of action. Petitioner (TDCJ # 01521142) respectfully asks this Honorable Court to **enjoin** Defendants to return confiscated materials **(19" papers)** and also issue a subsequent storage container for storage of said materials and future **"legal materials"**.

Petitioner alleges that Defendants confiscated - without proper cause - **THOUSANDS** of pages of **"legal materials"** (a significant portion of w hich is highly exculpatory evidence and Defendants also **REFUSE** to issue Petitioner a proper storage container in which to st ore the confiscated **19" "papers"** and also to store anticipated future additional **"legal material."**

Defendants' **REFUSAL** to grant Petitioner his repeated requests for an additional storage container in which to store **"legal materials"** has resulted in Petitioner being PERSECUTED with two disciplinary cases within the last few weeks:  #202102389737 & 20210254844.

Petitioner has received **UNDESERVED PUNISHMENT** from Defendants by means of **restrictions** of his rights (for a total of 25 days) with (1) NO recreation and (2) NOT being allowed to purchase legal materials and supplies from the prison commissary.

Defendants have attempted to <u>justify</u> said confiscation by claiming the seized "**legal documents**" are, in fact, PERSONAL PROPERTY and, as such, were therefore **Improperly Stored**.

Petitioner's current housing assignment (B-5-14) does not contain adequate floor space in order to **safely** accomodate a second subsequent storage container. However, Pack Prison <u>does include</u> AT LEAST ONE **HUNDRED (100)** prison housing cubicles <u>available</u> which <u>do have</u> adequate floor space in which to store **safely** TWO (2) subsequent storage con-tainers. Petitioner <u>q ualifies</u> to be housed in **ANY** of those **One Hundred (100)** prison housing cubicles. <u>which are currently available.</u>

Petitioner ATTEMPTED to resolve this matter **INFORMALLY,** but said attempt was **IGNORED.** (See attached carbon copy of EXHIBIT # 1: <u>YOU ARE DENYING ME ACCESS TO THE COURTS</u>, DATED August 26, 2021 and sent to **DUTY WARDEN** Pack Prison.

ARGUMENT

Petitioner seeks to **enjoin** Defendants' agents and representatives from Prohibiting Petitioner access to several **THOUSAND** pages of "**legal materials**" (19" papers) and also from REFUSING to provide Petitioner with adequate storage containers in which to properly store said materials (19" papers). This activity infringes Petitioner's **constitutional right** to **ACCESS TO THE COURTS.** Therefore, there is a substantial <u>liklihood</u> that Petitioner will **prevail on the merits.** See <u>Winter</u>, 555 **U.S.** 7; <u>Doran</u>, 422 **U.S.** at 931; <u>Sindicato</u>..., 699 **F.** 3d at 10.

page 2 of <u>9</u>

If the Court does not GRANT a preliminary injunction, Defendants will likely continue their activities that infringe Petitioner's **Access to Courts Constitutional Rights.**

Petitioner will **likely** suffer imminent and irreparable injury if the Court does not enjoin Defendants from refusing to provide Petitioner with the **THOUSANDS** of pages of evidence which will be used to support Petitioner's FIVE (5) APPLICATIONS FOR A WRIT OF HABEAS CORPUS in Texas trial court cases numbered:

199-81623(24)(25)(26)(27)-07

If Petitioner is NOT issued a subsequent storage container in which to store the currently confiscated **"legal materials"** (**9" papers**) he will have NO WAY to store said materials without exposing himself to the liklihood of being charged with ADDITIONAL disciplinary cases – along with associated punishments – including withdrawal of prison potential rights and privileges.

Defendants' REFUSAL to provide Petitioner with a detailed listing of the materials confiscated may greatly reduce Petitioner's success when filing his FIVE (5) APPLICATIONS FOR A WRIT OF HABEAS CORPUS.

By simply **"glancing"** at a typed or written page, one CANNOT make an informed decision whether a particular page is PERSONAL PROPERTY or **"legal material."**

THE ONLY WAY to determine if the printed words on the page of paper are **PERSONAL** instead of **"legal materials" is:** The examining Defendant must – AT THE VERY LEAST – **"scan"** the words on the page. Defendants' own policy requires Defendants to obtain a **Form I-186**, SIGNED BY THE ~~ARDEN~~ WARDEN to "scan" the subject pages **BEFORE** beginning the examination of the suspect pages.

It is arbitrary, capricious and overreaching for Defendants to claim the pages examined (19" papers) are PERSONAL PROPERTY, instead of )"legal materials."   Defendant's own rules provide that if Defendants suspect there may be written CONTRABAND, BEFORE they can "scan" each page to determine whether - or not - it is legal material - defendant must have a completed and signed by the Warden Form I-186 - Authorization to Search legal materials, BEFORE starting the scanning process.   DEFENDANTS HAD NO SUCH AUTHORIZATION BEFORE SEARCHING PETITIONER"S (19" papers).

How can the LIBRARIAN III who examined Petitioner's 19" papers make an informed decision about whether the papers searched were PERSONAL PROPERTY or "legal materials" when she DID NOT possess a signed Form I-186 - Authorization to Search legal materials?

If she DID NOT SEARCH the 19" papers, she had NO WAY OF KNOWING wheter they were PERSONAL PROPERTY or "legal materials."

On the other hand, if she DID SEARCH the 19" papers, she VIOLATED TDCJ policy by not acquiring a Form I-186 before her search.

Either way, her search was contrary to the rules making the entire SEARCH process to be NULL AND VOID.

Furthermore, the charging officer LIBRARIAN III and the Officer V who she instructed to search a protibn of Petitioner's papers, had have NEVER filed a legal brief, nor been trained as a judge, nor been trained as an attorney nor ever had conducted themselves evan as a PRO-SE LITIGANT.   Therfore neither of those two TDCJ employees were QUALIFIED to conduct the purported search they claim they conducted . They may very well have been trained to conduct a search for PHYSICAL CONTRABAND, but are not trained to conduct a search of leagal materials for written CONTRABAND.

page 4 of _9_

## BALANCE OF HARM

If the preliminary injunction is NOT granted, the injury suffered by Petitioner will far **outweigh** any injury which might be suffered by Defendants when they return the confiscated 19" papers to Petitioner and also issue proper storage for **THOUSANDS** of confiscated pages now held by Defendants - **PLUS** potentially **MANY MORE THOUSANDS** of pages of **EXCULPATORY EVIDENCE** which will be gathered by Petitioner in the near future while he is preparing his FIVE (5) APPLICATIONS FOR A WRIT OF HABEAS CORPUS. If PETITIONER IS NOT issued an additional sub-sequent storage container, the prison employees will - quite **likely** - sooner or later File MORE disciplinary cases against Petitioner for "improper storage."

Defendants will **NOT suffer** undue hardship or loss as a result of the issuance of a preliminary injunction; the injury (if any) suffered by Defendants due to the "loss" of confiscated exculpatory evidence will be negligible while the injury to Petitioner might very well result in his remaining incarcerated for the balance of his natural life.

## LIBERTY INTEREST

Petitioner Gentry has a constitution al right to **LIBERTY INTEREST** in this matter while Defendants do not have a **LIBERTY INTEREST**.

## POSTING BOND

Petitioner is incarcerated and is indigent and cannot afford a bond payment.

## NOTICE TO DEFENDANTS

Petitioner shall notify Defendants by U.S. mail, mailed the same day this **MOTION FOR PRELIMINARY INJUNCTION** is filed in this honorable Court. - **by U.S. mail.**

page 5 of _9_

## HEARING

Petitioner PRAYS this Honorable Court hold a HEARING in order for Petitioner to PROVE that all (or a substantial part thereof) of what Defendants refer to as **19" papers** are, in fact, **"legal materials"** and, as such, **qualify** Petitioner for the use of an additional subsequent storage container in which to properly store not only the 19" **papers**, but also future anticipated additional **"Legal materials"** AND so a Judge can make the determination of which pages are "legal materials (court orders, court correspondence, briefs, offender grievances Step 1 and 2 responses, judgments, pleadings, transcripts, attorney correspondence, notes, drafts, etc. The material shall be reasonably necessary to support on-going, active litigation or anticipated litigation. Anticipated litigation shall show active progression.) TDCJ publication: OFFENDER PROPERTY AD-03.72 (rev.6).

How can an examiner determine if a page with typed or written words qualifies as **"legalmaterial"** without AT LEAST **"scanning"** the words on that page? According to Defendants' own rules, a person making a determination that the words on a specific page are, IN FACT, **"legal materials"** must AT LEAST **"scan"** the words on the page. BEFORE anyone can **"scan"** words to try to determine if the words are **"legal material"**, that person must have in possession a **"Form I-186 (AUTHOIRIZATION TO SEARCH LEGAL MATERIALS)** signed by the Warden. Said signed **Form I-186** was NEVER acquired by the person(s) making the determination of the subject pages (19" papers) in this case.

Therefore, the examination was NOT done in accordance with TDCJ rules/regulations and is therefore **(VOID).**

~~UNQUALIFIED EXAMINER~~

~~Charging officer LIBRARIAN III enlisted the assistance of a~~ page 6 of 7

## UNQUALIFIED EXAMINER

Charging Officer Librarian III enlisted the assistance of a Correctional Officer V to examine some of the property the Librarian III later claimed is PERSONAL PROPERTY even though the Correctional Officer V does not have the training or authority to make a determination if a particular page of printed words is "legal material" or PERSONAL PROPERTY - nor did the Correctional Officer V have a signed KKKK Form I-186 AUTHORIZATION TO SEARCH LEGAL MATERIALS in possession while making decisions regarding whether - or not - a particular page was "legal materials".

Defendants used the term PERSONAL PROPERTY as a PRETEXT to "cover up", "inhibit", "stall" and/or "preclude" Petitioner's ACCESS TO COURTS constitutional rights in this matter.

## THE PRELIMINARY INJUNCTION IS IN THE PUBLIC INTEREST

Petitioner can concieve of NO REASON why enjoining Defendants to return confiscated pages of "legal material" (19" papers) to Petitioner and also issuing one additional storage container in which to store said 19" papers, as well as future additional legal materials, would - in ANY WAY - violate the public interest.

## CONCLUSION

Because Petitioner's current subsequent storage container is FULL of "legal materials", if the 19" papers would have been PROPERLY designated "legal material" Defendants would be REQUIRED by their own rules to issue Petitioner a second subsequent storage container to store 19" papers. ALSO see OFFENDER ORIENTATION HANDBOOK I-202 (rev. February 2017) - page 125 - II. A. "...Offenders have access to their legal materials on a daily basis". However, by claiming 19" papers are PERSONAL PROPERTY, Petitioner has had NO

ACCESS to 19" papers since August 26, 2021 which is more than twenty (20) days since he has been attempting to prepare his FIVE (5) APPLICATIONS FOR A WRIT OF HABEAS CORPUS without access to this highly exculpatory "legal material." By designating 19" papers as PERSONAL PROPERTY, Defendants ARE NOT REQUIRED to provide Petitioner DAILY ACCESS to the materials and also are not required to issue Petitioner a second subsequent storage container. Defendants also claim they are NOT required to return 19" papers to Petitioner.

Petitioner has shown this Honorable Court he qualifies to have confiscated property (19" papers) returned to him and to be issued a second subsequent storage container in which to store said property because:

(1)  he is likely to succeed on the merits;  and

(2)  suffer irreparable harm in the absence of preliminary relief before a decision on the merits can be rendered;  and

(3)  the balance of equities tips in his favor;  and

(4)  the injunction is in the public interest.

See: **Winter** 555 U.S. 7;  129 SCT 365 (2008)

## PRAYER

Petitioner PRAYS this Honorable Court to enjoin Defendants herein to:

1.  Return to Petitioner the 19" papers which they have confiscated from Petitioner  and

2.  Issue an additional subsequent storage container to Petitioner for his use in storing "legalmaterials" including the 19" papers and legal materials which will be acquired in the future;  and

3.  Re-assign Petitioner  to a housing cubicle which has sufficient floor space to SAFELY accomodate two (2) subsequent storage containers;  and

4.  Replace the finding of GUILTY in the two above identified disciplinary cases to NOT GUILTY and remove the punishment assessed to Petitioner in each case.

page 8 of __9__

## VERIFICATION AND CERTIFICATE OF SERVICE

I, James H. Gentry, **pro-se** Petitioner herein, do hereby **CERTIFY**

UNDER PENALTY OF PERJURY that the foregoing document **MOTION FOR**

**PRELIMINARY INJUNCTION** is TRUE and CORRECT to the best of my

knopwledge and that a copy will be mailed to the Clerk of this

Honorable court at 515 Rusk, Houston, Texas 77002 on this *19th* day

of September, 2021.

EXECUTED ON THIS *19th* DAY OF SEPTEMBER, 2021

_James H. Gentry_ - 9-19-2021

James H. Gentry, **pro-se** Petitioner
TDCJ # 01521142
Pack Prison
2400 Wallace Pack Road
Navasota, Texas 77868


I, James H. Gentry, **pro-se** Petitioner herein, do hereby **CERTIFY**

**NOTICE** of the filing of this **MOTION FOR PRELIMINARY INJUNCTION** will

be mailed by FIRST CLASS MAIL to:

EXECUTIVE DIRECTOR BRYAN COLLIER
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
P.O. BOX 99
Huntsville, Texas 77342-0099

**and to:**

Jeffrey S. Edwards
Pack Unit Class Action
The Edwards Law Firm
1101 East 11th Street
Austin, Texas 78702

**EX**ECUTED ON THIS *19th* DAY OF SEPTEMBER, 2021

_James H. Gentry_ - 9-19-2021

James H. Gentry, **pro-se** Petitioner
TDCJ # 01521142
Pack Prison
2400 Wallace Pack Road
Navasota, Texas 77868

## PLAINTIFF GENTRY'S AFFIDAVIT OF LEGAL MATERIALS

Cause no.   4:14-cv-1698

| | | |
|---|---|---|
| | | UNITED STATES DISTRICOURT |
| James H. Gentry, Plaintiff | § | IN THE ~~199th JUDICIAL~~ |
| | | SOUTHERN DIVISION OF TEXAS |
| V. | § | ~~DISTRICT COURT OF~~ |
| | | HOUSTON DIVISION |
| TDCJ, Brian Collier, Defendant | § | ~~COLLIN COUNTY, TEXAS~~ |

United States Courts
Southern District of Texas
FILED

SEP 2 2 2021

Nathan Ochsner, Clerk of Court

## ~~PLAINTIFF GENTRY'S AFFIDAVIT OF LEGAL MATERIALS~~

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, James H. Gentry, Plaintiff in the above styled and numbered cause of action and presents this **"AFFIDAVIT OF LEGAL MATERIALS"**.  In support of this affidavit, Plaintiff will show the following:

Plaintiff has qualified for and received permission from the Pack Unit Administration to possess a "Subsequent Storage Container" to store and maintain legal materials and property.  Plaintiff states under oath that the materials stored and maintained in the "legal box" are judgments, pleadings, transcripts, attorney correspondence, notes, drafts, and exhibits that are material to curr ent or anti-cipated litigation.  Most  importantly, the legal materials are or-ganized in chronological order, by subject matter, and identified as such with notations on the outside of each folder.

In order to maintain possession of the "subsequent storage contianer", inmates are required to undergo review every 90 days. A review of the 90 day period is anticipated to take place on or about _August_ _20_, 20 _21_ .  Plaintiff is compelled to make this oath for the record whereas, in the past, TDCJ staff "weaponized" the 90 day review as a pretext in retaliation to seize legal materials, thereby stalling, impeding, precluding, hindering and otherwise undermining inmate litigation.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this

**PLAINTIFF GENTRY'S AFFIDAVIT OF LEGAL MATERIALS** has been placed in

the Pack Unit "grievance box" addressed to Warden *Fitzpatrick* on

thebelow date, and also mailed, via U.S. postal service, postage pre-

paid to  the Court in the above styled and numbered cause of action.

### unsworn declaration

My date of birth was March 1, 1943 and my i♭ mate number is

1521142.   I am presently incarcerated in the TDCJ-ID[II] Pack Unit,

Navasota, Grimes County[|] Texas 77868.   I declare, pursuant to 28

USC § 1746 that, the foregoing is true and correct under penalty of

perjury

EXECUTED On the  *11*  day of  *August*  [II] 20 *21* .

*James H. Gentry* — *8-11-2021*

James H. Gentry[|] Plaintiff herein[|] TDCJ number 1521142
Pack Prison
2400 Wallace  Pack Road
Navasota[|] Texas 77868

*James H. Gentry* — *9-19-2021*

Page 2 of 2

**EXHIBIT # 1**

**YOU ARE DENYING ME ACCESS TO THE COURTS**

**(attempt for informal resolution)**

Thursday, August 26, 2021

TO:   **DUTY WARDEN**
      Pack Prison

## YOU ARE DENYING ME ACCESS TO THE COURTS

Earlier today, at about 1000 hours, your Pack Access to Courts supervisor A. Oliver **confiscated** several hundred pages of my "legal materials" during my daily morning law library session.

Even though I asked her for a _listing_ of the files she was confiscating, she attempted to avoid the restriction on the PROP-08 (05/15) form by claiming what she was confiscating was **NOT** "legal material":

**Section II:  Confiscation Information:   "(legal material shall not be confiscated using this form.)"**

Instead of providing me a _listing_ of the confiscated documents, she calimed the stack of papers she confiscated was "19 inches high."

One of the files she confiscated was labeled:

### 2021 parole packet

Does that sound like "legal materials" to you?   She says **NOT.**

Ms. Oliver further **REFUSED** to issue me another SUBSEQUENT STORAGE CONTAINER

        If you or your appointed representative do not contact me to attempt to **informally resolve** this issue, I plan to file:

**EMERGENCY MOTION FOR DENIAL OF ACCESS TO COURTS AND RETALIATION**

**AGAINST AN INTERESTED PARTY** (and/or member of the class) in:

this court:   Honorable Judge Keith P Ellison
              U S District Court
              SOUTHERN DISTRICT OF TEXAS (Houston)
CIVIL CASE NO.  4:14-cv-1698  Cole v Collier and ALSO in
CIVIL CASE NO.  4:20-cv-01115  Valentine v Collins
Cause:  28:1983 Civil Rights

        If this issue is not resolved beforehand, I plan to deposit the abgove described **"emergency motion"** to Judge Ellison's court on or after 0300 hours on Monday, August 30, 2021 in the Pack Prison legal mail system.

        I would much **PREFER** to resolve this matter informally prior to that date and time.

Respectfully Submitted,

Jaemes H. Gentry
TDCJ # 01521142
Pack Prison
HOUSING:  B-5-14

_James H. Gentry_
8-26-2021

_James H. Gentry_
9-19-21

EXHIBIT #1

September _19_, 2021

Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION
515 Rusk
Houston, Texas 77002

United States Courts
Southern District of Texas
FILED

SEP 2 2 2021

Nathan Ochsner, Clerk of Court

      RE:    Cause of Action Number 4:14-cv-1698
          **MOTION FOR PRELIMINARY INJUNCTION**

DEAR CLERK:

Please find enclosed:

1.    **MOTION FOR PRELIMINARY INJUNCTION**
2.    **PLAINTIFF GENTRY"S AFFIDAVIT FOR LEGAL MATERIALS**
3.    **Exhibit # 1 - YOU ARE DENYING ME ACCESS TO THE COURTS**
4.    A carbon copy of this letter
5.    A self-addressed, stamped envelope

Would you please:

A.    File the items #1, #2, and #3 above in the above identified and numbered cause of action in your honorable Court;  and
B.    "File Stamp" the enclosed carbon copy of this letter
C.    Mail said "file-stamped" carbon copy of this letter to me in the enclosed self-addressed, stamped envelope?

**THANK YOU FOR YOUR PROMPT AND EFFICIENT SERVICE IN THIS MATTER**
Respectfully Requested,

_(signature)_

James H. Gentry, pro-se
TDCJ # 01521142
Pack Prison
2400 Wallace Pack Road
Navasota, Texas 77868

**EXECUTED ON THIS** _19_ **DAY OF SEPTEMBER** 2021

_(signature)_    9-19-21

September 19, 2021

Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION
515 Rusk
Houston, Texas 77002

   RE: Cause of Action Number 4:14-cv-1698
     **MOTION FOR PRELIMINARY INJUNCTION**

DEAR CLERK:

Please find enclosed:

1. MOTION FOR PRELIMINARY INJUNCTION

2. PLAINTIFF GENTRY"S AFFIDAVIT FOR LEGAL MATERIALS

#3 Exhibit # 1 - YOU ARE DENYING ME ACCESS TO THE COURTS

4. A carbon copy of this letter

5. A self-addressed, stamped envelope


Would you please:

A. File the items #1, #2, and #3 above in the above identified
  ana numbered cause of action in your honorable Court; and

B. "File Stamp" the enclosed carbon copy of this letter

C. Mail said "file-stamped" carbon copy of this letter to me
  in the enclosed self-addressed, stamped envelope?


**THANK YOU FOR YOUR PROMPT AND EFFICIENT SERVICE IN THIS MATTER**
Respectfully Requested,

James H. Gentry **pro-se**
TDCJ # 01521142
Pack Prison
2400 Wallace Pack Road
Navasota, Texas 77868

EXECUTED ON THIS 19 DAY OF SEPTEMBER 2021

       James H. Gentry 9-19-21

Gentry, James H - 1521142
Pack #rison
2400 Wallace Pack Road
Navasota, TX 77868

LEGAL
MAIL

United States Courts
Southern District of Texas
FILED

SEP 22 2021

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION
515 RUSK
HOUSTON TX 77002



AFSM 6 N Hou 773
TUE 21 SEP 2021  PM

FOREVER / USA
FOREVER / USA
FOREVER / USA
FOREVER / USA