United States District Court
Southern District of Texas
**ENTERED**
October 08, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH COLE, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 14-cv-1698 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

# ORDER

Pending before the Court is a *pro se* motion for a preliminary injunction filed by state inmate James H. Gentry, TDCJ-CID #01521142. (Docket Entry No. 1696.) Gentry complains that property officers at the Pack Unit confiscated as contraband his one-and-a-half foot stack of documents comprising "thousands of pages of legal materials." He further complains that the officers refused to provide him a second storage container for storing his current materials and the "many more thousands of pages" he anticipates accumulating during his future state habeas proceedings. According to Gentry, the officers confiscated his documents as excess "personal property" instead of "legal materials," thereby skirting their obligation to provide him a second storage container for legal materials. He received two prison disciplinary convictions for improper storage, and was sanctioned with a temporary loss of recreational and commissary privileges.

Gentry acknowledges that his current floor space cannot safely accommodate a second storage container, but argues he should be moved to a different cell with adequate floor space to handle all of his materials.  Gentry requests an injunction ordering the return of his legal materials with a second storage container and new housing sufficient to accommodate his storage containers so that he may pursue five applications for state habeas relief.

Although Gentry is a class member in this class action lawsuit (Docket Entry No. 1065, Attachment A, Tally 428), his complaints regarding confiscation of his legal materials are unrelated to the issues involved in this class action prisoner lawsuit.  In an attempt to show that his motion should be adjudicated in context of this class action lawsuit, Gentry claims, with no supporting factual allegations, that "the [officers'] actions in this matter [were] likely done in retaliation for this Honorable Court's previous rulings in this case." (Docket Entry No. 1696,  p. 1.)

The Settlement in this lawsuit establishes a mechanism for class members to raise concerns about violation of their rights under the Settlement.  Class members may inform Class Counsel of alleged violations, and Class Counsel will investigate such violations and bring them to the attention of the Court if the parties cannot resolve the dispute.  (Docket Entry No. 1188, p. 20.)  The Final Order approving the settlement in this class action states: "The Court retains jurisdiction over enforcement of the Settlement, and may address *substantiated* claims of retaliation that are directly related to the Settlement *and* raised by Class Counsel." *Id*. (emphasis added).  Gentry's motion does not establish a substantiated

claim of retaliation directly related to the Settlement in this case, nor is the claim raised by Class Counsel. Thus, the Court will not proceed with Gentry's motion in context of this class action lawsuit. Gentry sent a copy of his motion to Class Counsel. Should Gentry obtain Class Counsel's agreement to raise the claim for retaliation as a substantiated claim, the motion may be re-filed and prosecuted in this lawsuit by Class Counsel. Otherwise, Gentry must pursue his claims for retaliation and preliminary injunctive relief through a separately-filed civil lawsuit.

Accordingly, Gentry's motion for a preliminary injunction is **DISMISSED WITHOUT PREJUDICE**. This decision is limited to the Court's dismissal of Gentry's motion without prejudice as a post-settlement claim for retaliation within the context of this class action lawsuit; it does not constitute an opinion, express or implied, as to the merits of Gentry's claims.

**SIGNED** at Houston, Texas, on October 8, 2021.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE