United States District Court
Southern District of Texas
**ENTERED**
February 08, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARVIN RAY YATES,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-01698 |
| | § | |
| **BRYAN COLLIER,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This case has a lengthy history that will not be recounted here. On February 7, 2022, the Court held a hearing in response to Plaintiffs' motion requesting a hearing on issued of alleged retaliation by prison authorities. (Doc. 1859.) It took under advisement Plaintiffs' requests for documents and instructions from the Court related to the Settlement. The Court now issues this Order regarding Plaintiffs' requests.

The Final Order approving the Settlement in this class action states: "The Court retains jurisdiction over enforcement of the Settlement, and may address substantiated claims of retaliation that are directly related to the Settlement and raised by Class Counsel." Doc. 1188 at 20. To determine whether claims of retaliation are substantiated, Class Counsel must have reasonable access to information in Defendants' possession. With respect to the current allegations of uninhabitably cold temperatures in the F Wing of the Estelle Unit, the Court finds that the documents Plaintiffs request are reasonably limited and relevant to determine the veracity of class members' alleged complaints.

Therefore, the Court **ORDERS** as follows:

- Defendants must respond to Class Counsel's inquiries when it seeks objective information in Defendants' possession to determine whether class members' claims of retaliation directly related to the Settlement are substantiated. Class Counsel must narrowly limit its requests for information to this purpose.
- To the extent they have not done so already, Defendants must instruct current and future TDCJ personnel that the Settlement is limited to the period between April 15 and October 15 each year, Doc. 1188 at 5. The Settlement does not prevent appropriate heating during the winter months to prevent uncomfortably cold temperatures.
- By February 18, 2022, Defendants must produce to Class Counsel:
    - (1) The records from the Kestrel device from January 1, 2022, to the present;
    - (2) The Kestrel data used to determine the minimum, maximum, and average temperatures Defendants reported in their February 2, 2022, investigation (Doc. 1859-3); and
    - (3) Confirmation whether, and to what extent, Defendants have trained Texas Department of Criminal Justice ("TDCJ") officers on the scope of the Settlement, including its limited application to the period between April 15 and October 15 annually.
- By March 4, 2022, Class Counsel should submit a status report on the results of its investigation, or if appropriate, present to the Court any substantiated claims of retaliation directly related to the Settlement.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on February 7, 2022.

_____
Keith P. Ellison
United States District Judge