United States District Court
Southern District of Texas

**ENTERED**

July 15, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KEITH COLE,** *et al.,* | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:14-CV-01698** |
| | § | |
| **BRYAN COLLIER,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Pending before the Court is the *pro se* motion for sanctions filed by state inmate Ronald Lee Alexander, TDCJ-CID #830441. (Docket Entry No. 2027.) The Court could not locate Alexander by name or TDCJ-CID # on the list of class members in this class action lawsuit. (*See generally* Docket Entry No. 1065.)

Alexander claims that this Court's final judgment required that "all prison units . . . be equipped with A/C." (Docket Entry No. 2027, p. 1.) He requests that the Court sanction Defendants because they have failed to equip all prison units with air conditioning.

The Court's jurisdiction in this matter remains limited in scope. The settlement in this lawsuit establishes a mechanism for class members to raise concerns about violation of their rights under the Settlement. Class members may inform Class Counsel of alleged violations, and Class Counsel will investigate such violations and bring them to the attention of the Court if the parties cannot resolve the dispute. (Docket Entry No. 1188, p. 20.) The Final Order approving the settlement in this class action explicitly states: "The Court retains jurisdiction over

1 / 2

enforcement of the Settlement, and may address *substantiated* claims of retaliation that are directly related to the Settlement *and* raised by Class Counsel." *Id.* (emphasis added).

The Court must deny Alexander's motion. First, Alexander misrepresents the Court's Final Judgment, which applies only to the members of this class—not "all prison units," as Alexander alleges.[1] (*See generally* Docket Entry No. 1188.) Second, Alexander does not appear to be a class member. Finally, even if Alexander could verify his membership in the class, his motion does not establish a substantiated claim of retaliation directly related to the Settlement in this case, nor is the claim raised by Class Counsel. Accordingly, Alexander's motion for sanctions is **DISMISSED WITHOUT PREJUDICE**.

As the Court has stated both in formal Orders, *see, e.g.*, Docket Entry Nos. 1733, 1826, 1869, 1940, and informal responses to letters it has received from class members and other interested individuals, those who wish to pursue claims regarding conditions of confinement unrelated to this litigation must do so through a separate, properly filed lawsuit in a court of appropriate jurisdiction.

Signed at Houston, Texas on July 13, 2022.

Keith P. Ellison
United States District Judge

---

[1] The class includes individuals who housed at the Pack Unit between July 19, 2017, and August 8, 2017, or were living at the Pack Unit on March 6, 2018; who remain in the custody of the Texas Department of Criminal Justice; and who have not opted out of the class.