United States District Court
Southern District of Texas
**ENTERED**
July 20, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KEITH COLE,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-01698 |
| | § | |
| **BRYAN COLLIER,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is a *pro se* Motion for Contempt filed by state inmate Eddie Bartie, TDCJ-CID #1022319. (Docket Entry No. 2029.) Bartie alleges that he is a class member in this class action lawsuit, but the Court could not locate Bartie by name or TDCJ-CID # on the list of class members. (*See generally* Docket Entry No. 1065, Attachment A).

Bartie seeks a contempt order against Defendant Bryan Collier for failing to relocate inmates each summer, denying diet meals to alleged class members, housing alleged class members with "mixed custody offenders," denying alleged class members "programmatic and non-programmatic" activities, failing to provide ice water all day at the William P. "Bill" Clements Unit, and failing to issue ice water in-cell in the "D-Wing" and "J-Wing" every two hours.

The Court's jurisdiction in this matter remains limited in scope. The settlement in this lawsuit establishes a mechanism for class members to raise concerns about violation of their rights under the Settlement. Class members may inform Class Counsel of alleged violations, and Class Counsel will investigate such violations and bring them to the attention of the Court if the parties cannot resolve the dispute. (Docket Entry No. 1188, p. 20.) The Final Order approving the

settlement in this class action explicitly states: "The Court retains jurisdiction over enforcement of the Settlement, and may address *substantiated* claims of retaliation that are directly related to the Settlement *and* raised by Class Counsel." *Id*. (emphasis added).

The Court must deny Bartie's motion. First, Bartie does not appear to be a class member.[1] Second, even if Bartie could verify his membership in the class, his motion does not establish a substantiated claim of retaliation directly related to the Settlement in this case, nor is the claim raised by Class Counsel. Accordingly, Bartie's Motion for Contempt is **DISMISSED WITHOUT PREJUDICE**.

As the Court has repeatedly stated both in formal Orders, *see*, *e.g.*, Docket Entry Nos. 1733, 1826, 1869, 1940, 2028, and informal responses to letters it has received from class members and other interested individuals, incarcerated persons with concerns or complaints regarding conditions of confinement can file grievances through procedures posted at their units. Any claim for judicial relief from the courts must be pursued through a separate, properly filed lawsuit in a court of appropriate jurisdiction after exhausting available administrative procedures.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 20, 2022.

_Keith P. Ellison_
Keith P. Ellison
United States District Judge

---

[1] The class includes individuals who housed at the Pack Unit between July 19, 2017, and August 8, 2017, or were living at the Pack Unit on March 6, 2018; who remain in the custody of the Texas Department of Criminal Justice; and who have not opted out of the class.